## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   ARTHUR COPELAND, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-00564-TCK-JFJ |
| | ) | |
| (1)   C.A.A.I.R., Inc., a domestic not | ) | |
| For profit corporation, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants, CAAIR, Inc., Janet Wilkerson, Don Wilkerson, and Jim Lovell ("Defendants") deny each and every allegation contained in Second Amended Complaint ("Complaint") except as to any such allegation hereinafter specifically admitted. For further Answer, Defendants allege and state as follows:

### AN OVERVIEW OF CAAIR

CAAIR is a voluntary, long term (12-month) recovery center located near Jay, Oklahoma. The mission of CAAIR is to give men a second chance in life. CAAIR was incorporated as a not-for-profit organization in June 2008 for the purpose of assisting drug addicts and alcoholics recover and become productive members of society. It is designed for men who want help but cannot afford to pay thousands of dollars for a treatment or recovery center. CAAIR does not receive any state or federal funding or grants. It is funded solely by the clients working at local work providers.

The program provides the men spiritual, physical, mental, and emotional support during their recovery journey. CAAIR believes that recovery is a lifelong process that cannot be rushed. The men are provided with the tools for long-term sobriety so they can become good family members, good employees, and good community members for the rest of their lives.

CAAIR has a staff of 22, of whom 13 are graduates of the program. The staff is dedicated to helping the men focus on the structure of the program at CAAIR. They all have compassion for the men and a desire to help them succeed. Currently, all the staff, except for two, are recovering addicts or alcoholics. The counselor and addiction educators are also recovering addicts.

Most of CAAIR's clients come from court referrals. The courts will give prospective clients a list of recovery centers to choose from, rather than incarcerate them. If a prospective client calls CAAIR, there is an intensive interview process to determine if he meets the criteria to be admitted to the recovery center. A CAAIR representative explains to him about the program in detail and what to expect if he is accepted. It is also a time for the prospective client to ask any questions about the program. If he is accepted into the program, either a family member will bring him to the center or a CAAIR representative will go pick him up.

To be accepted to CAAIR, the applicants must want help with their addiction, have no violent or sexual charges, and be physically fit and able to work. There is no charge for the men to participate in the program. They pay for their stay at the facility by working at local work providers. Working is part of their recovery process, as it helps provide structure in their lives. It also teaches the men workplace skills such as communication, teamwork, and accountability.

During the first two weeks of the program, the men attend an intensive 12-step class each morning and afternoon. This time gives them a solid foundation to start the 12 steps of Alcoholics Anonymous ("AA") and/or Narcotics Anonymous ("NA"). During these two weeks, they also go through New Client Orientation. In orientation, the admission packet is reviewed again with the client to ensure they understand what they signed when they first arrived at

CAAIR.  It also gives them the opportunity to ask questions about the program.  After those two weeks, the men are given work, either onsite at CAAIR or at a work provider.

Upon graduation, the clients are offered full-time employment by the work providers, if the men have been good workers while there. This is a great opportunity for the men because most of them have felony convictions and have a difficult time finding employment.  CAAIR also gives each graduate a $1,000 gift to help them get started back in life.

In addition to working, the clients are required to attend AA or NA meetings four nights per week, one hour of Bible study on Wednesday nights, and one hour of church on Sundays.  In addition to the AA or NA meetings, the following are required classes throughout the week:

- Drug Education – 12 weeks
- Anger Management – 12 weeks
- GED (HISET) classes if they do not have a high school diploma.

The following are offered to the men as elective classes:

- Parenting – (initially through the Oklahoma Marriage Initiative, but continued by CAAIR)
- Men's Fraternity – teaches the men to be good husbands, fathers, and sons
- Bridges of Hope – covers skills such as filling out applications, interviewing, and budgeting
- Various Mini Classes (typically two weeks) taught by John Brown University out of Siloam Springs, Arkansas, including Workplace Skills, Communication Skills, and Building Relationships.

The men can volunteer for community service while in the program.  Most of them are required by the courts to have some community service hours.  When a church, another not-for-profit organization, an elderly person in the community, or an individual needs help for a day, a sign-up sheet is placed in each dorm for the clients to volunteer for community service.

