# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ARTHUR COPELAND, et al., | )<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>)<br>) |
| (1) C.A.A.I.R., INC.,<br>    a not-for-profit corporation,<br>(2) SIMMONS FOODS, INC.,<br>(3) SIMMONS PET FOOD, INC., et al., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Case No. 4:17-cv-00564-TCK-JFJ

## JOINT STATUS REPORT

**Jury Demanded**: ☒ Yes ☐ No

**I.     Summary of Claims**: Plaintiffs allege that Defendants conspired to profit from a vulnerable workforce under the guise of providing alcohol and drug counseling and rehabilitation services to Plaintiffs and Putative Class Members. Plaintiffs performed taxing, manual labor for the benefit of Defendants in poultry and pet food processing plants. Plaintiffs allege that Defendants failed to pay them any compensation whatsoever for the work they performed, in violation of state and federal law. Defendants further subjected Plaintiffs to the threat of incarceration if they refused or were physically unable to perform the free labor. Defendants established and maintained a labor camp designed to generate profit and business advantages based on the exploitation of the susceptible workforce.

Plaintiffs allege causes of action for breach of contract, fraud, unjust enrichment, violations of the Fair Labor Standards Act, the Racketeer Influenced and Corrupt

{1788088;}

Organizations Act, the Oklahoma Protection of Labor Act, the Oklahoma Minimum Wage Act, Arkansas minimum wage and overtime law, Missouri minimum wage and overtime law, Oklahoma's Human Trafficking statutes, the Trafficking Victims Protection Reauthorization Act, and the prohibition of involuntary servitude set forth in the Thirteenth Amendment to the U.S. Constitution.

Plaintiffs seek to recover, on behalf of themselves and the Putative Class Members, all unpaid wages and other damages allowed as a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and as a nationwide collective action pursuant to 29 U.S.C. § 216(b) of the FLSA. Plaintiffs also seek equitable relief on behalf of current and future employees of Defendants, to prohibit such illegal conduct in the future.

    A.    <u>Claims to be Dismissed</u>: None.

**II.**    **Summary of Defenses**:

    A.    <u>Summary of CAAIR's Defenses</u>:

CAAIR is a voluntary, long term, faith-based addiction recovery program designed to give men a second chance in life. CAAIR, a not-for-profit organization, assists drug addicts and alcoholics to recover from addiction and become productive members of society. The program provides the men spiritual, physical, mental, and emotional support during their recovery journey. The men are provided with counseling, education and tools for long-term sobriety so they can become good family members, good employees, and good community members. CAAIR's program is designed for men who cannot afford to pay thousands of dollars for a treatment or recovery center. There is no charge for the men to

participate in the program. They pay for their stay at the facility by working at local work providers. Working is part of their recovery process, as it helps provide structure in their lives. It also teaches the men workplace skills such as communication, teamwork, and accountability. CAAIR receives no state or federal funding. Most of CAAIR's clients come from drug court referrals. When Plaintiffs arrived at CAAIR, they were told all of the details of the program, including the requirement that they work to pay for their recovery. Plaintiffs understood that they were not CAAIR employees and would never be paid wages for any work performed during the program. Plaintiffs were free to leave the program at any time. CAAIR never coerced any client to stay at CAAIR. CAAIR never threatened any client with incarceration.

      CAAIR does not owe wages under any state or federal law because its clients are not employees. Plaintiffs never had an expectation that they would be compensated for work performed in the program. Plaintiffs specifically disclaimed an employment relationship with CAAIR upon entry into the program. CAAIR acted with a good faith belief that its clients were not employees for purposes of wage laws.

      A class or collective action is inappropriate because Plaintiffs' claims are not typical of claims of the entire class and are subject to unique defenses. Facts unique to each class member predominate over facts common to the entire putative class.

      In the event CAAIR is liable to Plaintiffs, CAAIR is entitled to set-off or credit for the value of all services, lodging, accommodations, food, counseling, education, transportation, medical/dental/vision care, goods, benefits, and cash that may have been

provided to Plaintiffs during and after their participation in CAAIR's recovery program. Plaintiffs would be unjustly enriched if awarded any damages for unpaid wages.

