**EXHIBIT C**

IN THE DISTRICT COURT OF CHEROKEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| RAYMOND H. JONES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CJ-2011-238 |
| WD-4 PARTNERSHIP; JANET WILKERSON, Individually and as general partner of WD-4 Partnership; DONALD WILKERSON, Individually and as general partner of WD-4 Partnership; RODNEY DUNNAM, Individually and as general partner of WD-4 Partnership; LOUISE DUNNAM, Individually and as general partner of WD-4 Partnership, all d/b/a CHRISTIAN ALCOHOLICS AND ADDICTS IN RECOVERY, INC. A/k/a C.A.A.I.R., Inc., | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ANSWER AND COUNTERCLAIMS

Defendants, WD-4 Partnership, Janet Wilkerson, Donald Wilkerson, Rodney Dunnam and Louise Dunnam, for their Answer to Plaintiff's Petition filed on September 26, 2011 state as follows:

### ADMISSIONS AND DENIALS

Defendants deny, both generally and specifically, each and every material allegation contained within Plaintiff's Petition and demand strict proof thereof, except that which may be hereinafter admitted.

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph I of the Petition, and therefore deny said allegations.

2. With regard to the allegations contained in Paragraph II of the Petition, Defendants admit that Janet Wilkerson, Donald Wilkerson, Rodney Dunnam and Louise Dunnam are the General Partners of WD-4 Partnership, but deny the remaining allegations of the Paragraph.

3. Defendants deny the allegations of Paragraph III of the Petition.

4. With regard to the allegations contained in Paragraph IV of the Petition, Defendants admit that Rodney Dunnam signed the document attached to the Petition as Exhibit "A;" state that the document speaks for itself, and deny the remaining allegations in the Paragraph that are inconsistent therewith.

5. Defendants deny the allegations of Paragraph V of the Petition.

6. With regard to the allegations contained in Paragraph VI of the Petition, Defendants admit that WD-4 Partnership obtained loans and constructed buildings, but deny the remaining allegations contained therein.

7. With regard to the allegations contained in Paragraph VII of the Petition, Defendants admit that they paid Plaintiff $45,000, and assert that it was a payment for which WD-4 Partnership received no consideration in return. Defendants deny the remaining allegations of the Paragraph.

8. Defendants deny the allegations of Paragraph VII of the Petition.

9. Paragraph IX of the Petition does not contain allegations which require a response from Defendants. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny the allegations.

10. Defendants deny Plaintiff's prayer for relief; deny that they are liable to Plaintiff; and, deny that Plaintiff is entitled to recover any relief against them whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to 12 O.S. §§ 2008 and 2012, Defendants set forth the following affirmative and other defenses to Plaintiff's Petition:

### First Defense

Plaintiff's Petition, in whole or in part, fails to state a claim for relief against Defendants for which relief can be granted.

### Second Defense

Plaintiff's claims are barred by his prior breach of contract.

### Third Defense

Plaintiff's claims are barred due the failure of consideration for Defendants' performance.

### Fourth Defense

Plaintiff's claims are barred as a consequence of the voluntary termination of the alleged contract by the mutual consent of the parties.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, pursuant to the doctrines of waiver and release.

### Sixth Defense

Plaintiff's claims are barred by accord and satisfaction.

### Seventh Defense

While continuing to deny the substantive allegations of the Petition, the alleged contract is void as a consequence of Plaintiff's acts of fraud and constructive fraud that were committed to induce Defendants into the alleged contract.

### Eighth Defense

Plaintiff's claims are barred in whole or in part by his failure to perform.

### Ninth Defense

The Petition should be dismissed as it was not filed in the proper venue.

Defendants hereby plead any and all affirmative defenses available to them under the Oklahoma Pleading Code, now or which may hereinafter be applicable.

Defendants reserve the right to amend their Answer as discovery progresses, and to assert additional defenses, cross-claims, counterclaims and third-party claims.

WHEREFORE, Defendants, having fully answered Plaintiff's Petition, pray that Plaintiff take nothing against them and that Defendants be awarded their attorney's fees and costs from Plaintiff, along with all other relief which this Court deems equitable and just. .

### COUNTERCLAIMS

1. WD-4 Partnership entered a consulting agreement with Plaintiff with the express purpose of WD-4 Partnership receiving valuable services from Plaintiff, to wit: training and guidance, introductions to key potential clients and sources of referrals, and the development of an alcohol and drug recovery program.

2. Pursuant to this agreement, Plaintiff was required to devote considerable time, effort and attention to providing the aforementioned services amounting to a minimum of sixty-four (64) hours per month.

3. The significant rate of compensation for Plaintiff under the agreement was predicated on WD-4 Partnership's expectation that Plaintiff would apply his skill, expertise, network of contacts, and existing personal and business relationships in a good faith manner to provide WD-4 Partnership with a reasonable expectation of a return on its investment, *i.e.*, that it would receive valuable consideration in return for Plaintiff's compensation.

