IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**ARTHUR COPELAND**, et al.,

         Plaintiffs,

v.

                                                Case No.  17-CV-564-TCK-JFJ

**C.A.A.I.R., INC**., **a not-for-profit corporation**, et al.,

         Defendants.

## SIMMONS' REPLY IN SUPPORT OF MOTION TO STRIKE

They've done it again. For the second time in less than four months, Plaintiffs have *completely* reversed course on whether fraud is a relevant component of their TVPRA and RICO claims. In that span, Plaintiffs have gone from arguing (1) that Defendants gained control over them "by fraud and abuse of legal process,"[1] to asserting (2) that their "claims do not 'hinge' on fraud, nor do they include fraud as an element,"[2] to now claiming (3) that "[*a*]*ll* of [their] claims involve deception, in one form or another."[3] So, what's going on here? Why all the flip-flopping?

In short, Plaintiffs are in a serious dilemma. They have to convince the Court they were enslaved merely because Defendants gave them the *option*—entirely voluntary and nonbinding—to participate in a work-based recovery program as an alternative to prison. To make this voluntary decision sound involuntary or coercive, Plaintiffs loaded the SAC with vague and conclusory allegations of fraud and mass deception. But here's the problem: Plaintiffs have no good-faith basis for alleging fraud, much less enough facts to plead it with particularity. To dodge this dilemma, Plaintiffs have reduced this litigation to a game of "whack-a-mole." It goes like this. Anytime Rule 11

---

[1] Dkt. #54, Plaintiffs' Response to Simmons' Motion to Dismiss, at 19; *see also id.* at 20–21.

[2] Dkt. #63, Plaintiffs' Sur-reply to Simmons' Motion to Dismiss, at 2.

[3] Dkt. #71, Plaintiffs' Response to Defendants' Motions to Strike, at 4 (emphasis added).

or Rule 9(b) is mentioned, Plaintiffs disclaim any reliance on fraud, stating their "claims do not 'hinge' on fraud, nor do they include fraud as an element."[4] In that instance, Plaintiffs explain, the case "is a simple matter, and no question of fraud need enter the inquiry."[5] But, when faced with having to strike the irrelevant and prejudicial accusations—surprise—suddenly fraud springs back into the case as something Plaintiffs "*must*" allege "in order [to] argue their causes of action."[6] At that point, Plaintiffs assert, "*All* of [their] claims involve deception, in one form or another."[7]

This is no way to litigate a case. The Federal Rules of Civil Procedure were meant for resolving disputes in a just, speedy, and inexpensive manner—not for playing games. If Plaintiffs want to rely on a fraud theory, fine. They can plead it with particularity and later, when the time comes, explain to the Court what good-faith basis they had for making the allegations in the first place (just a preview: they have none). But Plaintiffs can't have it both ways. If "[*a*]*ll* of [their] claims involve deception, in one form or another" for Rule 12(f) purposes, then the same must be true when it comes to Rule 9(b). For these reasons and the others set forth below, the Court should strike Plaintiffs' fraud allegations or, alternatively, require that they be pleaded with particularity.

## ARGUMENT AND AUTHORITIES

### I. Because Simmons has not filed a responsive pleading, the present motion is timely.

Plaintiffs start by arguing that the present motion is untimely. It's not. As Plaintiffs rightly acknowledge, a motion to strike is timely so long is it "is made before the moving party has filed a responsive pleading." *See* Dkt. #71 at 5 (quoting *Culinary & Serv. Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin.*, Inc., 688 F.2d 1228, 1232 (9th Cir. 1982)). Under "well-established Tenth Circuit precedent, 'a motion to dismiss is *not* deemed a responsive pleading.'" *Clifford v. Premier Hous., Inc.*, No. CIVA 06-1111 MLB, 2006 WL 2710338, at *2 (D. Kan. Sept.

---

[4] Dkt. #63 at 2.

[5] *Id.*

[6] Dkt. #71 at 4 (emphasis added).

[7] *Id.* (emphasis added).

20, 2006) (emphasis added) (quoting *Glenn v. First Nat'l Bank of Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989)). Here, Simmons has only filed a motion to dismiss. It has not filed an answer. Consequently, its motion to strike remains timely under Rule 12(f). *See Westmore Equities, LLC v. City of Mounds*, No. 15-CV-109-JPG-DGW, 2016 WL 403582, at \*5 (S.D. Ill. Feb. 3, 2016) (holding that a pending motion to dismiss does not render a motion to strike untimely).

## II.   The Court should strike Plaintiffs' fraud allegations as irrelevant and prejudicial or, alternatively, require that Plaintiffs plead those allegations with particularity.

