IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ARTHUR COPELAND, *et al.*,

        Plaintiffs,

v.

C.A.A.I.R., INC., *et al.*,

        Defendants.

Case No.  17-CV-00564-TCK-JFJ

## PLAINTIFF ARTHUR COPELAND'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT JANET WILKERSON

Plaintiff Arthur Copeland, by and through his counsel and pursuant to Federal Rules of Civil Procedure 33 and 34, hereby requests defendant Janet Wilkerson ("DEFENDANT" or "YOU") to answer the following discovery requests, in writing and under oath, within thirty (30) days from the date service is made upon DEFENDANT's counsel.

### DEFINITIONS

1.      As used herein, the following terms have the meaning set forth below:

      a.      "BJR" means B.J.R., LLC and/or BJR Management, LLC and its officers, directors, employees, subsidiaries, divisions, wholly-controlled entities, accountants, lawyers, agents, and/or other representatives.

      b.      "CAAIR" means defendant Christian Alcoholics & Addicts and Recovery, Inc. and its officers, directors, employees, subsidiaries, divisions, wholly-controlled entities, accountants, lawyers, agents, and/or other representatives.

      c.      "COMPANY" means any entity engaged in the provision of goods or services, business, or commerce of any type whatsoever, whether for profit or otherwise, and

1



includes but is not limited to sole proprietorships, general partnerships, limited partnerships, limited liability partnerships, corporations, S corporations, limited liability corporations, limited liability companies, non-profit corporations, and/or charitable organizations.

   d.  "DEFENDANT" or "YOU" means defendant Janet Wilkerson.

   e.  "DOCUMENTS" includes, but is not limited to, and is defined as:

     (i)  any writings, including the originals or copies when originals are not available; communications; e-mails; correspondence; electronically-stored information; drawings; graphs; charts; photographs; sound recordings; images; data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; notes; memoranda; letters; financial ledgers; circulars; bulletins; manuals; results of investigations; progress reports; performance evaluations; employment applications; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; desk calendars; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; electronic data or documents; computer disks; audio or video recordings; job or transaction files; medical records; permits or licenses, or applications therefore; unemployment applications; personnel evaluations; resumes; appointment books; books; records and copies; spreadsheets; calculations; extracts and summaries of other documents; and preliminary, intermediate, and final drafts of any of the above whether used or not;

     (ii)  copies of such DOCUMENTS on which appear – whether on the front or back – any initialing, notation, handwriting, and/or modification of any kind not appearing on the original;

(iii)    all attachments to such DOCUMENTS and all envelopes, explanatory notes, memoranda, and/or any other material that accompanied the DOCUMENTS;

(iv)    any and all responses elicited by such DOCUMENTS, and, if the DOCUMENT was itself a response, the DOCUMENT(S) to which it responded;

(v)    all communications reflecting, referring to, or relating to such DOCUMENTS;

(vi)    whether such DOCUMENTS were prepared for DEFENDANT for DEFENDANT's own use, or for transmittal in any manner or received by any means by DEFENDANT;

(vii)    wherever located, whether in the files of any agent, attorney, representative, employer, or employee of DEFENDANT or in any file whatsoever in the possession, direction, or control of DEFENDANT or DEFENDANT's agents, attorneys, representatives, or employees.

f.    "ODMHSAS" means the Oklahoma Department of Mental Health and Substance Abuse Services.

g.    "PETERSON" means Peterson Farms, Inc. and its officers, directors, employees, subsidiaries, divisions, wholly-controlled entities, accountants, lawyers, agents, and/or other representatives.

h.    "POLICY" means any rules, guidelines, procedures, or regulations established, implemented, or maintained by CAAIR.

i.    "REPRESENTED PLAINTIFFS" means Arthur Copeland, Brandon Spurgin, Brad McGahey, and all individuals who have filed a consent to join this suit pursuant to 29 U.S.C. § 216(b).

