**EXHIBIT B**

IN THE DISTRICT COURT OF CHEROKEE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| RAYMOND H. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CJ-2011-238 |
| ) | |
| WD-4 PARTNERSHIP; JANET WILKERSON, ) | |
| Individually and as general partner of WD-4 ) | |
| Partnership; DONALD WILKERSON, Individually ) | |
| and as general partner of WD-4 Partnership; ) | |
| RODNEY DUNNAM, Individually and as ) | |
| general partner of WD-4 Partnership; ) | |
| LOUISE DUNNAM, Individually and as general ) | |
| partner of WD-4 Partnership, all d/b/a as ) | |
| CHRISTIAN ALCOHOLICS AND ADDICTS IN ) | |
| RECOVERY, INC. a/k/a C.A.A.I.R., Inc., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, RAYMOND H. JONES, Plaintiff, complaining of WD-4 Partnership, specifically, Janet Wilkerson, Donald Wilkerson, Rodney Dunnam, and Louise Dunnam d/b/a Christian Alcoholics and Addicts in Recovery ("C.A.A.I.R., Inc.), Defendants, and for his cause of action would show the Court as follows:

I.

Plaintiff is an individual residing at 19513 East steel Hollow Road, Tahlequah, Cherokee County, Oklahoma 74464. The contract which is the subject of this action was entered into in Cherokee County, State of Oklahoma.

II.

Defendant WD-4 Partnership is believed to be a general partnership consisting of general partners Janet Wilkerson, Donald Wilkerson, Rodney Dunnam, and Louise Dunnam and Defendant

1

C.A.A.I.R., Inc. is an Oklahoma charitable organization formed by the WB-4 Partnership to utilize and implement the contract which is the subject of this action.

III.

Plaintiff alleges and states that C.A.A.I.R., Inc. is the alter ego of the WD-4 Partnership and one and the same identity and business.

IV.

On or about February 13, 2007, Plaintiff and Defendants executed a written contract in Cherokee County, Oklahoma, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. Defendants agreed to pay Plaintiff $250,000 per year, as a paid consultant, no later than on December 31 of each year, beginning February 4, 2007 and ending on December 31, 2011.

V.

Plaintiff has fully performed his contract by securing an employment agreement between Simmons Foods, Southwest City, Missouri and The Christian Alcoholics and Addicts in Recovery ("C.A.A.I.R.") Program (Defendants' primary and possibly sole source of income), introducing Defendants to Judge Sara Smith, Tulsa Drug Court (Defendants' initial and possibly primary source of clients), training Donald Wilkerson in the D.A.R.P. Foundation, helping to place clients in C.A.A.I.R., providing training and guidance in reference to the establishment of a 501(C)(3) non-profit organization, providing training and guidance in reference to interviewing new clients and assisting in the overall development of the recovery program.

VI.

In 2007, Defendant WD-4 Partnership obtained funds from a loan, constructed buildings, hired some employees that previously had worked for Plaintiff and began operation as a recovery program d/b/a C.A.A.I.R., Inc.

## Business Consultant Contract

This agreement dated February 13, 2007, is made By and Between
W D – 4 Partnership, whose address is 2605 Jordan CT., Siloam Springs, AR., referred to as "Company", AND Raymond Jones, whose address is
14100 N. 477 Road, Tahlequah, OK., referred to as "Consultant."

1. Consultation Services. The company hereby employs the consultant to perform the following services in accordance with the terms and conditions set forth in this agreement: The consultant will consult with the partner's and employees of the company concerning matters relating to the management and organization of the company, the terms and conditions of employment, generally any matter arising out of the business affairs of the company. The consultant's main focus will be specifically but not limited to:

- Securing an employment contract for clients from Simmons Foods
- Introducing members of WD-4 to Drug Court Judges & officials' of the courts as well as District Attorneys in various states.
- Helping to place clients in the program.
- Providing training and guidance during the interviewing process.
- Assisting in the overall development of the recovery program.

2. Terms of Agreement. This agreement will begin February 5, 2007 and will end December 31, 2011 either party may cancel this agreement on thirty (30) days notice to the other party in writing, by certified mail or personal delivery.

3. Time Devoted by Consultant. The particular amount of time may vary from day to day or week to week. However, the consultant shall devote a minimum of 64 hours per month to its duties in accordance with this agreement.

4. Place Where Services Will Be Rendered. The consultant will perform services on the telephone and at such other places as designated by the company to perform these services in accordance with this agreement.

5. Payment to Consultant. The consultant will be paid at the rate of $250,000 per year for work performed in accordance with this agreement. This payment will be due by December 31 of each year.



EXHIBIT A

6. Independent Contractor. Both the company and the consultant agree that the consultant will act as an independent contractor in the performance of its duties under this contract. Accordingly, the consultant shall be responsible for payment of all taxes including Federal, State and local taxes arising out of the consultant's activities in accordance with this contract, including by way of illustration but not limitation, Federal and State income tax, Social Security tax, Unemployment Insurance taxes, and any other taxes or business license fee as required.

7. Confidential Information. The consultant agrees that any information received by the consultant during any furtherance of the consultant's obligations in accordance with this contract, which concerns the personal, financial or other affairs of the company will be treated by the consultant in full confidence and will not be revealed to any other persons, firms or organizations.

8. Employment of Others. The company may from time to time request that the consultant arrange for the services of others. All costs to the consultant for those services will be paid by the company but in no event shall the consultant employ others without the prior authorization of the company.

9. Signatures. Both the company and the consultant agree to the above contract.

Witnessed by:

WD – 4 Partnership

By: _____

Raymond Jones

By: _____

VII.

Defendants have paid the Plaintiff $45,000 as obligated in the contract (Exhibit "A"), with a promise to pay the rest as they were financially able. Plaintiff has received no funds from the Defendants since, leaving a balance owed to Plaintiff of Nine Hundred Fifty-Five Thousand and 00/100 Dollars ($955,000), for which Plaintiff seeks Judgment.

VIII.

Plaintiff alleges that Defendants have wrongfully breached the terms of the contract by failing to pay as agreed.

IX.

Plaintiff alleges that he has employed the services of an attorney in this matter and has thus incurred attorney's fees and will continue to incur attorney's fees until this litigation concludes.

WHEREFORE, Plaintiff prays that the Court, upon hearing this matter, grant judgment to Plaintiff for the amount of Nine Hundred Fifty-Five Thousand and 00/100 Dollars ($955,000), for attorney's fees and costs incurred and such other and further relief which the Court may deem just and proper.

Respectfully submitted,

BY: _____
Michael L. Loyd, OBA #5553
MICHAEL L. LOYD & ASSOCIATES
3810 North Peniel
Bethany, Oklahoma 73008
Tele: (405) 787-9950/Fax: (405) 789-0516
mloyd@mikeloyd.com
ATTORNEY FOR PLAINTIFF

John D. Miller, OBA #6213
3617 N.W. 58th Street, Suite 102
Oklahoma City, Oklahoma 73112
(405) 604-8031/Fax: (405) 604-8030
ATTORNEY FOR PLAINTIFF