IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ARTHUR COPELAND, *et al.*,

        Plaintiffs,

v.

C.A.A.I.R., INC., *et al.*,

        Defendants.

Case No.  17-CV-00564-TCK-JFJ

## DEFENDANT CAAIR, INC.'S RESPONSES TO PLAINTIFF ARTHUR COPELAND'S FIRST SET OF DISCOVERY REQUESTS

Defendant CAAIR, Inc. ("CAAIR") submits its Responses to Plaintiff Arthur Copeland's ("Plaintiff" and/or "Copeland") First Set of Discovery Requests as follows:

CAAIR objects generally and specifically to the "Definitions" and "Instructions" which proceed Plaintiff's First Set of Discovery Requests. Without waiving these objections, Defendant submits its Responses, which are made on the basis of information presently available to Defendant upon reasonable investigation. Because discovery is incomplete, there may be further facts and/or documents affecting Defendant's Responses, of which Defendant is presently unaware despite reasonable investigation and inquiry. Defendant reserves the right to modify its Responses with such relevant information as it may subsequently discovery. Defendant's Responses are made without prejudice to its using or relying on at trial subsequently discovered information.

### RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:** For each individual who has served as an officer and/or director of CAAIR, please state: (a) the individual's name; (b) the individual's position(s) at CAAIR; (c) the dates the individual held his or her position(s) at CAAIR; (d) each COMPANY

1

other than CAAIR for whom the individual has performed work since 2005; and (e) the

position(s) the individual held at each COMPANY and the dates such positions were held.

**Response to Interrogatory No. 1:**

- Rodney Dunnam; President; 2007-2011; Peterson Farms, Vice President of Credit, 2005-11/2006

- Janet Wilkerson; CEO; 2007-present; Peterson Farms, Vice President of Human Resources, 2005-10/2007

- Louise Dunnam; Vice President of Finance 2007-present; Peterson Farms, Human Resources Assistant, 2005-2007

- Donald Wilkerson; Vice President of Operations 2007-present; Decatur Discount Center, Hardware Department, 2005; DARP 2005-2006 (7 months)

- CAAIR Board of Directors:

- Scott McDaniel – 2007 - Current
- Gary Jech – 2007 - Current
- Doug Cox – 2009 – Current
- Brenda Haxel – 2009 - 2015
- Dayna Cook – 2015 - Current
- Rich Dailey – 2015 – Current
- Rodney Dunnam – 2007 - 2011
- Louise Dunnam – 2012 – Current
- Janet Wilkerson – 2007 - Current

**INTERROGATORY NO. 2:** For each year from 2006 through the present, please state

the total amount of payments made and funds transferred to CAAIR by (a) SIMMONS FOODS,

(b) SIMMONS PET FOOD, and (c) PETERSON, respectively.

**Response to Interrogatory No. 2:**

(a)      Documents will be produced which contain the information requested by this

Interrogatory.

2

(b)      Documents will be produced which contain the information requested by this Interrogatory.

(c)      None.

**INTERROGATORY NO. 3:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to WD-4 by (a) SIMMONS FOODS, (b) SIMMONS PET FOOD, and (c) PETERSON, respectively.

**Response to Interrogatory No. 3:**

(a)      None.

(b)      None.

(c)      None.

**INTERROGATORY NO. 4:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred to WD-4 by CAAIR.

**Response to Interrogatory No. 4:**    Objection. This request is not reasonably limited in time. It is also not relevant to the claims alleged. Documents will be produced which contain the information requested by this Interrogatory.

**INTERROGATORY NO. 5:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred by WD-4 to (a) Janet Wilkerson, (b) Don Wilkerson, (c) Louise Dunnam, and (d) Rodney Dunnam, respectively.

**Response to Interrogatory No. 5:**    Objection. This request is not reasonably limited in time. It is also not relevant to the claims alleged. Documents will be produced which contain the information requested by this Interrogatory.

