

**GABLE GOTWALS**
COUNSEL

Christopher S. Thrutchley
Direct Line: (918) 595-4810
cthrutchley@gablelaw.com

1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone (918) 595-4800
Fax (918) 595-4990
www.gablelaw.com

May 16, 2018

**VIA EMAIL**
ras@asmlawyers.com

Randall B. Aiman-Smith
AIMAN-SMITH & MARCY
7677 Oakport Street, Suite 1150
Oakland, CA 94621

    Re:    *Copeland, et al. v. C.A.A.I.R., Inc., et al.*, NDOK Case No. 17-CV-564-TCK-JFJ

Dear Randall:

    Thank you for your recent letter. It appears we should be able to resolve striking the unnecessary fraud allegations but are far apart on the issue of discovery. I propose the following solutions to both issues.

### I. Striking Fraud Allegations from the Second Amended Complaint

    You identified only two issues that prevent Plaintiffs from removing the fraud allegations from the Second Amended Complaint ("SAC"): (1) you don't know what exact language Simmons would like stricken, and (2) you're uncertain how, procedurally, the parties could excise the offensive, unnecessary language given Simmons' pending motion to dismiss. I believe those concerns are easily addressed as follows.

    *First*, attached you'll find a redline version of Plaintiffs' SAC. As you'll see, the language we propose to strike targets only Plaintiffs' averments of fraud, which—by Plaintiffs' own admission—are irrelevant to the elements of the claims asserted.

    *Second*, regarding procedure, we believe a joint motion to strike provides the perfect solution. That option not only allows the Court to move forward with a decision on the motion to dismiss, but also allows Plaintiffs to clarify now, once and for all, that their claims do not hinge on allegations of fraud *before* the Court rules on Simmons' motion. Given Plaintiffs' ever-changing stance on the relevance of the fraud allegations, this latter point is particularly important. By moving to strike the fraud allegations now, Plaintiffs will eliminate

**PLAINTIFF'S EXHIBIT 9**



Randall B. Aiman-Smith
May 16, 2018
Page 2

any confusion they may have created for the Court, thus facilitating a proper resolution of the motion to dismiss.

Your only concern with this approach—that it would leave the offending language in the SAC and, thus, in your view, not address Simmons' concern with correcting the public record—is misplaced. As you know, nothing—not even a third amended complaint—is going to remove these injurious allegations from the public record. While ideally Plaintiffs wouldn't have made such unsupported allegations so cavalierly in the first place, a public retraction by Plaintiffs is, in Simmons' view, the next best alternative.

To that end, attached you will find a proposed Joint Motion to Strike. We believe it is narrowly tailored to address each side's concerns, all the while allowing the Court to move forward with completely clarity toward a ruling on Simmons' motion to dismiss.

***Please let me know by Friday, May 18, whether Plaintiffs will agree to file the proposed joint motion***. Otherwise, Simmons will seek immediate relief from the Court as part of facilitating a clear resolution of the issues in the pending motion to dismiss.

II.     **Simmons' Pending Discovery Requests**

While we appreciate your discovery proposals, Simmons cannot agree to sit on its hands for 60 days (or more) *after* the Court rules on its motion to dismiss. There are currently 50 named Plaintiffs not counting FLSA opt-ins. Although Plaintiffs may see this as a reason for delaying discovery, we see it as reason for starting now.

Simmons has no interest in slow-playing this case, as it is eager to vindicate itself and its reputation. Nor does it intend to limit its discovery in light of the number of Plaintiffs. We intend to depose all of the named Plaintiffs given the nature of the allegations in this case and likely several of the opt-ins. Before doing so, we naturally want complete responses to the written discovery requests.

If we delay discovery until after the Court's ruling on the motion to dismiss, there is going to be a log jam of depositions. Even if we deposed five named Plaintiffs a week, that's two-and-a-half months of *straight* depositions. Rather than finding ourselves in that situation, we believe the practical course is to get *both* written discovery *and* depositions moving on a rolling schedule as quickly as possible (particularly since you expect the motion to dismiss will be rejected entirely). To that end, I propose the following:

1. **Plaintiffs respond promptly to Simmons' First RFPs**. Because these requests only require Plaintiffs' signatures, the time and effort to respond is as minimal as it gets. Plaintiffs' current deadline (from the later date we hand-delivered copies to your co-counsel) is **May 28**. We are glad to allow an additional two weeks to provide the signed authorizations, making the deadline **June 11**.

2. **Plaintiffs start rolling production on the First ROGs and Second RFPs**. In terms of pace, I believe responses for at least three Plaintiffs per week is reasona-



Randall B. Aiman-Smith
May 16, 2018
Page 3

ble. We're glad to allow a two-week extension for production of the first three by **June 11**. We would prefer that the first two weeks of rolling production include all of the originally named Plaintiffs, because we would like to depose them first.

3. **Depose Plaintiffs on a rolling basis**. We propose taking each Plaintiff's deposition about 30 days after Simmons' receipt of that Plaintiff's discovery responses. We could begin with the originally named Plaintiffs during the weeks of July 16 and July 23. Let me know if those weeks work for you and, if so, what days you would be able to make Plaintiffs available. We will then need to coordinate with counsel for CAAIR to confirm mutually acceptable dates.

I look forward to hearing from you by **May 18** regarding Plaintiffs' decision to voluntarily strike the fraud allegations. I also welcome your thoughts regarding discovery. As always, if you wish to discuss any of the foregoing, please let me know.

Respectfully,

Christopher S. Thrutchley
For the Firm