

**PLAINTIFF'S EXHIBIT 10**

From: **Daniel Smolen** danielsmolen@ssrok.com
Subject: Follow up to our phone call on Monday
Date: June 22, 2018 at 4:59 PM
To: **Chris S. Thrutchley** cthrutchley@gablelaw.com, rlong@rhodesokla.com
Cc: **David Warta** davidwarta@ssrok.com, **Sterling Sims** sterlingsims@ssrok.com

Chris and Randy:

As discussed during our conference on Monday, I have further considered your request for Drug Court record authorizations, as well as Defendants' request for responses to a combined 100+ sets of additional discovery, over and above the 23 sets that were voluntarily answered over the last few months.

As I stated during the call, it is Plaintiffs' view that until the Court's ruling on the Motion to Dismiss, the pre-certification discovery period contemplated in the JSR has yet to begin and therefore, assuming the additional discovery requests were not otherwise objectionable, they are certainly premature. In the Joint Status Report, the parties agreed that it was premature for the Court to issue a scheduling order until <u>after</u> the Court has resolved Simmons' Motion to Dismiss. The parties further agreed that the twelve month pre-class certification discovery period would commence upon resolution of Simmons' Motion to Dismiss. Dkt. 51 at p. 7. Based upon the representations made in the Joint Status Report, Judge Kern entered a Minute Order finding "**good cause for delay in issuing a scheduling order in this case, as Defendants Simmons Foods, Inc., and Simmons Pet Food, Inc., have filed a Motion to Dismiss, which should first be resolved.**" Dkt. 52. Despite your assertions to the contrary, this has always been Plaintiffs view, and was clearly communicated as such in email correspondence dating back to February. While Plaintiffs previously agreed to operate outside of those parameters regarding initial discovery propounded by CAAIR, at the time such agreement was made, it was never contemplated, much less agreed, that Defendants would propound and Plaintiffs would answer an *additional* 100+ sets of discovery. And as was clearly stated in Chris's March 12 email, before any of the additional discovery had been propounded, "This is to confirm and make clear that the agreement between CAAIR and Plaintiffs doesn't involve Simmons and Plaintiffs. No agreements have been reached concerning discovery between Simmons and Plaintiffs . . .."

I also note that Plaintiffs have already provided responses in regard to roughly 1/3 of the named and/or opt-in Plaintiffs, which is arguably a sufficient number of Plaintiffs from whom responses would be required at the pre-certification stage, much less before the pre-certification stage. Furthermore, the Parties requested six months of merits-based discovery regarding any certified claims. Therefore, in the event that any claim is certified, the Parties would end up with eighteen months of discovery after the Motion to Dismiss is resolved.

In regards to the requested Drug Court releases, in the event that the Court grants Simmons' Motion to Dismiss, in whole or in part, the information obtained from such releases may serve no purpose, other than to create a tremendous waste of financial and personnel resources. You have requested these records several times, but their relevancy still remains unclear. Even assuming that there were a legitimate basis for obtaining the releases, there appear to be several procedural hurdles to doing so. The Courts will not release the records without specific consent to do so, given the sensitive, confidential nature of certain documents that may be contained within those files. Furthermore, it is our position that, absent a voluntary request from a given Plaintiff to sign a release, such disclosure by my firm would contravene Drug Court policy, which requires such consent to be *freely and voluntarily* given. It is our position that we will not begin to undergo the lengthy process of uncovering these confidential records unless and until you can demonstrate their relevancy and necessity.

As stated, Plaintiffs have already voluntarily produced 23 sets of responses to discovery. I also note that CAAIR provided discovery responses, but has only produced limited documents to date, which they agreed to produce on a piecemeal, rolling basis. Of course, we are willing to suspend further production of those documents as well until the Motion to Dismiss is resolved, provided that Defendants are willing to agree on a compromise. Given the current procedural posture of the case, are you willing to agree to limit discovery activities to third party discovery at this juncture, until the Motion to Dismiss is resolved? That would allow Defendants to continue pursuit of evidence that may help streamline future discovery efforts once the Motion

to Dismiss is resolved.

Please let us know if this proposal is acceptable to you. Of course, I am willing to discuss further if you wish.

Regards,

Dan