## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ARTHUR COPELAND, individually and on behalf of all others similarly situated; et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 17-CV-564-TCK-JFJ** |
| **C.A.A.I.R., INC., a domestic not for profit corporation; et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## <u>OPINION AND ORDER</u>

Before the Court are Plaintiffs' Motion to Modify Discovery Obligations/Motion for Protective Order ("Motion to Modify") (ECF No. 132).  For reasons explained below, the motion is denied.

## I.     Relevant Procedural History[1]

At a hearing conducted October 23, 2018, the Court rejected Plaintiffs' contention that discovery had been stayed and rejected Plaintiffs' request to stay discovery.  Following a lengthy meet and confer, the parties resolved several discovery disputes and agreed to a discovery plan, which is reflected in the Joint Status Report filed November 6, 2018 and agreed Orders.  ECF Nos. 90, 93, 94.  That plan included agreement on Defendant C.A.A.I.R. Inc.'s ("CAAIR") request for production 12 and Defendants Simmons Pet Food, Inc. and Simmons Foods, Inc. ("Simmons") request for production 57, both of which requested Plaintiffs' Facebook archives.  ECF No. 90 at 2-3 ("Plaintiffs agree to produce their Facebook archives subject to the following protocol for searching and producing responsive information . . . .").  The Court resolved the remaining

---

[1] The district court's recent Opinion and Order dated sets forth Plaintiffs' factual allegations and claims.  *See Copeland v. C.A.A.I.R.*, Inc., No. 17-CV-564-TCK-JFJ, 2019 WL 4307125, at *2 (N.D. Okla. Sept. 11, 2019).  The Court does not repeat those facts here, and only sets forth the procedural history relevant to the Motion to Modify.

discovery disputes by Order dated November 16, 2018, and the parties proceeded with discovery. ECF No. 97.

On April 10, 2019, Defendants CAAIR and Simmons filed a Joint Motion to Compel and for Discovery Sanctions (ECF No. 100). During the hearing, the Court denied Defendants' requested sanction of dismissal of certain noncompliant Plaintiffs. By written Order dated July 15, 2019, the Court denied Defendants' request for any "final deadline" governing or warning of dismissal to Plaintiffs in partial or total noncompliance with discovery obligations. The Court found such deadline or warning premature given the overall status of the litigation. The Court granted the motion to compel and ordered Plaintiffs to continue working diligently to comply with discovery requests. ECF No. 114. The Court ordered the parties to file a Joint Status Report and updates on discovery compliance following the district court's ruling on the pending motion to dismiss. *Id.* Also on July 15, 2019, Plaintiffs expressed concerns to Defendants regarding the amount of irrelevant data being generated by the Facebook search term list, and the parties began negotiating revised search terms.

On September 11, 2019, the district court issued an Opinion and Order ruling on Simmons' Motion to Dismiss ("9/11/19 Order"). The district court denied Simmons' motion to dismiss the Fair Labor Standards Act ("FLSA") and state-law wage claims (Claims 1, 2, 6, 7, 8, 9, 11), rejecting Simmons' arguments that Plaintiffs failed to adequately allege "employee" status under the FLSA. ECF No. 115 at 6-12. The district court also denied Simmons' motion to dismiss Plaintiffs' claims for: unjust enrichment (Claim 10); involuntary servitude, in violation of 18 U.S.C. § 1584 (Claim 13); forced labor, in violation of 18 U.S.C. § 1589 and 21 O.S. §§ 748, 748.2 (Claims 12, 5); racketeering by Wilkerson, in violation of 18 U.S.C. § 1962(c) (Claim 3); and racketeering by CAAIR and Simmons, in violation of 18 U.S.C. § 1962(d) (Claim 4). The district court dismissed Plaintiffs' claims for involuntary servitude and forced labor, in violation of 18

U.S.C. § 1590 (Claim 14) against Simmons; and involuntary servitude, in violation of the Thirteenth Amendment (Claim 15) against all Defendants. Accordingly, the lawsuit is proceeding against Defendants as to virtually all of Plaintiffs' theories of liability.

On September 20, 2019, Defendants accepted many of Plaintiffs' proposed revisions to the Facebook archives search term list and offered alternatives for others. Plaintiffs have not responded to the proposed compromise and are now taking the position that, in light of the reasoning in the 9/11/19 Order, the Facebook archives are irrelevant and not proportional to the needs of the case.

In October of 2019, the parties filed their Joint Status Report (ECF No. 122) and statements regarding status of discovery compliance (ECF Nos. 123, 125, 130). Plaintiffs stated that the district court's rulings "render much of Defendants' discovery requests" irrelevant and/or not proportional to the needs of the case and that they would be filing a motion to modify discovery obligations. ECF No. 122 at 7. The Court ordered any such motion to be filed by a date certain and delayed entering a schedule or ruling on discovery compliance issues until the Court could consider Plaintiffs' arguments.

As ordered by the Court, Plaintiffs filed the pending Motion to Modify, which relates exclusively to discovery of Plaintiffs' Facebook archives. Defendants Simmons and CAAIR filed responses (ECF Nos. 142, 144), and Plaintiffs failed to file a reply by the required deadline of January 3, 2020.

