IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ARTHUR COPELAND, et al.,** | |
| Plaintiffs, | |
| v. | Case No. 17-CV-564-TCK-JFJ |
| **C.A.A.I.R., INC.**, a not-for-profit corporation, **et al.,** | |
| Defendants. | |

**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING PLAINTIFFS' MISSOURI UNJUST ENRICHMENT CLAIM OF DEFENDANTS SIMMONS FOODS, INC. & SIMMONS PET FOOD, INC.**

The FLSA preempts state common law claims seeking payment for wages required under the FLSA. Plaintiffs' Missouri unjust enrichment claim against Defendants Simmons Foods, Inc. and Simmons Pet Food, Inc. (collectively, "Simmons") should be dismissed on this basis. As this Court has previously recognized, Plaintiffs' Missouri unjust enrichment claim merely allows them to recover "the difference between what Simmons actually paid for Plaintiffs' labor and what it was required by the FLSA to pay." Dkt. #115 at 13. Because this claim, at most, allows Plaintiffs to recover "the amount required by the FLSA," it is duplicative of the FLSA's statutory remedies and, thus, is preempted. For these reasons, the Court should enter judgment on the pleadings in favor of Simmons, and against Plaintiffs, on Plaintiffs' Missouri unjust enrichment claim.

## I.  BACKGROUND

### A.  Factual Allegations

Defendant CAAIR is a long-term residential drug and alcohol recovery program headquartered in Jay, Oklahoma. Dkt. #42 at 8, 11. Participants in the program are required to perform work at nearby work-providers, including Simmons. Dkt. #42 ¶¶8–11, 33–34. Plaintiffs are a group of 47

former CAAIR participants, all of whom performed work at Simmons while in the CAAIR program. *Id.* ¶¶ 8–14.

Simmons contracts with CAAIR for labor. *Id.* ¶¶ 16–17. Plaintiffs allege that Simmons pays CAAIR a "discounted rate" for the work performed, which CAAIR then keeps. *Id.* ¶ 34. Participants receive no compensation for the work they perform in the program. *Id.* ¶¶ 3, 34. Notably, Plaintiffs do not allege what this "discounted rate" is. Nor do they allege that the rate is lower than $7.50 per hour for straight time or $11.25 for overtime.[1] The Court, nevertheless, has interpreted these allegations as "indicat[ing] that Simmons [was] receiving labor for less than the required minimum wage and overtime pay." Dkt. #115 at 8.

## B. Procedural History

Plaintiffs filed this case on October 10, 2017. Dkt. #2. They filed their *Second Amended Complaint* one month later. Dkt. #42. In it, they assert a variety of claims, including causes of action for forced labor, involuntary servitude, human trafficking, Missouri unjust enrichment, violations of the RICO Act, and failure to pay minimum wage and overtime under the FLSA and state law.

Simmons moved to dismiss Plaintiffs' *Second Amended Complaint* in January 2018. Dkt. #49. In doing so, Simmons argued that the Court should dismiss Plaintiffs' Missouri unjust enrichment claim, their tenth cause of action, because (i) Plaintiffs performed work without any reasonable expectation of compensation, and (ii) Simmons had already paid CAAIR the agreed-to contract rate for Plaintiffs' labor. *Id.* at 24–25; Dkt. #62 at 18–19. In support of this latter argument, Simmons cited to Missouri case law holding that a subcontractor (Plaintiffs) cannot maintain an unjust enrichment claim against a principal (Simmons) where the principal has already paid the general contractor (CAAIR) the amount due under the parties' contract. Dkt. #49 at 25 (citing *Lee Deering Elec. Co. v. Pernikoff Const. Co.*, 247 S.W.3d 577, 582–83 (Mo. Ct. App. 2008)); Dkt. #62 at 18–19.

---

[1] While not subject to consideration on the present motion, Simmons actually pays CAAIR well over double the federal minimum wage and overtime rate for Plaintiffs' labor.

2

The Court rejected both arguments. Regarding the latter argument, the Court noted that the Missouri case law relied on by Simmons was "intended to prevent a party in Simmons' position from paying for the same goods or services twice." Dkt. #115 at 13. But that concern, the Court reasoned, was not applicable under the facts alleged, because, regardless of whether "Simmons [paid] CAAIR the amount due under [the parties'] contract," "Plaintiffs [still] alleged that Simmons did not pay CAAIR the amount required by the FLSA." *Id.* The Court, thus, held that Plaintiffs "state[d] a claim for unjust enrichment as to the difference between what Simmons actually paid for Plaintiffs' labor and what it was required by the FLSA to pay." Dkt. #115 at 13.