While at CAAIR, the men also are required to attend counseling sessions in both individual and group settings.  During the last month of their stay at CAAIR, they must develop a "Life After CAAIR" relapse prevention plan.  This plan helps them focus on where they will be

living, where they will be working, where they will attend AA or NA meetings, and who will be their support team.

CAAIR exists to help men learn to live clean and sober lives.  The center provides everything the clients need, but they must bring the "want to."  If they have the desire to change their lives, the staff will support and help them in every way possible.  The greatest outcome is to see men find a peace and serenity that they cherish and want to have for the rest of their lives. Then, they can be reunited with their families and become successful at the work place and in their churches and communities.

## DEFENDANTS' RESPONSE TO PLAINTIFFS' DEFAMATORY ALLEGATIONS

Plaintiffs have intentionally pled dishonest allegations in order to paint a false picture of CAAIR, and its officers and employees, in order to make headlines. Defendants vehemently deny the offensive and defamatory allegations that CAAIR subjected clients to slavery or involuntary servitude.

CAAIR, with the help of Simmons and other upstanding businesses, has given many men the opportunity to regain control of their lives. CAAIR has always cared deeply about the men who have participated in the CAAIR program. CAAIR wants every client to succeed and become a productive member of society. CAAIR has never threatened any client. Nor has CAAIR ever forced any client to remain at CAAIR. Many clients have completed the CAAIR program and expressed their gratitude for CAAIR and its staff, as well as for Simmons and the other work providers who gave them a chance. CAAIR is steadfastly committed to helping men whose lives are in turmoil due to addiction.

## ANSWER TO PLAINTIFFS' ALLEGATIONS

1.      Defendants deny the allegations in paragraph 1 of the Complaint.

2.      With regards to paragraph 2 of the Complaint, Defendants admit that some of Plaintiffs performed labor in poultry and pet food plants, but deny that each Plaintiff did so. Defendants are without sufficient information to admit or deny the allegation about the conditions or nature of the labor, therefore it is denied.

3.      Defendants admit that CAAIR did not pay Plaintiffs wages because Plaintiff's were not employed by CAAIR. CAAIR provided housing, food, clothing, education, counseling, and other benefits while the Plaintiffs were in the CAAIR recovery program. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Complaint.

6.      Defendants deny that Plaintiffs are entitled to unpaid wages, and deny that CAAIR engaged in illegal activity. The remainder of paragraph 6 of the Complaint does not contain any factual allegations to which a response is warranted.

7.      Defendants admit that Plaintiffs stayed at CAAIR's dormitories near Jay, Oklahoma. Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8.      Defendants deny that it is a work camp, that CAAIR threatened Plaintiff Copeland with incarceration, or that Copeland was not offered counseling as alleged in paragraph 8 of the Complaint. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Copeland encountered at Simmons, therefore deny same. Defendants are without sufficient information to admit or deny Copeland's beliefs, therefore deny same. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9.      Defendants deny that CAAIR is a work camp that threatened Plaintiff Spurgin with incarceration, or that CAAIR fraudulently kept workers compensation payments. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Spurgin encountered at Simmons, therefore deny same. Defendants are without sufficient information to admit or deny Spurgin's beliefs, therefore deny same. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.      Defendants deny that CAAIR is a work camp that threatened Plaintiff McGahey with incarceration. Defendants are without sufficient information to admit or deny McGahey's beliefs, therefore deny same. Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11.      Defendants deny that CAAIR is a work camp that threatened Plaintiff McGahey with incarceration. Defendants are is without sufficient information to admit or deny the allegations pertaining to the conditions that McGahey encountered at Simmons, therefore they are denied. Defendants deny the remaining allegations in paragraph 11 of the Complaint.

12.      Defendants admit that CAAIR provided for Plaintiff McGahey's medical care and that McGahey hired a lawyer to obtain disability payments through workers compensation. Defendants deny the statements attributed to CAAIR. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 12 of the Complaint, therefore they are denied.