Many of the Plaintiffs have alleged time-barred claims. Plaintiffs' claims may be barred by waiver, estoppel, consent, payment, and release. Plaintiffs' non-economic damages may be limited by 23 O.S. § 61.2 or any statutory damage cap in force. Plaintiffs failed to join indispensable parties.

CAAIR reserves all defenses stated in its answer.

B.      Summary of Simmons' Defenses:

For several years, Simmons has partnered with CAAIR to help give a second chance to those struggling with drug and alcohol addiction. Simmons does not participate in the CAAIR program to enrich itself or to exploit a vulnerable source of labor. It does so because the company's leadership genuinely believes that criminal offenders deserve a second chance, that prison is failing those who struggle with addiction, and that the CAAIR program actually works. Neither Simmons nor CAAIR profits from the Plaintiffs' labor. Simmons pays CAAIR market rate for the Plaintiffs' work, and CAAIR uses that money to continue providing its desperately needed services. It's because of this arrangement that CAAIR can offer its services free of charge to indigent criminal offenders, like many of the Plaintiffs, who cannot afford other residential, addiction-recovery programs.

Plaintiffs' FLSA and state-wage claims fail because Plaintiffs were not "employees" of Simmons during their time in the CAAIR program. Plaintiffs are criminal offenders who enrolled in CAAIR and performed work at Simmons for their own benefit without any

promise or expectation of compensation. Based on these facts alone, Plaintiffs' federal and state wage claims fail as a matter of law.

Plaintiffs forced-labor and involuntary-servitude claims are equally unavailing. Plaintiffs chose to participate in the CAAIR program, and thus to work at Simmons, as an alternative to prison. If Plaintiffs didn't like the work-based recovery program, they could have quit at any time. That their failure to complete the program would've resulted in a lengthy prison term does not mean their labor was unlawfully coerced. Alternatively, Plaintiffs' forced-labor and involuntary-servitude claims should be dismissed for failure to join a necessary and indispensable party, namely, the State of Oklahoma.

Plaintiffs' unjust enrichment claim fails because they cannot show that Simmons accepted and retained the benefit of their labor under unjust circumstances. To make this showing, Plaintiffs must show they had a reasonable expectation of compensation for the benefit conferred, and Simmons did not pay for that benefit. Here, Plaintiffs can show neither.

A class or collective action is inappropriate because Plaintiffs' claims are not typical of claims of the entire class and are subject to unique defenses. Facts unique to each class member predominate over facts common to the entire putative class.

In the event Simmons and CAAIR are held jointly liable to Plaintiffs, Simmons is entitled to set-off or credit for the value of all services, lodging, accommodations, food, counseling, education, transportation, medical/dental/vision care, goods, benefits, and

cash that may have been provided to Plaintiffs during and after their participation in the CAAIR program.

Many of the Plaintiffs have alleged time-barred claims. Plaintiffs' claims may be barred by waiver, estoppel, consent, payment, and release. Plaintiffs' non-economic damages may be limited by 23 O.S. § 61.2 or any statutory damage cap in force.

    C.    <u>Defenses to be Abandoned</u>: None

**III.** **Motions Pending** (Include Docket Number, Description and Date at Issue):

Simmons' Motion to Dismiss (Dkt. No. 49)

**IV.** **Stipulations**:

    A.    Jurisdiction Admitted: ☒ Yes    ☐ No (If no, explain.)

    B.    Venue Appropriate: ☒ Yes    ☐ No (If no, explain.)

    C.    Facts: None

    D.    Law: None

**V.** **Proposed Deadlines**:

Plaintiffs seek to certify a proposed collective action under the Fair Labor Standards Act ("FLSA") with respect to their minimum wage and overtime claims (Counts 1 and 2) and a Rule 23 class action as to their remaining 13 claims (Counts 3 through 15).

**The parties agree** the discovery framework and schedule proposed below appropriately takes into account the Court's resolution of the following motions and on managing the various stages of the case in a manner that is most efficient and cost-effective:

    (A)    Simmons' Motions to Dismiss;
    (B)    Plaintiffs' Motion for Conditional Certification of an FLSA collective action;

(C) Defendants' Motion for Decertification of the FLSA collective action (if the Court denies Simmons' Motion to Dismiss and grants Plaintiffs' Motion for Conditional Certification);
(D) Plaintiffs' and Defendants' Motions for Summary Judgment;
(E) Plaintiffs' Motion for Rule 23 Class Certification; and
(F) Any final dispositive motions.