4. Rather than perform as promised under the Agreement, Plaintiff failed to devote any meaningful time to providing consulting services to WD-4 Partnership, and his total time expended amounted to less than was required of him in a single month.

5. Plaintiff failed to provide WD-4 Partnership any of the services and consideration he committed to under the agreement. Plaintiff did nothing to assist with securing a contract with Simmons Foods. Plaintiff failed to facilitate introductions to any Drug Court officials or District Attorneys. Plaintiff made no efforts to secure clients for the recovery program. And, his efforts to assist in the overall development of the program were minimal and of negligible value.

6. It was not until after the parties entered the consulting agreement that WD-4 Partnership learned that Plaintiff had developed such a poor reputation among Drug Court Judges and Administrators that its association with Plaintiff was having negative effects on its ability to promote the new recovery program.

7. WD-4 Partnership paid Plaintiff $45,000 upon Plaintiff's plea for money despite the fact that the annual payment under the agreement was not yet due. WD-4 Partnership made this payment as a good faith gesture under the expectation that Plaintiff's performance under the agreement would improve to meet the stated objectives. WD-4 Partnership's good faith and expectations of Plaintiff were not well placed.

8. In August 2008, the General Partners of WD-4 Partnership and Plaintiff met in Siloam Springs, Arkansas to discuss their relationship and the fact that the consulting agreement was not working to the satisfaction or benefit of WD-4 Partnership. In this meeting, Plaintiff acknowledged his lack of performance and advised the General Partners that WD-4 Partnership did not owe him any additional money.

9. Plaintiff's complete failure to perform his obligations under the consulting agreement constitutes a breach of an express contract for which WD-4 Partnership is entitled to recover the $45,000 it paid Plaintiff for which it received nothing of value in return, together with pre-judgment interest.

10. Plaintiff offered his services to WD-4 Partnership representing that he had valuable contacts and relationships that could be leveraged for the benefit of WD-4 Partnership in the formation of a drug and alcohol recovery program. Plaintiff also represented to WD-4 Partnership that he intended to devote a significant amount of time to assisting WD-4 Partnership in the formation of the program. WD-4 Partnership relied on Plaintiff's representations that he had a solid reputation with employers and the Oklahoma Drug Courts, and that his efforts and expertise would provide significant value to WD-4 Partnership.

11. Plaintiff's representations to WD-4 Partnership were false. Not only did Plaintiff not disclose to WD-4 Partnership that his relationships with many Drug Court Judges and administrators were strained, at best, he failed to disclose that by associating with Plaintiff, doors of opportunity would be closed to WD-4 Partnership rather than opened. While Plaintiff represented that he would work hard to assist WD-4 Partnership, he made these representations lacking the present intent to actually fulfill his time commitments.

12. As a result of its reliance of Plaintiff's false representations, WD-4 Partnership suffered economic injury for which it is entitled to recover damages in an amount in excess of $10,000.

13. By virtue of paying Plaintiff $45,000.00, WD-4 Partnership conferred a benefit upon Plaintiff for which it received nothing of value in return. In light of Plaintiff's failure to perform his obligations, Plaintiff has been unjustly enriched to WD-4 Partnership's detriment. Accordingly, WD-4 Partnership is entitled to restitution and/or disgorgement from Plaintiff in the amount of $45,000.00 plus pre-judgment interest.

WHEREFORE, WD-4 Partnership prays that it recover a judgment against Plaintiff for the following:

    a. $45,000.00 for Plaintiff's breach of contract;

    b. Damages for Plaintiff's deceit and constructive fraud in an amount in excess of $10,000.00;

    c. $45,000.00 for Plaintiff's unjust enrichment;

    d. Pre and post-judgment interest;

    e. Costs of this action;

    f. Its reasonable attorney's fees; and

    g. Any other relief the Court deems just and appropriate.

Respectfully submitted,

MCDANIEL LONGWELL ACORD, PLLC

By: _____
A. Scott McDaniel, OBA #16460 (smcdaniel@mlak-law.com)
Nicole M. Longwell, OBA #18771 (nlongwell@mlak-law.com)
Andrew M. Conway, OBA #22530 (aconway@mlak-law.com)
320 South Boston Avenue, Suite 700
Tulsa, Oklahoma 74103
Telephone: (918) 382-9200
Facsimile: (918) 382-9282

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 5th day of December, 2011, I deposited a true and accurate copy of the foregoing instrument with the United States Postal Service, proper postage paid, to the following counsel of record:

Michael L. Loyd
Michael L. Loyd & Associates
3810 North Peniel
Bethany, Oklahoma 73008
and
John D. Miller
3617 N.W. 58th Street, Suite 102
Oklahoma City, Oklahoma 73112
**ATTORNEYS FOR PLAINTIFF**

By: _____