Simmons filed its motion to strike based on Plaintiffs' repeated representations that their "claims do not 'hinge' on fraud, nor do they include fraud as an element," which left nothing but a prejudicial purpose for such damaging accusations. *See, e.g.*, Dkt. #63 at 2. Plaintiffs made this representation not only in the parties' private correspondence, *see* Dkt. #67-2 at 4 ("Fraud is not an element of any claim raised by plaintiffs."), but also in their submissions to the Court when responding to Simmons' motion to dismiss, *see* Dkt. #63 at 2 ("Plaintiffs' TVPRA Claims Require No Showing of Fraud"); *id.* (Plaintiffs "claims do not 'hinge' on fraud, nor do they require fraud as an element"); *id.* ("This is a simple matter, and no question of fraud need enter the inquiry."). But now, after months of disclaiming any reliance on fraud in response to Simmons' justifiable request for an explanation of the good faith factual basis for such accusations, Plaintiffs have reversed course once again, arguing that "[a]ll of [their] claims involve deception, in one form or another." Dkt. #71 at 4. Now, all of the sudden, fraud is something that Plaintiffs "must" allege "in order … to argue their causes of action." *Id.*

Simmons' response here is a simple one: Pick a position and stick with it. Either Plaintiffs' fraud allegations are relevant to the claims asserted or they're not. If they are, Plaintiffs should be required to plead them with particularity under Rule 9(b). If they're not, they should be stricken as irrelevant and prejudicial under Rule 12(f). But Plaintiffs cannot have it both ways.

An order striking Plaintiffs' fraud allegations is the proper remedy here. For the last two months, Plaintiffs have repeatedly disavowed any reliance on fraud, stating this case "is a simple

matter, and that no question of fraud need enter the inquiry." Dkt. #63 at 2. Plaintiffs should be held to these statements and their baseless fraud allegations stricken. But, at a minimum, if these allegations are allowed to remain, Plaintiffs should be required to plead each of them with particularity.[8] To hold otherwise would be to reward Plaintiffs' abusive cat-and-mouse tactics, allowing them to rely on reputation-damaging fraud accusations while at the same time evading the requirements of Rule 9(b).

## CONCLUSION

For the foregoing reasons, the Court should strike Plaintiffs' fraud allegations or, alternatively, require Plaintiffs to plead those allegations with particularity under Rule 9(b).

---

[8] Just because Plaintiffs are not asserting fraud as a cause of action does not relieve them of the requirements of Rule 9(b). As noted in previous filings, that rule, "by its plain language," applies "to a to all averments of fraud, whether they are part of a claim of fraud or not." *See Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *accord Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 629 (4th Cir. 2008) ("Rule 9(b) refers to 'alleging fraud,' not to causes of action or elements of fraud."); *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations."); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("By its terms, Rule 9(b) applies to 'all averments of fraud.' This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action." (citation omitted)); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (holding that allegations of fraud made in support of a non-fraud claim must be disregarded if they do not meet the particularity requirements of Rule 9(b)); *S.E.C. v. Gordon*, No. 09-CV-0061-CVE-FHM, 2009 WL 1652464, at *3 (N.D. Okla. June 11, 2009) (noting that Rule 9(b) applies "where the plaintiff alleges fraud even though it is not a statutory element of the offense"); *In re Gen. Motors Corp.*, No. MDL 04-1600, 2005 WL 1924333, at *3 (W.D. Okla. Aug. 8, 2005) ("While fraud is not an essential element of a claim under either statute, if the plaintiff alleges, as a basis for his statutory claim, that the defendant has engaged in fraudulent conduct, then the circumstances constituting fraud must be stated with particularity." (citation omitted)); *see also* 2 James Wm. Moore et al., *Moore's Federal Practice* § 9.03[1][d] (3d ed. 2018) (noting that Rule 9(b) applies to "allegations of fraud" even when they "are made in a claim in which fraud is not an element"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1297 (3d ed. 2015) ("Even when a plaintiff is not making a fraud claim, courts will require particularity in the pleading if the cause of action is premised on fraudulent conduct.").

DATED:  12 JULY 2018

Respectfully submitted,

*/s/Christopher S. Thrutchley*

Christopher S. Thrutchley, OBA No. 15859
John D. Russell, OBA No. 13343
Philip D. Hixon, OBA No. 19121
Justin A. Lollman, OBA No. 32051
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: 918.595.4800
Facsimile: 918.595.4990
*cthrutchley@gablelaw.com*
*jrussell@gablelaw.com*
*phixon@gablelaw.com*
*jlollman@gablelaw.com*

–and–

Amy M. Stipe, OBA No. 18361
**GABLEGOTWALS**
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: 405.235.5500
Facsimile: 405.235.2875
*astipe@gablelaw.com*

**COUNSEL FOR DEFENDANTS
SIMMONS FOODS, INC. AND
SIMMONS PET FOOD INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of the Electronic Filing to the following ECF registrants:

Daniel E. Smolen—*danielsmolen@ssrok.com*
David A. Warta—*davidwarta@ssrok.com*
Amy Nichole Gioletti—*agioletti@aclu.org*
**Counsel for Plaintiffs**

Denelda Richardson— *drichardsoncourts@rhodesokla.com*
Michael P. Robertson—*mrobertson@rhodesokla.com*
Randall Edwin Long—*rlong@rhodesokla.com*
**Counsel for Defendants,**
**C.A.A.I.R. Inc., Janet Wilkerson,**
**Don Wilkerson, and Jim Lovell**

/s/*Christopher S. Thrutchley*
Christopher S. Thrutchley