3

j.      "SIMMONS FOODS" means defendant Simmons Foods, Inc. and its officers, directors, employees, subsidiaries, divisions, wholly-controlled entities, accountants, lawyers, agents, and/or other representatives.

k.      "SIMMONS PET FOOD" means defendant Simmons Pet Food, Inc. and its officers, directors, employees, subsidiaries, divisions, wholly-controlled entities, accountants, lawyers, agents, and/or other representatives.

l.      "WD-4" means WD-4 Partnership and its officers, directors, employees, subsidiaries, divisions, wholly-controlled entities, accountants, lawyers, agents, and/or other representatives.

## INSTRUCTIONS

2.      The DOCUMENTS falling within the categories set forth below shall be produced for inspection and copying at the offices of Aiman-Smith & Marcy, 7677 Oakport Street, Suite 1150, Oakland, California 94621, within thirty (30) days from the date of service of these requests.

3.      In responding to these requests, furnish all DOCUMENTS within YOUR possession, custody, or control, as well as DOCUMENTS within the possession, custody, or control of YOUR subsidiaries, officers, directors, employees, divisions, wholly-controlled entities, accountants, lawyers, agents, and/or other representatives.

4.      Pursuant to Federal Rules of Civil Procedure 34(b)(1)(C) and 34(b)(2)(E), all DOCUMENTS produced pursuant to these requests shall be produced in the following format:

a.      Searchable PDF Format.   With the exception of spreadsheets and data compilations as noted below, all DOCUMENTS shall be produced in searchable PDF format.

c.      Each page of a produced DOCUMENT shall have a unique page identifier ("Bates Number").  Bates Numbers shall be sequential.

4

d.     Native Format.  Spreadsheets and data compilations (e.g., Excel, Lotus, etc.) shall be produced in native format with metadata intact.  Plaintiffs reserve the right to demand other electronic DOCUMENTS in their native format.

e.     Unitizing of DOCUMENTS.  Distinct DOCUMENTS shall not be merged into a single DOCUMENT, and single DOCUMENTS shall not be split into multiple DOCUMENTS (i.e., DOCUMENTS should be logically unitized).

f.     Parent-Child Relationships.  The association between an attachment and its parent DOCUMENT (e.g., between a DOCUMENT and a transmitting email) shall be preserved.

g.     Necessary Data and Software.  All DOCUMENTS produced in electronic form shall be produced together with any data, software, or other tools necessary to permit the demanding party to locate, identify, and read the responsive information contained therein as readily as can the responding party.

h.     Imaging or Formatting Problems.  DOCUMENTS that present imaging or formatting problems shall be promptly identified, and the parties shall meet and confer to resolve such problem(s).

5.     In addition to original DOCUMENTS, these requests call for the production of non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of the DOCUMENTS described.

6.     File folders with tabs, or labels, or directories identifying DOCUMENTS called for by these requests must be produced intact with such DOCUMENTS.

7.     For each DOCUMENT request with which YOU agree to comply, please set forth an explicit statement of compliance pursuant to Federal Rule of Civil Procedure 34(b)(2)(B).  If

5

you agree to comply only with a portion of a demand, please identify with specificity the portion of the demand with which you do not agree to comply.

8.      If YOU object to any DOCUMENT request or any portion of a DOCUMENT request, please explicitly state, pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), whether any responsive materials are being withheld on the basis of that objection.

9.      If YOU object to any portion of a DOCUMENT request and refuse to produce any DOCUMENTS pursuant to that objection, please provide, pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), all DOCUMENTS responsive to the portion to which YOU do not object; state with specificity the portion of the demand to which you object; and set forth a statement of compliance or a representation of inability to comply with respect to the remainder of that demand.

10.     If YOU claim an inability to comply with a DOCUMENT request or any portion of a DOCUMENT request, please identify with specificity the demand or portion thereof with which you are unable to comply and the specific reason(s) for YOUR inability to comply.

11.     Unless otherwise specified, the time period relevant to these discovery requests is January 1, 2006 to the present.

12.     If any DOCUMENT responsive to a request contains the personal identifying information of a CAAIR resident who is not a REPRESENTED PLAINTIFF, such personal identifying information shall be redacted, and the remainder of the DOCUMENT shall be produced.  The presence of such information, or of information in which YOU contend an individual CAAIR resident has a privacy interest, shall not be a basis for withholding the entire DOCUMENT.