**INTERROGATORY NO. 6:** For each year from 2006 through the present, please state the total amount of payments made and funds transferred by CAAIR to (a) Janet Wilkerson, (b) Don Wilkerson, (c) Louise Dunnam, and (d) Rodney Dunnam, respectively.

**Response to Interrogatory No. 6:**   Objection. This request is not reasonably limited in time. It is also not relevant to the claims alleged. Documents will be produced which contain the information requested by this Interrogatory.

**INTERROGATORY NO. 7:** For each person YOU contend has worked as a counselor and/or "mental health, addiction, education, and life coaching professional … providing services to CAAIR clients," please state: (a) the person's name, address, and telephone number; (b) the person's position at CAAIR and the dates of that position; and (c) the title, grantor, identification number, and date of issuance of any counseling or professional license or certification held by that person; and (d) the date upon which any such counseling or professional license or certification was suspended, revoked, expired, or otherwise lapsed.

**Response to Interrogatory No. 7:**

- (a) Joe Wilkerson; Red Willow Ministries, 282 S. Hwy 10, Kansas, OK, 74347. 479-238-3598; (b) independent contractor providing counseling services for CAAIR participants from 09/01/2008 to 01/06/2011; (c) He is a Certified Drug and Alcohol Counselor in Oklahoma; (d) CAAIR is not aware of any such events.

- (a) Jess Bartlett; Bartlett and Bartlett, LLC; 62401 E. 225 Road, Wyandotte, OK 74370 918-786-4154; (b) independent contractor providing counseling services and conducting classes for CAAIR participants; 08/24/2011 to present; (c) Alcohol and Other Drug Abuse Counseling License, Addiction and Prevention Services/Division of Health Care

4

Policy/Kansas Department of Social and Rehabilitation Services, 06/28/2007; (d) CAAIR is not aware of any such events.

- (a) Robert Davis; 2428 S. Wall, Joplin, MO 64804; 471-291-6667; (b) independent contractor providing counseling services and conducting classes for CAAIR participants; (c) Licensed Professional Counselor, Oklahoma State Board of Behavioral Health, No. 6132, 06/10/2016; Licensed Professional Counsel, State of Missouri, No. 2011024838, valid through 06/30/2019; (d) CAAIR is not aware of any such events.

**INTERROGATORY NO. 8:** Please state the name of each person YOU contend has been a "Certified Drug and Alcohol Counselor" at CAAIR as discussed in CAAIR's "Client Contract," and the basis for this contention.

**Response to Interrogatory No. 8:** *See* Response No. 7.

**INTERROGATORY NO. 9:** Please describe all job training activities provided to CAAIR residents by CAAIR staff.

**Response to Interrogatory No. 9:** Objection. This interrogatory is vague and ambiguous. Please explain the phrase "job training activities." Documents will be produced which contain information related to workplace skills provided to CAAIR participants.

**INTERROGATORY NO. 10:** Please state the number of persons entering the CAAIR program each year from 2007 to the present.

**Response to Interrogatory No. 10:** Objection. This request is not reasonably limited in time. It is also not relevant to the claims alleged. Information for the years 2007-2009 is unavailable. For 2009-2018 the total number is approximately 1534.

**INTERROGATORY NO. 11:** Please state the number of persons entering the CAAIR program each year from 2007 to the present who performed work for (a) SIMMONS FOODS and (b) SIMMONS PET FOOD, respectively.

**Response to Interrogatory No. 11:** CAAIR invoices to Simmons Foods and Simmons Pet Food will be produced.

**INTERROGATORY NO. 12:** For each year since 2007, please state the total number of hours worked by CAAIR residents for (a) SIMMONS FOODS and (b) SIMMONS PET FOOD, respectively.

**Response to Interrogatory No. 12:** CAAIR invoices to Simmons Foods and Simmons Pet Food will be produced.

**INTERROGATORY NO. 13:** For each year since 2007, please state the number of persons who obtained a paid position at SIMMONS FOODS and/or SIMMONS PET FOOD after completion of the CAAIR program.