## II.    Analysis

Plaintiffs' Motion to Modify is denied, because: (1) Plaintiffs entered into an agreement to provide the Facebook archives; and (2) Plaintiffs failed to show cause for modification of such

agreement.[2]

Plaintiffs concede they agreed to produce the Facebook archives subject to a search protocol. Specifically, the record demonstrates that Defendants filed motions to compel the Facebook archives and other discovery; the Court conducted a hearing and was prepared to resolve disputes; the parties reached agreement regarding the Facebook archives following a lengthy negotiation process regarding numerous discovery disputes; the parties presented that agreement to the Court in a written report; Plaintiffs' counsel made substantial efforts to obtain the information from their clients; and the parties have engaged in ongoing negotiations regarding reasonable search terms. Undoubtedly, both parties compromised to reach resolution of global discovery issues. The Court finds important policy reasons to enforce the discovery agreement regarding the Facebook archives. *See In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prod. Liab. Litig.*, No. MD 16-2695 JB/LF, 2018 WL 4200315, at *17 (D.N.M. Aug. 31, 2018) (explaining that parties "need to know that discovery agreements will be honored," because "[i]f agreements are not honored, parties are dis-incentivized from entering those agreements - not to mention cooperation in general - requiring more judicial oversight in discovery").

Assuming the Court were inclined to modify the discovery agreement pursuant to its inherent power to control discovery and/or Federal Rule of Civil Procedure 1 or 26(b)(1), as urged by Plaintiffs, Plaintiffs have failed to demonstrate any cause for modification. Plaintiffs essentially offer two justifications for modification: (1) the district court's 9/11/19 Order ruling on the motion to dismiss; and (2) that obtaining the Facebook archives from Plaintiff "has proven to be a nearly impossible task." ECF No. 132 at 1. Neither argument is persuasive.

---

[2] The Court expressly permitted Plaintiffs to file the Motion to Modify, and the Court excuses any failure to meet and confer or untimeliness of the motion. Further, the Court elects to resolve the Motion to Modify on substantive grounds that apply to both responding Defendants, rather than waiver. Therefore, the Court rejects Simmons' first three procedural arguments. *See* ECF No. 142 at 12-14.

First, the 9/11/19 Order does not eliminate the original relevance of Plaintiffs' Facebook archives. With respect to relevance to Plaintiffs' federal and state wage and hour claims, the district judge held that Plaintiffs' factual allegations were adequate to survive a Rule 12(b)(6) motion to dismiss. Contrary to Plaintiffs' arguments, the district judge did not resolve the issue of whether Plaintiffs are "employees" for purposes of the FLSA. Further, in ruling on the motion to strike Plaintiffs' fraud allegations, the district court reasoned:

> Moreover, the allegations have a "possible relation or logical connection to the subject matter of the controversy" as Plaintiffs argue they are relevant to at least their claims under the FLSA, and they appear relevant to refuting Simmons's argument under *Strickland* that Plaintiffs did not have the subjective expectation of compensation by Defendants. Though arguments under *Strickland* were not sufficient, in light of Plaintiffs' other allegations, to justify dismissing Plaintiffs' wage claims pursuant to Rule 12(b)(6), such an argument may be persuasive based on the more developed factual record of summary judgment.

ECF No. 115 at 28. The Court agrees with Simmons that Plaintiffs' subjective expectations remain relevant to the FLSA claims. In addition, as argued by both Defendants, these requests for production were also aimed at discovering relevant information regarding Plaintiffs' other claims.[3] Nothing in the district court's order reduces the relevance of the Facebook archives to Plaintiffs' other claims. Plaintiffs failed to file a reply brief or otherwise respond to Defendants' arguments regarding the relevance of the Facebook archives to other claims.

Second, the difficulty of obtaining Plaintiffs' Facebook archives does not persuade the Court to modify the discovery agreement. Plaintiffs argue that many Plaintiffs are transient, lack access to a computer, access Facebook only via their cell phone, and cannot provide the requested information. Plaintiffs contend their agreement is now proving to be overly burdensome and not proportional to the needs of the case. However, Plaintiffs' counsel knew the characteristics of

---

[3] Simmons attached publicly available Facebook posts, arguing that such posts are relevant to Plaintiffs' claims that CAAIR failed to provide rehabilitative treatment. *See, e.g.*, ECF No. 142-1 at 1 (Facebook post by Plaintiff stating that "I was at caair for a year, and it completely changed my way of thinking and my life").

Plaintiffs when these discovery negotiations took place and had reason to contemplate the current challenges. While the Court will take all circumstances into account in assessing any consequences of non-compliance, the Court finds no cause to modify the discovery agreement. Further, Defendants have proposed reasonable and cost-effective solutions for Plaintiffs who are cooperative and willing to provide the information but simply lack the ability to do so. These solutions include providing their Facebook login information to Plaintiffs' counsel, coming to Plaintiff's counsel's office, or finding a friend or public library with Internet access. Defendants have also provided the simple instructions for downloading one's Facebook archive from a computer, iPhone, or Android phone. ECF No. 142 at 21, n.27.

## III. Conclusion

Plaintiffs' Motion to Modify Discovery Obligations/Motion for Protective Order ("Motion to Modify") (ECF No. 132) is **DENIED.**

The matter is set for a scheduling conference on Friday, February 7, 2020, at 9:00am. The following matters are also set for hearing at that time:

1. Defendants' renewed requests for warnings and/or dismissal sanctions for non-compliance with discovery (conclusory paragraphs of ECF Nos. 125, 130).

2. CAAIR's Motion to Quash (ECF No. 128)

**SO ORDERED** this 31st day of January, 2020.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**