## II. RULE 12(c) STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013). If the plaintiff's well-pleaded factual allegations, taken as true, fail to state a claim to relief as a matter of law, dismissal is required. *Cressman v. Thompson*, 719 F.3d 1139, 1141 (10th Cir. 2013). The filing of a motion to dismiss under Rule 12(b)(6) does not preclude the same party from later moving for judgment on the pleadings under Rule 12(c). *Albers v. Bd. of Cty. Com'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 703–04 (10th Cir. 2014).

## III. ARGUMENT AND AUTHORITIES

Plaintiffs' Missouri unjust enrichment claim should be dismissed on preemption grounds. Where, as here, a "plaintiff's common law claims are merely duplicative of the remedies provided by the FLSA, the common law claims are preempted." *Mickle v. Wellman Products LLC*, 2008 WL 3925266, at *3 (N.D. Okla. Aug. 20, 2008) (citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181,194 (4th Cir. 2007)). A common law claim is "merely duplicative" if it is based on the same basic facts as the plaintiff's FLSA claim and provides remedies that are no "more generous than those provided by the FLSA." *Id.*; *Tommey v. Computer Scis. Corp.*, 2013 WL 1000659, at *2 (D. Kan. Mar.

13, 2013). Based on this principle, courts routinely dismiss unjust enrichment claims seeking back-pay for wages withheld in violation of the FLSA. *Tommey*, 2013 WL 1000659, at *3.[2]

Here, Plaintiffs' Missouri unjust enrichment claim is duplicative of the remedies provided by the FLSA. As this Court has already recognized, Plaintiffs' Missouri unjust enrichment claim merely allows them to recover "the difference between what Simmons actually paid for Plaintiffs' labor and what it was required by the FLSA to pay." Dkt. #115 at 13. In short, the most Plaintiffs can recover on the claim is "the amount required by the FLSA." *Id.* This is precisely the sort of duplicative common law claim that the FLSA was meant to preempt. *Mickle*, 2008 WL 3925266, at *3; *Tommey*, 2013 WL 1000659, at *3; *supra* note 2. Dismissal is required.

## CONCLUSION

For the foregoing reasons, the Court should enter judgment on the pleadings in favor of Simmons, and against Plaintiffs, as to Plaintiffs' Missouri unjust enrichment claim.

---

[2] *Accord Gutierrez v. Summit Mountain Holding Grp.*, 2018 WL 5892667, at *7 (D. Utah Nov. 9, 2018); *Chytka v. Wright Tree Serv., Inc.*, 925 F. Supp. 2d 1147, 1173 (D. Colo. 2013); *Kharb v. Ericsson, Inc.*, 2019 WL 1198399, at *7 (E.D. Tex. Mar. 14, 2019); *Formica v. US Envtl., Inc.*, 2018 WL 3374764, at *3 (E.D. Pa. July 11, 2018); *Zorilla v. Uber Techs., Inc.*, 2018 WL 8732106, at *2 (S.D. Tex. Mar. 15, 2018); *Alvarez-Soto v. B. Frank Joy, LLC*, 258 F. Supp. 3d 615, 627 (D. Md. 2017); *Gutwirth v. Woodford Cedar Run Wildlife Refuge*, 38 F. Supp. 3d 485, 491 (D.N.J. 2014); *DeMarco v. Nw. Mem'l Healthcare*, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011).

Dated 26 March 2020                    Respectfully submitted,

*/s/Christopher S. Thrutchley*
Christopher S. Thrutchley, OBA No. 15859
John D. Russell, OBA No. 13343
Philip D. Hixon, OBA No. 19121
Justin A. Lollman, OBA No. 32051
**GableGotwals**
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
Telephone: 918.595.4800
Facsimile: 918.595.4990
*cthrutchley@gablelaw.com*
*jrussell@gablelaw.com*
*phixon@gablelaw.com*
*jlollman@gablelaw.com*

–and–

Amy M. Stipe, OBA No. 18361
**GableGotwals**
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: 405.235.5500
Facsimile: 405.235.2875
*astipe@gablelaw.com*

**Counsel for Defendants Simmons Foods, Inc. and Simmons Pet Food Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of March 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of the Electronic Filing to the following ECF registrants:

Daniel E. Smolen—*danielsmolen@ssrok.com*
David A. Warta—*davidwarta@ssrok.com*
Robert M. Blakemore—*bobblakemore@ssrok.com*
Megan E. Lambert—*mlambert@acluok.org*
Mark A. Smith—*msmith@carusolawfirm.com*
Dennis Caruso—*dcaruso@carusolawfirm.com*
**Counsel for Plaintiffs**
Denelda Richardson— *drichardsoncourts@rhodesokla.com*
Randall Edwin Long—*rlong@rhodesokla.com*
Nicholas J. Foster—*nfoster@rhodesokla.com*
**Counsel for Defendants,**
**C.A.A.I.R. Inc., Janet Wilkerson,**
**Don Wilkerson, and Jim Lovell**

                                              */s/Christopher S. Thrutchley*
                                              Christopher S. Thrutchley