13.      Paragraph 13 of the Complaint contains no factual allegations to which a response is warranted.

14.     Defendants deny the allegations in paragraph 14 of the Complaint to the extent they are directed at them. Defendants are is without sufficient information to admit or deny the remaining allegations in paragraph 14, therefore they are denied.

15.     Defendants deny that CAAIR does any "business," but admit the remaining allegations in paragraph 15 of the Complaint.

16.     Defendants admit CAAIR contracts with Simmons Foods. Defendants are is without sufficient information to admit or deny the remaining allegations in paragraph 16 of the Complaint.

17.     Defendants admit CAAIR contracts with Simmons Pet Food. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants admit the allegations in paragraph 18 of the Complaint.

19.     Defendants admit the allegations in paragraph 19 of the Complaint.

20.     Defendants admit the allegations in paragraph 20 of the Complaint.

21.     Defendants admit the allegations in paragraph 21 of the Complaint.

22.     Defendants admit the Court has jurisdiction over the FLSA claims.

23.     Defendants admit the Court has jurisdiction over the federal law claims.

24.     Defendants admit the Court has jurisdiction over the federal law claims.

25.     Defendants admit the Court has discretionary jurisdiction over the state law claims.

26.     Defendants admit that CAFA jurisdictional requirements are met, but deny that Plaintiffs are entitled to any damages.

27.     Defendants admit that personal jurisdiction exists, but deny that CAAIR contracted or transmitted unlawful labor as alleged in paragraph 27 of the Complaint.

28.     Defendants admit the court has jurisdiction over the parties, and that CAAIR is a citizen of Oklahoma, but deny the remaining allegations in paragraph 28 of the Complaint.

29.     Defendants admit that venue is proper in this district.

30.     Defendants admit that venue is proper in this district, but deny the remaining allegations in paragraph 30 of the Complaint.

31.     Defendants admit that CAAIR is a long-term drug and alcohol recovery program, and that it is not certified as a treatment provider by the ODMHSAS because it does not provide treatment.

32.     Defendants admit that CAAIR is not a treatment provider as defined by the ODMHSAS and Title 43A, and that CAAIR does not provide treatment to its clients. CAAIR is a long-term recovery program. The allegations regarding interpretation and application do not warrant a response, but are nonetheless denied.

33.     Defendants admit that CAAIR never intended to become a treatment provider, because it is a recovery program. Defendants admit that CAAIR was founded by Janet Wilkerson, Donald Wilkerson, Rodney Dunnam, and Louise Dunnam. Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34.     Defendants admit that many of CAAIR's clients are referred by Oklahoma drug courts, and that the clients are not paid wages while they are in the program because the clients are not employed by CAAIR. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

8

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants admit that Janet Wilkerson it CAAIR's CEO, and that CAAIR provides clients to Simmons under their contract. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

42.     Paragraph 42 of the Complaint does not contain any factual allegations to which a response is warranted.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

47.     Paragraph 47 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

48.     Paragraph 48 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

49.     Paragraph 49 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

50.     Paragraph 50 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

51.     Paragraph 51 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

52.     Paragraph 52 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

53.     Paragraph 53 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims or that the numerosity requirement is met.

54.     Paragraph 54 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims or that the adequacy requirement is met.

55.     Paragraph 55 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims or that the commonality requirement is met.

56.     Paragraph 56 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims. CAAIR alleges that individual questions will predominate.

57.     Paragraph 57 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that any class is appropriate for these claims.

62.[1]     Defendants adopt and incorporate by reference its responses above.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

---

[1] The Complaint does not have any paragraphs numbered 58-61.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint does not contain any factual allegations to which a response is warranted.

68.     Defendants adopt and incorporate by reference its responses above.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants admit that it did not pay Plaintiffs any wages because they were not employees. Defendants deny the remaining allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint does not contain any factual allegations to which a response is warranted.

75.     Defendants adopt and incorporate by reference its responses above.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint does not contain any factual allegations to which a response is warranted.

79.     Defendants adopt and incorporate by reference its responses above.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants adopt and incorporate by reference its responses above.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint does not contain any factual allegations to which a response is warranted.