**The parties agree** it would be premature for the Court to issue a scheduling order until <u>after</u> the Court has resolved Defendants' Motions to Dismiss. **The parties request** the Court set a scheduling conference, if needed, <u>after</u> resolving Simmons' Motion to Dismiss.

**The parties agree** that if the Court denies Simmons' Motion to Dismiss, the Court should adopt the following general case management schedule:

| | |
|---|---|
| Pre-Class Certification Discovery Period | 12 months commencing upon the Court's resolution of Simmons' Motion to Dismiss. |
| Defendants' Motions to Decertify Collective Action and Motions for Summary Judgment | To be filed within 60 days of completion of pre-class certification discovery. |
| Plaintiffs' Motion to Certify One or More Rule 23 Class Actions | To be filed after the complete submission of all briefing on Defendants' Motion to Decertify Collective Action. |
| Post-Class Certification Discovery Period | To commence upon the Court's resolution of Motions to Decertify FLSA collective action and for Summary Judgment, as needed, and to be completed within six months. |
| Final Dispositive Motions | Any final dispositive motions to be filed within 60 days of completion of post-class certification discovery. |

The parties believe the foregoing discovery framework provides the minimum amount of time necessary to adequately address all issues due to, among other reasons, the size of the putative collective class, the potential transfer, consolidation, and management of a related class action pending in the United States District Court for the Western District of Arkansas, and the large number of Rule 23 sub-classes as to 13 federal and state claims. Moreover, a significant number of Defendants'

executives and managers work at various locations in Arkansas, Oklahoma, and Missouri, and the large number of named Plaintiffs reside in various states, making access to potentially relevant witnesses logistically more challenging.

    A.    <u>Parties to be Added by</u>:

30 days after the Court enters the initial scheduling order.

    B.    <u>Proposed Discovery Cutoff Date</u> (4 Months of Discovery Unless Extended by the Court for Good Cause):

As set forth in Section V above, the parties agree they will need at least 12 months of discovery following the Court's ruling on Defendants' Motion to Dismiss. The parties further agree that in the event the Court certifies a Rule 23 class as to any of Plaintiffs' claims, they will need at least six months from the Court's Rule 23 class certification ruling to complete any remaining, limited merits-related discovery.

    C.    <u>Fact Witness Lists to be Exchanged by</u>:

The parties believe it is premature to identify a date by which fact witness lists are to be exchanged at this early stage in the litigation. The full scope of this case will not be known to the parties until the parties are at least substantially further along with key motion practice and discovery.

    D.    <u>Proposed Date for Expert Reports by Plaintiff and Defendant</u>:

The parties believe it is premature to identify a date by which they must produce expert reports at this early stage in the litigation for the reasons stated above in Section V.C.

**VI.    Fed. R. Civ. P. 26(f) Discovery Plan**

    A.    Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)? ☒ Yes (If yes, explain.) ☐ No

Please see below in Section VI.B regarding the exchange of initial disclosures under Rule 26(a)(1), and above in Sections V.C-D regarding the exchange of witness lists and expert reports.

    B.    When were or will initial disclosures under Rule 26(a)(1) be made?
By February 28, 2018.

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution. Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues? ☒ Yes ☐ No

Please see explanation in Section V above.

D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

☒ Yes (If yes, explain.)
☐ No

The parties agree the number of depositions to be taken by Plaintiffs will not be limited to ten, given the number of Defendants' supervisors, executives and other witnesses that may be identified by Plaintiffs, putative FLSA opt-ins and Rule 23 class members. The parties agree the number of depositions to be taken by Defendants will not be limited to ten, given the total number of named Plaintiffs and the potential number of putative FLSA opt-ins and Rule 23 class members. The parties believe it is premature to determine whether the limitations on the other forms of written discovery will need to be changed based on the potential number of putative FLSA opt-ins and Rule 23 class members.

E. Proposed Number of Fact and Expert Depositions:

1. To be allowed for Plaintiff?

The parties believe it is premature to identify the number of fact and expert depositions at this early stage in the litigation for the reasons stated in Section V.C above.