13.     To the extent permitted and authorized by law, these discovery requests shall be deemed continuing so as to require further and supplemental production and responses if YOU

6

receive, discover, become aware of, or create additional responsive DOCUMENTS or information between the time of response or initial production and the time of trial.

## PRIVILEGE LOG

14.     If YOU claim any sort of privilege, whether based on statute or otherwise, as a basis for withholding production of a DOCUMENT responsive to these requests, please provide a separate privilege log containing the following information:

a.     The date of any such DOCUMENT;

b.     The name of all individual(s) who prepared, produced, reproduced, transmitted, or received said DOCUMENT; and

c.     A description of the subject matter of the DOCUMENT sufficient to justify the privilege claimed.

## INTERROGATORIES

**INTERROGATORY NO. 1:** For each COMPANY for whom YOU have performed work in any capacity at any time from age eighteen (18) to the present, please state: (a) the name and address of the COMPANY; (b) the position(s) YOU held at the COMPANY; (c) the beginning and ending dates of the position(s); and (d) the name and title of YOUR direct supervisor.

**INTERROGATORY NO. 2:** For each individual who has served as an officer and/or director of CAAIR, please state: (a) the individual's name; (b) the individual's position(s) at CAAIR; (c) the dates the individual held his or her position(s) at CAAIR; (d) each COMPANY other than CAAIR for whom the individual has performed work since 2005; and (e) the position(s) the individual held at each COMPANY and the dates such positions were held.

7

**INTERROGATORY NO. 3:** Please identify each COMPANY in which you have had an ownership interest at any time from 2000 through the present, excluding COMPANIES in which YOUR ownership interest was obtained only by the purchase of publicly-traded securities.

**INTERROGATORY NO. 4:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to CAAIR by (a) SIMMONS FOODS, (b) SIMMONS PET FOOD, and (c) PETERSON, respectively.

**INTERROGATORY NO. 5:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to WD-4 by (a) SIMMONS FOODS, (b) SIMMONS PET FOOD, and (c) PETERSON, respectively.

**INTERROGATORY NO. 6:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to YOU by (a) SIMMONS FOODS, (b) SIMMONS PET FOOD, and (c) PETERSON, respectively.

**INTERROGATORY NO. 7:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to WD-4 by CAAIR.

**INTERROGATORY NO. 8:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to YOU by CAAIR.

**INTERROGATORY NO. 9:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to YOU by WD-4.

**INTERROGATORY NO. 10:** For each person YOU contend has worked as a counselor and/or "mental health, addiction, education, and life coaching professional … providing services to CAAIR clients," please state: (a) the person's name, address, and telephone number; (b) the person's position at CAAIR and the dates of that position; and (c) the title, grantor, and identification number of any counseling or professional license or certification held by that person.

8

**INTERROGATORY NO. 11:** Please state the name of each person YOU contend has been a "Certified Drug and Alcohol Counselor" at CAAIR as discussed in CAAIR's "Client Contract," and the basis for this contention.

**INTERROGATORY NO. 12:** Please describe all job training activities provided to CAAIR residents by CAAIR staff.

**INTERROGATORY NO. 13:** Please state the number of persons entering the CAAIR program each year from 2007 to the present.

**INTERROGATORY NO. 14:** Please state the number of persons entering the CAAIR program each year from 2007 to the present who performed work for (a) SIMMONS FOODS and (b) SIMMONS PET FOOD, respectively.

**INTERROGATORY NO. 15:** For each year since 2007, please state the total number of hours worked by CAAIR residents for (a) SIMMONS FOODS and (b) SIMMONS PET FOOD, respectively.

**INTERROGATORY NO. 16:** For each year since 2007, please state the number of persons who obtained a paid position at SIMMONS FOODS and/or SIMMONS PET FOOD after completion of the CAAIR program.

**INTERROGATORY NO. 17:** Please identify by name, address, and telephone number each person who has obtained a paid position at SIMMONS FOODS and/or SIMMONS PET FOOD after completion of the CAAIR program.