**Response to Interrogatory No. 13:** CAAIR does not have the information to answer this interrogatory.

**INTERROGATORY NO. 14:** Please identify by name, address, and telephone number each person who has obtained a paid position at SIMMONS FOODS and/or SIMMONS PET FOOD after completion of the CAAIR program.

**Response to Interrogatory No. 14:** CAAIR does not have the information to answer this interrogatory.

**INTERROGATORY NO. 15:** Please identify by name and address each of the entities, including drug courts, that have sent or referred any person to CAAIR and the number of persons sent or referred to CAAIR by each such entity.

6

**Response to Interrogatory No. 15:** Objection. This request is unduly burdensome. CAAIR does not maintain this information in the regular course of business. CAAIR will produce placement sheets that contain some of the information sought by this interrogatory.

**INTERROGATORY NO. 16:** Please identify by name, address, and job title any medical, psychiatric, counseling, or other professional working in the field of drug and alcohol rehabilitation who provided CAAIR or WD-4 instruction, guidance, or consulting services at any time from January 1, 2006 to December 31, 2007.

**Response to Interrogatory No. 16:** CAAIR did not consult with a particular professional when setting up its recovery program, but had multiple people very familiar with addiction recovery and the Alcoholics Anonymous program, which CAAIR follows, involved in its formation.

**INTERROGATORY NO. 17:** If any medical, psychiatric, counseling, or other professional working in the field of drug and alcohol rehabilitation provided CAAIR or WD-4 instruction, guidance, or consulting services at any time from January 1, 2006 to December 31, 2007 please describe such instruction, guidance, or consulting services.

**Response to Interrogatory No. 17:** Not applicable.

**INTERROGATORY NO. 18:** Please state whether CAAIR has any process to determine and/or document whether persons leaving the CAAIR program remain drug and alcohol free after completion of the CAAIR program.

**Response to Interrogatory No. 18:** CAAIR is not aware of a way to track former participants' drug or alcohol usage.

**INTERROGATORY NO. 19:** If CAAIR utilizes any process to determine and/or document whether persons leaving the CAAIR program remain drug and alcohol free after completion of the CAAIR program, please describe that process in detail.

7

**Response to Interrogatory No. 19:** Not applicable.

**INTERROGATORY NO. 20:** Please identify by case name, case number, and jurisdiction any litigation, excluding criminal proceedings, to which CAAIR has been a party at any time.

**Response to Interrogatory No. 20:** This response does not include information regarding this litigation, the *Fochtman v. CAAIR* litigation, or the *Starns v. CAAIR* litigation about which Plaintiffs are already aware. *Raymond H. Jones v. WD-4 Partnership, et al.*, Case No. CJ-2011-238, Cherokee County, State of Oklahoma.

**INTERROGATORY NO. 21:** Please state whether CAAIR has obtained any workers' compensation insurance policy or policies covering CAAIR residents, and for each such policy, please state: (a) the carrier, policy number and effective dates; and (b) all claims made against such policy or policies, including the name of each CAAIR resident/claimant who made a claim.

**Response to Interrogatory No. 21:** Objection. This request is unduly burdensome and not relevant to the claims or defenses in this action. CAAIR does maintain workers' compensation insurance policies which cover CAAIR participants as required by contracts with work providers. CAAIR has obtained workers compensation insurance through Western Heritage, Travelers, CompSource, Dallas National, Stone Trust, and Chartis. Of the Plaintiffs in this action, CAAIR is aware of workers compensation claims made by Brad McGahey, Brandon Spurgin, and Jason Miqueli.

**INTERROGATORY NO. 22:** Please state the total number of CAAIR residents who have been covered at any time by any workers' compensation policy or policies obtained by CAAIR.

8

**Response to Interrogatory No. 22:** Objection. This request is not relevant to the claims or defenses at issue. The request is also unduly burdensome. CAAIR has no reasonable way to determine which participants performed services at a work provider as opposed to performing duties at CAAIR. All participants who have provided services for a work provider are covered by the policies.