91.     Defendants adopt and incorporate by reference its responses above.

92.     Defendants admit that it did not pay Plaintiffs any wages because they were not employees. Defendants deny the remaining allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint does not contain any factual allegations to which a response is warranted.

95.     Defendants adopt and incorporate by reference its responses above.

96.     Defendants admit that it did not pay Plaintiffs any wages because they were not employees. Defendants deny the remaining allegations in paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Paragraph 98 of the Complaint does not contain any factual allegations to which a response is warranted.

99.     Defendants adopt and incorporate by reference its responses above.

100.    Defendants admit that CAAIR did not pay Plaintiffs any wages because they were not employees. Defendants deny the remaining allegations in paragraph 100 of the Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint does not contain any factual allegations to which a response is warranted.

103.    Defendants adopt and incorporate by reference its responses above.

104.    Defendants admit that CAAIR did not pay Plaintiffs any wages because they were not employees. Defendants deny the remaining allegations in paragraph 104 of the Complaint.

105.    Defendants deny the allegations in paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint does not contain any factual allegations to which a response is warranted.

107.    Defendants adopt and incorporate by reference its responses above.

108.    Defendants admit that CAAIR did not pay Plaintiffs any wages because they were not employees. Defendants deny the remaining allegations in paragraph 108 of the Complaint.

109.    Defendants deny the allegations in paragraph 109 of the Complaint.

110.    Defendants deny the allegations in paragraph 110 of the Complaint.

111.    Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Defendants deny the allegations in paragraph 112 of the Complaint.

113.    Defendants adopt and incorporate by reference its responses above.

114.    Defendants admit that CAAIR is an employer, but deny that CAAIR employed Plaintiffs or any of its clients while they were in the program. Defendants deny the remaining allegations in paragraph 114 of the Complaint.

115.    Defendants deny the allegations in paragraph 115 of the Complaint.

116.    Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Defendants deny the allegations in paragraph 117 of the Complaint.

118.    Defendants adopt and incorporate by reference its responses above.

119.    Paragraph 119 of the Complaint does not contain any factual allegations to which a response is warranted.

120.    Paragraph 120 of the Complaint does not contain any factual allegations to which a response is warranted.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    Defendants deny the allegations in paragraph 122 of the Complaint.