2. To be allowed for Defendant?

> The parties believe it is premature to identify the number of fact and expert depositions at this early stage in the litigation for the reasons stated in Section V.C above.

F. Is there a need for any special discovery management order(s) by the Court?

☐ Yes (If yes, explain.)
☒ No

G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Anticipated Dispositive Motions?**

☐ Yes (If yes, explain.)
☒ No

Please see discussion set forth in Section V above.

**VIII. Do all parties consent to trial before the assigned magistrate judge?**

☐ Yes   ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX. Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

☐ Yes   ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as

an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

X. **Settlement Plan** (Check one):

☐ Settlement Conference Requested After:
Describe Settlement Judge Expertise Required, If Any:

☒ Private Mediation Scheduled On:

Because the ongoing viability of CAAIR's ministry and recovery program model depends on a favorable adjudication of the claims against it, CAAIR believes any settlement discussions would be premature prior to the resolution of issues of liability.

Because Simmons supports CAAIR's ministry and recovery program model, Simmons believes any settlement discussions would be premature prior to the resolution of issues of liability.

Plaintiffs agree that settlement discussions would be prudent only after the parties have completed a meaningful amount of discovery.

The parties believe that, at the appropriate time if necessary, a private mediation session would be the most productive course of action.

☐ Other ADR (Explain):

☐ ADR Appropriate:

☐ Yes

☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

Plaintiffs: ☒ Yes ☐ No
Defendants: ☒ Yes ☐ No

XI. **Does this case warrant special case management?**

☒ Yes (If yes, explain.)
☐ No

Please see discussion in Section V above.

XII. **Do the parties request that the Court hold a scheduling conference?**

☐ Yes ☒ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

The parties do not believe a scheduling conference is necessary at this time, but they suggest a conference be set by the Court and held following the Court's resolution of Defendants' Motion to Dismiss (if Defendants' Motion to Dismiss is denied in whole or in pertinent part).

XIII. **Estimated Trial Time**:

The parties believe it is premature to estimate the length of trial at this early stage in the case.

**Attorney for Plaintiffs** (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

Daniel E. Smolen, OBA #19943
David A. Warta, OBA #20361
danielsmolen@ssrok.com
davidwarta@ssrok.com
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Avenue
Tulsa, OK 74119
Phone (918) 585-2667
Fax (918) 585-2669

Carey A. James (CA Bar No. 269270)
Randall B. Aiman-Smith (CA Bar No.124599)
Reed W.L. Marcy (CA Bar No. 191531)
Hallie Von Rock (CA Bar No. 233152)
Brent A. Robinson (CA Bar No. 289373)
AIMAN-SMITH & MARCY
7677 Oakport St. Suite 1150
Oakland, CA 94621
Phone (510) 817-2711
Fax (510) 562-6830


**Attorney for Defendants**   (Name, OBA #, Firm Name, Address, City, State, Zip, Phone, Fax, Email):

Denelda Richardson, OBA No. 20103
Randall E. Long, OBA No. 22216
Michael P. Robertson, OBA No. 32551
RHODES HIERONYMUS JONES TUCKER & GABLE
PO Box 21100
Tulsa, OK  74121
918-582-1173
drichardson@rhodesokla.com
rlong@rhodesokla.com
mrobertson@rhodesokla.com

**ATTORNEYS FOR DEFENDANTS,
C.A.A.I.R. INC., JANET WILKERSON,
DON WILKERSON AND DON LOVELL**

Chris S. Thrutchley, OBA No. 15859
Phillip D. Hixon, OBA No. 19121
John D. Russell, OBA No. 13343
Justin A. Lollman, OBA No. 32051
GABLEGOTWALS
1100 ONEOK Plaza
100 West 5th Street
Tulsa, OK 74103-4217
cthrutchley@gablelaw.com
phixon@gablelaw.com
jrussell@gablelaw.com
jlollman@gablelaw.com
Phone (918) 595-4800
Fax (918) 595-4990

- and -

Amy M. Stipe, OBA No. 18361
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: 405-235-5500
Facsimile: 405-235-2875
astipe@gablelaw.com

**ATTORNEYS FOR DEFENDANTS,
SIMMONS FOODS, INC.
SIMMONS PET FOOD, INC**.