**INTERROGATORY NO. 18:** Please identify by name and address each of the entities, including drug courts, that have sent or referred any person to CAAIR and the number of persons sent or referred to CAAIR by each such entity.

**INTERROGATORY NO. 19:** Please identify by name, address, and job title any medical, psychiatric, counseling, or other professional working in the field of drug and alcohol rehabilitation whom YOU and/or WD-4 consulted before the formation of CAAIR regarding the program to be offered by CAAIR.

**INTERROGATORY NO. 20:** Please state whether CAAIR has any process to determine and/or document whether persons leaving the CAAIR program remain drug and alcohol free after completion of the CAAIR program.

**INTERROGATORY NO. 21:** If CAAIR utilizes any process to determine and/or document whether persons leaving the CAAIR program remain drug and alcohol free after completion of the CAAIR program, please describe that process in detail.

**INTERROGATORY NO. 22:** Please identify by case name, case number, and jurisdiction any litigation to which YOU have been a party at any time since 2005.

**INTERROGATORY NO. 23:** Please state whether CAAIR has obtained any workers' compensation insurance policy or policies covering CAAIR residents.

**INTERROGATORY NO. 24:** Please state the total number of CAAIR residents who have been covered at any time by any workers' compensation policy or policies obtained by CAAIR.

**INTERROGATORY NO. 25:** Please describe in detail the process by which YOU searched for DOCUMENTS responsive to the DOCUMENT requests set forth below, including a description of all physical locations and electronic repositories searched and all search terms used for the search of electronic repositories.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce all DOCUMENTS identified in CAAIR's initial disclosures.

**REQUEST NO. 2:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between CAAIR and SIMMONS FOODS.

**REQUEST NO. 3:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between CAAIR and SIMMONS PET FOOD.

**REQUEST NO. 4:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between CAAIR and PETERSON.

**REQUEST NO. 5:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between WD-4 and SIMMONS FOODS.

**REQUEST NO. 6:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between WD-4 and SIMMONS PET FOOD.

**REQUEST NO. 7:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between WD-4 and PETERSON.

**REQUEST NO. 8:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between YOU and SIMMONS FOODS.

**REQUEST NO. 9:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between YOU and SIMMONS PET FOOD.

**REQUEST NO. 10:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between YOU and PETERSON.

**REQUEST NO. 11:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and SIMMONS FOODS.

**REQUEST NO. 12:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and SIMMONS PET FOOD.

**REQUEST NO. 13:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and PETERSON.

**REQUEST NO. 14:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between WD-4 and SIMMONS FOODS.

**REQUEST NO. 15:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between WD-4 and SIMMONS PET FOOD.

**REQUEST NO. 16:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between WD-4 and PETERSON.

**REQUEST NO. 17:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and SIMMONS FOODS.

**REQUEST NO. 18:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and SIMMONS PET FOOD.

**REQUEST NO. 19:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and PETERSON.

**REQUEST NO. 20:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication related to this lawsuit, excepting only communications with YOUR counsel, prospective counsel, or REPRESENTED PLAINTIFFS' counsel.

**REQUEST NO. 21:** Please produce all DOCUMENTS created and/or transmitted at any time from 2005 to the present referring to or relating to BJR.

**REQUEST NO. 22:** Please produce all DOCUMENTS created and/or transmitted at any time from 2005 to the present referring to or relating to Blake Evans.

**REQUEST NO. 23:** Please produce all DOCUMENTS created and/or transmitted at any time from 2005 to the present referring to or relating to Raymond Jones.

12

**REQUEST NO. 24:** Please produce all DOCUMENTS referring to or relating to SIMMONS FOODS and related in any way to work performed by CAAIR residents.

**REQUEST NO. 25:** Please produce all DOCUMENTS referring to or relating to SIMMONS PET FOOD and related in any way to work performed by CAAIR residents.