**INTERROGATORY NO. 23:** Please describe in detail the process by which YOU searched for DOCUMENTS responsive to the DOCUMENT requests set forth below, including a description of all physical locations and electronic repositories searched and all search terms used for the search of electronic repositories.

**Response to Interrogatory No. 23:** CAAIR office personnel were provided instructions on information needed and they all assisted in reviewing information/documents to which they had control/custody to identify documents for production.

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce all DOCUMENTS identified in CAAIR's initial disclosures.

**Response to Request No. 1:** Responsive documents will be produced.

**REQUEST NO. 2:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between CAAIR and SIMMONS FOODS.

**Response to Request No. 2:** Objection. This request is patently overbroad and vague. *See Perez v. El Tequila LLC*, 2014 U.S. Dist. LEXIS 149372, at *3 (N.D. Okla. Oct. 20, 2014) ("omnibus discovery requests seeking 'all documents referring to, concerning, relating to' are unlikely to be enforced by this Court. They are generally too vague and overbroad on their face and do not describe with 'reasonable particularity' what is being sought."); *Howard v. Segway,*

9

*Inc.*, 2013 U.S. Dist. LEXIS 31402, at *5 (N.D. Okla. Mar. 7, 2013) ("The use of so-called omnibus phrases, such as 'relating to,' 'referring to,' or 'concerning' may, in themselves, violate the reasonable particularity requirement of Rule 34."). The contracts between CAAIR and Simmons Foods will be produced.

**REQUEST NO. 3:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between CAAIR and SIMMONS PET FOOD.

**Response to Request No. 3:** *See* Objection to Response No. 2. The contracts between CAAIR and Simmons Pet Food will be produced.

**REQUEST NO. 4:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between CAAIR and PETERSON.

**Response to Request No. 4:** *See* Objection to Response No. 2. None.

**REQUEST NO. 5:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between WD-4 and SIMMONS FOODS.

**Response to Request No. 5:** *See* Objection to Response No. 2. None.

**REQUEST NO. 6:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between WD-4 and SIMMONS PET FOOD.

**Response to Request No. 6:** *See* Objection to Response No. 2. None.

**REQUEST NO. 7:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract or other agreement between WD-4 and PETERSON.

**Response to Request No. 7:** *See* Objection to Response No. 2. None.

**REQUEST NO. 8:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and SIMMONS FOODS.

**Response to Request No. 8:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential communications, including communications which have no relevancy to this litigation. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 9:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and SIMMONS PET FOOD.

**Response to Request No. 9:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential communications, including communications which have no relevancy to this litigation. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 10:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and PETERSON.

**Response to Request No. 10:** *See* Objection to Response No. 2. None.

**REQUEST NO. 11:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between WD-4 and SIMMONS FOODS.

**Response to Request No. 11:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential communications, including communications which have no relevancy to this litigation. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 12:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between WD-4 and SIMMONS PET FOOD.

**Response to Request No. 12:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential communications, including communications which have no relevancy to this litigation. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 13:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between WD-4 and PETERSON.

**Response to Request No. 13:** *See* Objection to Response No. 2. None.

**REQUEST NO. 14:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication related to this lawsuit, excepting only communications with YOUR counsel, prospective counsel, or REPRESENTED PLAINTIFFS' counsel.

**Response to Request No. 14:** *See* Objection to Response No. 2. CAAIR objects to the overly broad nature of this Request and the burdensomeness of it. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 15:** Please produce all DOCUMENTS created and/or transmitted at any time from 2005 to the present referring to or relating to BJR.

**Response to Request No. 15:** *See* Objection to Response No. 2. CAAIR objects to the overly broad nature of this Request and the burdensomeness of it. This is not limited in time and on its face covers 13 years. Without waiving these objections, responsive documents addressing the formation of BJR Management, LLC will be produced.

**REQUEST NO. 16:** Please produce all DOCUMENTS created and/or transmitted at any time from 2005 to the present referring to or relating to Blake Evans.

**Response to Request No. 16:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and on its face covers 13 years. It is also not limited in scope. Without waiving these objections, documents related to the formation of BJR will be produced.