123.    Paragraph 123 of the Complaint does not contain any factual allegations to which a response is warranted.

124.    Defendants deny the allegations in paragraph 124 of the Complaint.

125.    Defendants deny the allegations in paragraph 125 of the Complaint.

126.    Paragraph 126 of the Complaint does not contain any factual allegations to which a response is warranted.

127.    Defendants deny the allegations in paragraph 127 of the Complaint.

128.    Defendants deny the allegations in paragraph 128 of the Complaint.

129.    Defendants adopt and incorporate by reference its responses above.

130.    Paragraph 130 of the Complaint does not contain any factual allegations to which a response is warranted.

131.    Paragraph 131 of the Complaint does not contain any factual allegations to which a response is warranted.

132.     Paragraph 132 of the Complaint does not contain any factual allegations to which a response is warranted.

133.     Defendants deny the allegations in paragraph 133 of the Complaint.

134.     Defendants deny the allegations in paragraph 134 of the Complaint.

135.     Paragraph 135 of the Complaint does not contain any factual allegations to which a response is warranted.

136.     Defendants deny the allegations in paragraph 136 of the Complaint.

137.     Defendants deny the allegations in paragraph 137 of the Complaint.

138.     Defendants adopt and incorporate by reference its responses above.

139.     Paragraph 139 of the Complaint does not contain any factual allegations to which a response is warranted.

140.     Defendants deny the allegations in paragraph 140 of the Complaint.

141.     Defendants deny the allegations in paragraph 141 of the Complaint.

142.     Paragraph 142 of the Complaint does not contain any factual allegations to which a response is warranted.

143.     Defendants deny the allegations in paragraph 143 of the Complaint.

144.     Defendants deny the allegations in paragraph 144 of the Complaint.

145.     Defendants deny the allegations in paragraph 145 of the Complaint.

146.     Defendants adopt and incorporate by reference its responses above.

147.     Paragraph 147 of the Complaint does not contain any factual allegations to which a response is warranted.

148.     Paragraph 148 of the Complaint does not contain any factual allegations to which a response is warranted.

149.    Paragraph 149 of the Complaint does not contain any factual allegations to which a response is warranted.

150.    Defendants deny the allegations in paragraph 150 of the Complaint.

151.    Defendants deny the allegations in paragraph 151 of the Complaint.

152.    Defendants deny the allegations in paragraph 152 of the Complaint.

153.    Defendants deny the allegations in paragraph 153 of the Complaint.

154.    Paragraph 154 of the Complaint does not contain any factual allegations to which a response is warranted.

155.    Paragraph 155 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

156.    Paragraph 156 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

157.    Paragraph 157 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

158.    Paragraph 158 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

159.    Paragraph 159 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

160.    Paragraph 160 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

161.    Paragraph 161 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

162.     Paragraph 162 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

163.     Paragraph 163 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

164.     Paragraph 164 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

165.     Paragraph 165 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

166.     Paragraph 166 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

167.     Paragraph 167 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

168.     Paragraph 168 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

169.     Paragraph 169 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

170.     Paragraph 170 of the Complaint does not contain any factual allegations to which a response is warranted. Defendants deny that Plaintiffs are entitled to any of the relief they seek.

## <u>DEFENSES</u>

1.     Plaintiffs' Complaint fails to state a claim for relief or cause of action against these Defendants.

2.     Plaintiffs' and/or putative class members' claims may be barred by the applicable statute of limitations, statute of repose, or laches.

3. Plaintiffs' and/or putative class members' claims may be barred by the doctrine of unclean hands, estoppel, consent, or waiver.

4. Plaintiffs' Complaint fails to state facts sufficient to define an ascertainable class.

5. The causes of action contained in Plaintiffs' Complaint are barred because any damages or injuries sustained by Plaintiffs were proximately caused by Plaintiffs' own acts or omissions.

6. The class action allegations in Plaintiffs' Complaint are barred because representative Plaintiffs' claims are not typical of claims of the entire class and are subject to unique defenses by these Defendants.

7. The class action allegations pled in Plaintiffs' Complaint are barred because facts unique to each class member predominate over facts common to the entire putative class.

8. Plaintiffs' claims may be preempted in whole or in part by Federal and/or State Statutes and Regulations.

9. Plaintiffs' claims against CAAIR are barred to the extent CAAIR is not an employer, neither Plaintiffs nor any putative class members were ever employees of CAAIR, and therefore wage laws governing employees are inapplicable.

10. Plaintiffs' Complaint fails to state a claim for relief for punitive damages.

11. Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates these Defendants' right to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitutions of Oklahoma, Arkansas, and/or Missouri in that:

A.     The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten the deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

B.     The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures and any statutory limitations;

C.     The introduction of evidence of financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of injury;

D.     Applicable law does not place a reasonable constraint on the jury's discretion when considering punitive damages;

E.     Applicable law does not provide sufficient post-trial procedures and standards, at the District Court level, for scrutinizing a punitive damage award;

F.     Applicable law is not sufficiently established for adequate appellate review of punitive damage awards.

12.     Plaintiffs' Complaint, to the extent it seeks punitive damages, violates this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitutions of Oklahoma, Arkansas, and/or Missouri.

13.     Plaintiffs' Complaint, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitutions of Oklahoma, Arkansas, and/or Missouri.

14.     To the extent this Court determines punitive damages are permitted under the Constitution of the United States of America and the Constitutions of Oklahoma, Arkansas, and/or Missouri, Defendant asserts that said damages are governed by the requirements and

limitations placed upon punitive damages established by Oklahoma, Arkansas, and/or Missouri state law, including but not limited to any statutory limits on the amount of punitive damages.

15.     In the event this Defendant is found liable to the Plaintiffs herein, any such liability being expressly denied, then Defendant states that it is entitled to set-off or credit for the value of all services, accommodations, goods, and benefits provided to Plaintiffs.