**REQUEST NO. 26:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and Michael Owens.

**REQUEST NO. 27:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and Carmen Seal.

**REQUEST NO. 28:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and Sarah Smith.

**REQUEST NO. 29:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and Thomas Smith.

**REQUEST NO. 30:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and Cristi Beaumont.

**REQUEST NO. 31:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between YOU and Mary Bebout.

**REQUEST NO. 32:** Please produce all DOCUMENTS referring to or relating to PETERSON.

**REQUEST NO. 33:** Please produce all DOCUMENTS reflecting, referring to, or relating to any amounts paid to CAAIR, WD-4, or YOU by SIMMONS FOODS, SIMMONS PET FOOD, or any other person or COMPANY for work performed by the REPRESENTED PLAINTIFFS.

**REQUEST NO. 34:** Please produce all DOCUMENTS reflecting, referring to, or relating to records of the hours worked by the REPRESENTED PLAINTIFFS.

13

**REQUEST NO. 35:** Please produce all DOCUMENTS referring to or relating to REPRESENTED PLAINTIFFS.

**REQUEST NO. 36:** Please produce all DOCUMENTS referring to or relating to the purchase, by SIMMONS FOODS, of assets of PETERSON.

**REQUEST NO. 37:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication(s) or interaction(s) between CAAIR and ODMHSAS, including but not limited to any application(s) made by CAAIR to ODMHSAS and all communications regarding the same.

**REQUEST NO. 38:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication(s) or interaction(s) between YOU and ODMHSAS.

**REQUEST NO. 39:** Please produce all DOCUMENTS reflecting, referring to, or relating to CAAIR's certificate of incorporation, articles of incorporation, by-laws, and/or share or other equity certificates.

**REQUEST NO. 40:** Please produce all DOCUMENTS reflecting, referring to, or relating to WD-4's certificate of incorporation, articles of incorporation, by-laws, and/or share or other equity certificates.

**REQUEST NO. 41:** Please produce all DOCUMENTS reflecting, referring to, or relating to BJR's certificate of incorporation, articles of incorporation, by-laws, and/or share or other equity certificates.

**REQUEST NO. 42:** Please produce all DOCUMENTS reflecting, referring to, or relating to any filing by CAAIR with the Oklahoma Secretary of State.

14

**REQUEST NO. 43:** Please produce all DOCUMENTS reflecting, referring to, or relating to descriptions of the CAAIR program that have been provided to drug courts or to any person employed by the State of Oklahoma.

**REQUEST NO. 44:** Please produce all DOCUMENTS reflecting, referring to, or relating to CAAIR's POLICIES.

**REQUEST NO. 45:** Please produce all DOCUMENTS reflecting, referring to, or relating to any workers' compensation insurance policies obtained by CAAIR.  This request includes, but is not limited to, copies of all policies, all applications for such policies, and all communications regarding such policies.

**REQUEST NO. 46:** Please produce all DOCUMENTS reflecting, referring to, or relating to Compsource Mutual Insurance Company and/or Freestone Insurance Company.

**REQUEST NO. 47:** Please produce all DOCUMENTS reflecting, referring to, or relating to training materials, guidelines, or instructions used by CAAIR staff, including but not limited to such training materials, guidelines, or instructions related to interaction with drug courts and CAAIR residents and to progress reports provided to drug courts.

**REQUEST NO. 48:** Please produce all DOCUMENTS reflecting, referring to, or relating to any investigation, inquiry, claim, enforcement action, or other activity concerning CAAIR or WD-4 by the Oklahoma Department of Labor or any other municipal, county, state, or federal entity.

**REQUEST NO. 49:** Please produce all DOCUMENTS reflecting, referring to, or relating to the ATR or Access to Recovery Grant received by CAAIR in or about 2009 or 2010.

**REQUEST NO. 50:** Please produce all DOCUMENTS reflecting, referring to, or relating to any investigation or analysis performed by CAAIR and/or any other person or entity, excluding

YOUR counsel, related to the status of CAAIR residents as employees or non-employees of CAAIR and/or entities for whom CAAIR residents perform labor.

      **REQUEST NO. 51:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract between CAAIR and any drug court, excluding only such contracts pertaining to specific CAAIR residents identified by name in the contract.