**REQUEST NO. 17:** Please produce all DOCUMENTS created and/or transmitted at any time from 2005 to the present referring to or relating to Raymond Jones.

**Response to Request No. 17:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and on its face covers 13 years. It is also not limited in scope. Without waiving these objections, non-privileged documents related to the litigation with Mr. Jones and other documents related to Mr. Jones that can be located will be produced.

**REQUEST NO. 18:** Please produce all DOCUMENTS referring to or relating to SIMMONS FOODS and related in any way to work performed by CAAIR residents.

**Response to Request No. 18:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential documents. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 19:** Please produce all DOCUMENTS referring to or relating to SIMMONS PET FOOD and related in any way to work performed by CAAIR residents.

13

**Response to Request No. 19:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential documents. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 20:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and Michael Owens.

**Response to Request No. 20:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential documents. Without waiving these objections, CAAIR has attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 21:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and Carmen Seal.

**Response to Request No. 21:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential documents. Without waiving these objections, CAAIR states there are no known documents responsive to this Request.

**REQUEST NO. 22:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and Sarah Smith.

**Response to Request No. 22:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential documents. Without waiving these objections, CAAIR has

attempted to search its records and will provide documents responsive to this Request to the best of its ability.

**REQUEST NO. 23:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and Thomas Smith.

**Response to Request No. 23:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential documents. Without waiving these objections, CAAIR states there are no known documents responsive to this Request.

**REQUEST NO. 24:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and Cristi Beaumont.

**Response to Request No. 24:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request. This is not limited in time and potentially covers approximately 10 years of potential documents. Without waiving these objections, CAAIR states any responsive documents will be contained in CAAIR participant files.

**REQUEST NO. 25:** Please produce all DOCUMENTS reflecting, referring to, or relating to any CAAIR marketing material, including but limited to such material prepared or transmitted by Kevin Lewis.

**Response to Request No. 25:** *See* Objection to Response No. 2. Marketing materials responsive to this Request will be produced.

**REQUEST NO. 26:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication between CAAIR and Mary Bebout.

**Response to Request No. 26:** *See* Objection to Response No. 2. Communications responsive to this Request will be produced.

15

**REQUEST NO. 27:** Please produce all DOCUMENTS referring to or relating to PETERSON.

**Response to Request No. 27:** *See* Objection to Response No. 2. None.

**REQUEST NO. 28:** Please produce all DOCUMENTS reflecting, referring to, or relating to any amounts paid to CAAIR or WD-4 by SIMMONS FOODS, SIMMONS PET FOOD, or any other person or COMPANY for work performed by the REPRESENTED PLAINTIFFS.

**Response to Request No. 28:** *See* Objection to Response No. 2. Invoices for Simmons and Simmons Pet Food will be produced. If the Plaintiffs seek invoices for other work providers, please provide a list of the work providers to which each Plaintiff was placed, and CAAIR will consider the request.

**REQUEST NO. 29:** Please produce all DOCUMENTS reflecting, referring to, or relating to records of the hours worked by the REPRESENTED PLAINTIFFS.

**Response to Request No. 29:** *See* Objection to Response No. 2. *See* Response to Response No. 28.

**REQUEST NO. 30:** Please produce all DOCUMENTS referring to or relating to the REPRESENTED PLAINTIFFS.

**Response to Request No. 30:** *See* Objection to Response No. 2. CAAIR objects to the overly broad and burdensome nature of this Request.  Without waiving this objection, CAAIR will produce each Plaintiffs' CAAIR file; emails related to Plaintiffs; placement sheets; workers compensation files of Plaintiffs; invoices; and log books which may have information responsive to this Request.  The handwritten log books will be made available for inspection and copying at our office at a mutually convenient time.

**REQUEST NO. 31:** Please produce all DOCUMENTS referring to or relating to the purchase, by SIMMONS FOODS, of assets of PETERSON.