16.     Plaintiffs and members of the putative class would be unjustly enriched and given a windfall if awarded any damages for unpaid wages.

17.     Defendants acted in good faith, and upon reasonable grounds, in all dealings with Plaintiffs.

18.     In the event these Defendants are found liable to the Plaintiffs herein, any such liability is based upon a bona fide dispute of fact and application of law.

19.     Plaintiffs' alleged damages may be the result of pre-existing conditions or other causes unrelated to these Defendants.

20.     Plaintiffs' alleged damages may be the result of actions of other persons not under these Defendants' control.

21.     Plaintiffs may have failed to mitigate their damages.

22.     Plaintiffs may lack standing to pursue their claims.

23.     Plaintiffs may be exempt from wage and hour laws.

24.     These Defendants adopt and assert all defenses and protections provided by the minimum wage laws of Oklahoma, Arkansas, and/or Missouri.

25.     Plaintiffs failed to join indispensable parties.

26.     Plaintiffs and/or members of the putative class may have released these Defendants from liability.

27.     Arkansas or Missouri law may be applicable to some claims or damages.

28.     Plaintiffs' non-economic damages may be limited by 23 O.S. § 61.2 or any statutory damage cap in force in Arkansas and/or Missouri.

29.     Some work performed by Plaintiffs may have been de minimis.

30.     These Defendants may be entitled to qualified immunity.

31.     Plaintiffs' damages may be the result of their own voluntary conduct.

32.     Plaintiffs' claims against these Defendants are barred to the extent Plaintiffs have no employment relationship with these Defendants.

33.     Plaintiffs' claims are barred in whole or in part to the extent the work they performed falls within exemptions or exceptions provided under the Fair Labor Standards Act or the Oklahoma. Arkansas, and/or Missouri minimum wage statutes.

34.     These Defendants did not willfully violate the Fair Labor Standards Act, the Oklahoma. Arkansas, and/or Missouri minimum wage statutes, or any other applicable law.

35.     Plaintiffs' claims for liquidated damages under the Oklahoma. Arkansas, and/or Missouri minimum wage statutes fail because CAAIR acted in good faith and had reasonable grounds for believing that its alleged acts or omissions were not a violation of these laws.

36.     Some or all of Plaintiffs' claims are barred by the doctrine of payment.

37.     These Defendants deny that Plaintiffs' Complaint properly sets forth a class action complaint under Fed. R. Civ. Proc. 23 and deny that Plaintiffs are entitled to class certification.

38.     These Defendants reserve the right to amend or modify its Answer upon the completion of discovery.

39.     These Defendants adopt, incorporate, and assert any defenses raised or asserted by other Defendants to this action that are also applicable to these Defendants.

WHEREFORE, premises considered, Defendants, CAAIR, Inc., Janet Wilkerson, Don Wilkerson, and Jim Lovell., pray that they be dismissed from this cause of action, or else have judgment rendered in their favor, with its costs and attorneys' fees expended herein and for any and all other relief as the Court may deem just and proper.

Respectfully submitted,


/s/Randall E. Long
Denelda L. Richardson, OBA #20103
Randall E. Long, OBA #22216
Michael P. Robertson, OBA #32551
Rhodes Hieronymus Jones Tucker & Gable, PLLC
P. O. Box 21100
Tulsa, OK 74121-1100
918.582.1173 (Phone)
918.592.3390 (Facsimile)
drichardson@rhodesokla.com
rlong@rhodesokla.com
**Attorneys for Defendant CAAIR, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of January 2018, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel Smolen
David Warta

and

Carey James
Randall Aiman-Smith
Reed W.L. Marcy
Hallie Von Rock
Brent Robinson
***Attorneys for Plaintiffs***

Christopher Thrutchley
Amy Stipe
Justin Lollman
Philip Hixon
John David Russell
***Attorneys for Defendants, Simmons Foods, Inc. and Simmons Pet Food, Inc.***

/s/Randall E. Long
Randall E. Long