      **REQUEST NO. 52:** Please produce all DOCUMENTS signed by both (a) Raymond Jones and (b) YOU, Rodney Dunnam, and/or Blake Evans.

      **REQUEST NO. 53:** Please produce all DOCUMENTS supporting the defenses raised in YOUR Answer to plaintiffs' Second Amended Complaint.

      **REQUEST NO. 54:** Please produce all DOCUMENTS reflecting, referring to, or relating to any insurance policy that may cover the defense of or liability for any claims at issue in this litigation.

Dated:  March 13, 2018

Respectfully Submitted,

**AIMAN-SMITH & MARCY**

*Carey A. James*

Carey A. James, CA Bar No. 269270*
Randall B. Aiman-Smith, CA Bar No.124599*
Reed W.L. Marcy, CA Bar No. 191531*
Hallie Von Rock, CA Bar No. 233152*
Brent A. Robinson, CA Bar No. 289373*
7677 Oakport St. Suite 1150
Oakland, CA 94621
Phone (510) 817-2711
Fax (510) 562-6830
Attorney for Plaintiffs, and all others
similarly situated
*Admitted pro hac vice

16

## CERTIFICATE OF SERVICE

I, the undersigned, hereby declare:  I am employed in the County of Alameda, California; I am over eighteen years of age and not a party to the within action.  I am either admitted to practice before this Court or employed in the office of an attorney admitted to practice in this Court.  My business address is 7677 Oakport, Suite 1150, Oakland, California 94621.

On this date, I served the following:

### PLAINTIFF ARTHUR COPELAND'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT JANET WILKERSON

by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Christopher S. Thrutchley, Esq.<br>Philip D. Hixon, Esq.<br>Justin Lollman, Esq.<br>John David Russell, Esq.<br>GableGotwals<br>1100 ONEOK Plaza<br>Tulsa, OK  74103<br>918/595-4800<br>918/595-4990 fax<br>cthrutchley@gablelaw.com<br>phixon@gablelaw.com<br>jlollman@gablelaw.com<br>jrussell@gablelaw.com<br><br>Amy M. Stipe, Esq.<br>GableGotwals<br>One Leadership Square, Suite 1500<br>211 North Robinson Avenue<br>Oklahoma City, OK  73102<br>415/235-5500<br>415/235-2875<br>astipe@gablelaw.com | *Attorneys for Defendants<br>Simmons Foods, Inc. and<br>Simmons Pet Food Inc.* |
| Denelda Richardson, Esq.<br>Michael P. Robertson, Esq.<br>Randall Edwin Long, Esq.<br>Rhodes Heironymus Jones Tucker<br>  & Gable, PLLC<br>P.O. Box 21100<br>Tulsa, OK  74121-1100<br>918/582-1173<br>918/592-3390 fax<br>drichardson@rhodesokla.com<br>mrobertson@rhodesokla.com<br>rlong@rhodesokla.com | *Attorneys for Defendants,<br>C.A.A.I.R., Janet Wilkerson, Don<br>Wilkerson, and Jim Lovell* |

1

_X_   [By U.S. Mail]   ]   I caused such envelope, with postage fully prepaid, to be placed in the United States mail at Oakland, California.

_____   [By E-Mail]   ]   I caused such document to be electronically transmitted via the Internet to (email address) from Oakland, California.

_____   [By Electronic Transmission]   I hereby certify that on this date, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

_____   [By Overnight Delivery]   UPS and or FedEx is a provider of overnight delivery services. I placed the above described document(s) in an envelope or package designated for use by UPS and/or FedEx, and delivered said designated envelope to an authorized Office or drop box of UPS at Oakland, California, with delivery fees for overnight delivery fully prepaid, and addressed to the addressee(s) above.

_____   [By Facsimile Transmission]   I caused such document to be transmitted by facsimile transmission to a facsimile machine maintained by the person(s) listed in the attached service list and at the fax numbers on that list which are the facsimile numbers last given by the addressee(s) on documents filed in this cause.   I received electronic confirmation that said transmission had occurred.

_____   [By Personal Service]   I caused such envelope to be delivered by hand to the above address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  March 13, 2018

Norma Dale

2