**Response to Request No. 31:** *See* Objection to Response No. 2. None.

**REQUEST NO. 32:** Please produce all DOCUMENTS reflecting, referring to, or relating to any communication(s) or interaction(s) between CAAIR and ODMHSAS, including but not limited to any application(s) made by CAAIR to ODMHSAS and all communications regarding the same.

**Response to Request No. 32:** *See* Objection to Response No. 2. CAAIR will produce documents responsive to this Request.

**REQUEST NO. 33:** Please produce all DOCUMENTS reflecting, referring to, or relating to CAAIR's certificate of incorporation, articles of incorporation, by-laws, and/or share or other equity certificates.

**Response to Request No. 33:** *See* Objection to Response No. 2. CAAIR will produce corporate documents responsive to this Request.

**REQUEST NO. 34:** Please produce all DOCUMENTS reflecting, referring to, or relating to WD-4's certificate of incorporation, articles of incorporation, by-laws, and/or share or other equity certificates.

**Response to Request No. 34:** *See* Objection to Response No. 2. CAAIR will produce corporate documents in its possession responsive to this Request.

**REQUEST NO. 35:** Please produce all DOCUMENTS reflecting, referring to, or relating to any filing by CAAIR with the Oklahoma Secretary of State.

**Response to Request No. 35:** *See* Objection to Response No. 2. *See* Response to Response No. 33.

17

**REQUEST NO. 36:** Please produce all DOCUMENTS reflecting, referring to, or relating to descriptions of the CAAIR program that have been provided to drug courts or to any person employed by the State of Oklahoma.

**Response to Request No. 36:** *See* Objection to Response No. 2. CAAIR will produce documents responsive to this Request.

**REQUEST NO. 37:** Please produce all DOCUMENTS reflecting, referring to, or relating to CAAIR's POLICIES.

**Response to Request No. 37:** *See* Objection to Response No. 2. CAAIR will produce documents responsive to this Request.

**REQUEST NO. 38:** Please produce all DOCUMENTS reflecting, referring to, or relating to any workers' compensation insurance policies obtained by CAAIR. This request includes, but is not limited to, copies of all policies, all applications for such policies, and all communications regarding such policies.

**Response to Request No. 38:** *See* Objection to Response No. 2. CAAIR will produce documents within its custody or control that are responsive to this Request.

**REQUEST NO. 39:** Please produce all DOCUMENTS reflecting, referring to, or relating to Compsource Mutual Insurance Company and/or Freestone Insurance Company.

**Response to Request No. 39:** *See* Objection to Response No. 2. CAAIR will produce documents within its custody or control that are responsive to this Request.

**REQUEST NO. 40:** Please produce all DOCUMENTS reflecting, referring to, or relating to training materials, guidelines, or instructions used by CAAIR staff, including but not limited to such training materials, guidelines, or instructions related to interaction with drug courts and CAAIR residents and to progress reports provided to drug courts.

**Response to Request No. 40:**  *See* Objection to Response No. 2. CAAIR will produce documents responsive to this Request.

**REQUEST NO. 41:** Please produce all DOCUMENTS reflecting, referring to, or relating to any investigation, inquiry, claim, enforcement action, or other activity concerning CAAIR or WD-4 by the Oklahoma Department of Labor or any other municipal, county, state, or federal entity.

**Response to Request No. 41:**  *See* Objection to Response No. 2. CAAIR will produce documents responsive to this Request.

**REQUEST NO. 42:** Please produce all DOCUMENTS reflecting, referring to, or relating to the ATR or Access to Recovery Grant received by CAAIR in or about 2009 or 2010.

**Response to Request No. 42:**  *See* Objection to Response No. 2. CAAIR will produce any documents responsive to this Request.

**REQUEST NO. 43:** Please produce all DOCUMENTS reflecting, referring to, or relating to any investigation or analysis performed by CAAIR and/or any other person or entity, excluding YOUR counsel, related to the status of CAAIR residents as employees or non-employees of CAAIR and/or entities for whom CAAIR residents perform labor.

**Response to Request No. 43:**  *See* Objection to Response No. 2. CAAIR will produce documents responsive to this Request.

**REQUEST NO. 44:** Please produce all DOCUMENTS reflecting, referring to, or relating to any contract between CAAIR and any drug court, excluding only such contracts pertaining to specific CAAIR residents identified by name in the contract.

**Response to Request No. 44:**  *See* Objection to Response No. 2. None.

19

**REQUEST NO. 45:** Please produce all DOCUMENTS signed by both (a) Raymond Jones and (b) Janet Wilkerson, Rodney Dunnam, and/or Blake Evans.

**Response to Request No. 45:** *See* Objection to Response No. 2. CAAIR will produce documents responsive to this Request.

**REQUEST NO. 46:** Please produce all DOCUMENTS filed by CAAIR with the Oklahoma Workers' Compensation Commission, including but not limited to all forms, claims, answers, and/or reports that must be filed with a written declaration made under penalty of perjury pursuant to 85A Okl. St. § 123.

**Response to Request No. 46:** *See* Objection to Response No. 2. The request is also overbroad and unduly burdensome in that it would require CAAIR to review every document filed with the OWCC to determine if it has the required declaration. The request is also overbroad in that it is not limited to Plaintiffs. CAAIR will produce documents within its custody or control that are responsive to this Request and related to Plaintiffs.

**REQUEST NO. 47:** Please produce all DOCUMENTS supporting the defenses raised in YOUR Answer to plaintiffs' Second Amended Complaint.

**Response to Request No. 47:** *See* Objection to Response No. 2. *See* documents produced in response to these discovery requests.

**REQUEST NO. 48:** Please produce all DOCUMENTS reflecting, referring to, or relating to any insurance policy that may cover the defense of or liability for any claims at issue in this litigation.

**Response to Request No. 48:** *See* Objection to Response No. 2. A copy of the declarations page for any applicable insurance will be produced.

Respectfully submitted,

_____

Denelda L. Richardson, OBA #20103
Randall E. Long, OBA #22216
Michael P. Robertson, OBA #32551
Rhodes Hieronymus Jones Tucker & Gable, PLLC
P. O. Box 21100
Tulsa, OK 74121-1100
918.582.1173 (Phone)
918.592.3390 (Facsimile)
drichardson@rhodesokla.com
rlong@rhodesokla.com
*Attorneys for Defendant CAAIR, Inc.*

## CERTIFICATE OF MAILING

I hereby certify that on the 16th day of May, 2018, a true and correct copy of the above entitled document was emailed and mailed, via first-class mail, with proper postage affixed, to the following:

Daniel Smolen
David Warta
**Smolen, Smolen & Roytman**
701 S. Cincinnati Avenue
Tulsa, OK 74119
*Attorneys for Plaintiffs*

and

Carey James
Randall Aiman-Smith
Reed W.L. Marcy
Hallie Von Rock
Brent Robinson
**Aiman-Smith & Marcy**
7677 Oakport Street, Suite 1150
Oakland, CA 94621
*Attorneys for Plaintiffs*

Christopher Thrutchley
Amy Stipe
Justin Lollman
Philip Hixon
John David Russell
**GableGotwals**
100 West Fifth Street
Suite 1100
Tulsa, OK 74103
*Attorneys for Defendants, Simmons Foods, Inc. and Simmons Pet Food, Inc.*

_____
Randall Long

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

ARTHUR COPELAND, *et al.*,

      Plaintiffs,

v.

      Case No.  17-CV-00564-TCK-JFJ

C.A.A.I.R., INC., *et al.*,

      Defendants.

## VERIFICATION OF JANET WILKERSON

I, Janet Wilkerson, am the CEO for CAAIR, Inc. ("CAAIR"), I have reviewed CAAIR's Responses to Plaintiff's First Interrogatories and verify and declare under penalty of perjury of the laws of the State of Arkansas that the foregoing is true and correct to the best of my knowledge and belief.

Dated this _____ of May, 2018.

_____
Janet Wilkerson

23