**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ARTHUR COPELAND, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>C.A.A.I.R., INC., et. al., )<br>)<br>Defendants. ) | CASE NO. 17-CV-00564-TCK-JFJ |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANTS' SIMMONS FOODS, INC. & SIMMONS PET FOOD, INC.**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING**
**PLAINTIFFS' MISSOURI UNJUST ENRICHMENT CLAIM**

COME NOW the Plaintiffs, by and through their attorneys of record, and submit their Response in Opposition to Defendants' Simmons Foods, Inc. & Simmons Pet Food, Inc. Motion for Partial Judgment on the Pleadings Regarding Plaintiffs' Missouri Unjust Enrichment Claim (Dkt. 165) ("Motion") as follows:

## I.     INTRODUCTION

Defendants Simmons Foods, Inc. and Simmons Pet Food, Inc. (collectively, Defendants or Simmons) Motion relies entirely on a flawed *non sequitir* conclusion: Plaintiffs unjust enrichment claims are merely duplicative of the FLSA claims and, therefore, Plaintiffs' Missouri unjust enrichment claim must be dismissed. Dkt. 165 at 3-4. Defendants flawed argument is grounded on a patently frivolous misrepresentation of this Court's denial of Defendants' previous Motion to Dismiss Plaintiffs' unjust enrichment claim. Now, taking a second bite at the apple, Defendants fabricate that this Court has imposed a limitation on Plaintiffs' recovery for their unjust enrichment claim to FLSA damages only, despite Plaintiffs' actual claim to relief asserted in the Second Amended Complaint (and also the pending Third Amended Complaint). Dkts. 42 at ¶ 112, 115,

1

165. The Court has not made a ruling on the merits limiting Plaintiffs' unjust enrichment claim to 'the amount required by the FLSA', and would have no legal basis for limiting Plaintiffs' right to receive disgorgement of the full benefit conferred on Simmons by their use of slave labor. Any argument stemming from such an irredeemably flawed and contorted factual basis must fail. The Court should deny Defendants' Motion.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs' allegations and claims are well known to this Court. Plaintiffs were participants in a court-ordered drug rehabilitation program called Christian Alcoholics and Addicts in Recovery (CAAIR), founded by former chicken processing executives. Dkt. 42 at ¶¶ 33, 34. Plaintiffs allege that CAAIR is not a certified treatment center and Plaintiffs received no legitimate drug or alcohol addiction counseling or treatment during their time in the program. *Id*. at ¶ 31. Instead, CAAIR contracted Plaintiffs to for-profit chicken processing companies as labor. *Id*. at ¶¶ 33, 34. Namely, as alleged, CAAIR provided Simmons with below-market-rate labor and pocketed any and all wages earned by the participants in their program. *Id.* Plaintiffs worked in Oklahoma, Arkansas, and Missouri to the benefit of Simmons, thereby unjustly enriching them. *Id*. at ¶ 16.

Simmons' unjust enrichment goes beyond merely paying below-market-rates for labor. Simmons received the benefit of Plaintiffs' cheap labor, but they also eschewed any responsibility for paying worker's compensation benefits or insurance for any injuries sustained by any Plaintiffs while working in their chicken processing plants. *Id*. at ¶ 14. Simmons further benefitted from increased profits by reducing processing costs by paying CAAIR said reduced rate for Plaintiffs' labor. *Id*. at ¶ 89. Plaintiffs have asked this Court for relief in the form of "reimbursement, restitution, and disgorgement of profits." *Id*. at ¶ 112. These are the facts as plead in both Plaintiffs' Second Amended Complaint [Dkt. # 42] (SAC) and the pending Third Amended Complaint [Dkt.

159-1].

Defendants filed this Motion contemporaneously with a Response in Opposition to Plaintiffs' Motion for Leave to File Third Amended Complaint [Dkt. 165]. Plaintiffs' Motion for Leave to File Third Amended Complaint sought, among other things, leave of the Court to include Oklahoma and Arkansas in the choice of law for Plaintiffs' unjust enrichment claim. Dkt. 159. The arguments offered in Defendants' Response [Dkt. 164] and Defendants' present Motion [Dkt. 165] are based on the same flawed misrepresentation of the Court's opinion denying Defendants' 12(b)(6) Motion [Dkt. 115].

### III.   LEGAL STANDARD

The legal standard for a motion for judgment on the pleadings under Rule 12(c) is identical to a motion to dismiss under Rule 12(b)(6). *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F. 3d 1138, 1160 (10th Cir. 2000). That is, the same standard the Court used to deny Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's unjust enrichment claim applies to their Motion for Judgment on the Pleadings. As the Court has already ruled, the SAC contains enough facts to state a "plausible" claim for unjust enrichment. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Alt. Richfield Co.* 226 F. 3d at 1160; Dkt. 115 at 12-14. Defendants' Motion should be denied.

### IV.   ARGUMENT AND AUTHORITIES

Defendants' Motion [Dkt. 165] relies entirely on a blatant misrepresentation of the Court's Opinion and Order [Dkt. 115] that Plaintiffs are only entitled to the remedies provided by the FLSA for their unjust enrichment claim. Dkt. 165 at 3-4. This Court has never held as much and Plaintiffs' claim for unjust enrichment seeks more than merely duplicative FLSA damages. Dkt.

3

164 at 4. Because Plaintiffs' claim for unjust enrichment under Missouri law does not seek remedies that are "merely duplicative" of the remedies provided by the FLSA, their claim is not preempted. *Mickle v. Wellman Products, LLC,* 2008 WL 3925266 at *3 (N.D. Okla. Aug. 20, 2008) (citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007)).

Defendants' sole reliance on *Mickle* and *Tommey* does not provide any support to their Motion. In each case, the plaintiffs *plead* to recover only wages. The *Mickle* plaintiffs were seeking only overtime wages but did not plead an FLSA claim, only state law claims. "The mere fact that plaintiffs are seeking overtime premiums does not automatically convert their claims into an FLSA claim." *Mickle v. Wellman Products LLC*, 08-CV-0297-CVE-PJC, 2008 WL 3925266, at *4 (N.D. Okla. Aug. 20, 2008). Similarly, the *Tommey* plaintiffs were seeking "gap time" wages and an hourly rate more generous than wages required by the FLSA. *Tommey v. Computer Scis. Corp.*, 11-CV-02214-EFM-GLR, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013). The *Tommey* Court ruled for Plaintiffs and found their quantum meruit claim (which in Kansas is the equivalent of unjust enrichment) can move forward as to amounts in excess of those provided by the FLSA. *Id.* The *Tommey* court also allowed the breach of contract claim to proceed as the plaintiffs and class members sought wages beyond the FLSA's two and three-year statutes of limitations. *Id.* at 3.

Plaintiffs' claims for unjust enrichment go well beyond the amount of wages recoverable under the FLSA, not only in terms of the rate of backpay and the time periods as in *Tommey*, but also for amounts that are not wages at all. Plaintiffs seek disgorgement of profits in addition to reimbursement and restitution for Simmons' illegal conduct in concert with C.A.A.I.R.. Black's Law Dictionary defines disgorgement as, "the act of giving up something (such as profits illegally obtained) on demand or by legal compulsion." *Black's Law Dictionary* (10th ed. 2014: Bryan A. Garner, ed.) p. 568. Disgorgement is an equitable remedy. *United States v. Rx Depot, Inc.,* 438

4

F.3d 1052, 1058 (10th Cir. 2006) (citing *FTC v. Gem Merc. Corp.*, 87 F.3d 466, 469 (11th Cir. 1996)). FLSA backpay is a legal remedy, calculated based upon wages alone. "Disgorgement, which deprives wrongdoers of their ill-gotten gains, deters violations of the law by making illegal activity unprofitable." *Id.* at 1061 (citing *SEC v. Fischbach Corp.*, 133 F.3d 170, 175 (2d. Cir. 1997)). Missouri unjust enrichment claims carry a five-year statute of limitations. *Scott v. King*, 510 S.W.3d 887, 893 (Mo. Ct. App. 2017). There is certainly more at stake under Plaintiffs' claim for unjust enrichment than unpaid FLSA wages.

Defendants have unjustly benefitted from Plaintiffs' labor, since at least 2009, by paying below market-rate wages and obtaining savings from the avoidance of other employment costs beyond wages, such as administrative costs in making tax withholdings and the cost of worker's compensation and other insurance. In other words, through its unlawful conduct, Simmons was unjustly enriched by a captive workforce, artificially low wages[1], and production cost savings allowing Simmons to increase their profit margins and thereby obtain an unfair and illegal competitive advantage over their competitors whom have obtained their labor legally. Dkt. 42 at ¶¶ 8-12, 14, 35-39, 108-112. Plaintiffs seek reimbursement of their unpaid wages as well as restitution and disgorgement of any profit Defendants obtained through their illegal conduct. This Court has never ruled Plaintiffs remedies are limited to FLSA wages and Defendants attempt to so shackle Plaintiffs claims is unsubstantiated by any facts or authorities. Defendants Motion for Judgment on the Pleadings should be denied.

**WHEREFORE**, premises considered, Plaintiffs respectfully request that the Court deny Simmons Motion for Partial Judgment on the Pleadings Regarding Plaintiffs' Missouri Unjust Enrichment Claim (Dkt. #165).

---

[1] Of course, these insufficient "wages" were never paid to Plaintiffs, but were pocketed by CAAIR.

Dated:  April 16, 2020

                              Respectfully submitted,

                              /s/ Mark A. Smith
                              Mark A. Smith, OBA #31231
                              Caruso Law Firm, P.C.
                              1325 East 15th Street, Suite 201
                              Tulsa, Oklahoma 74120
                              (918) 583-5900 phone
                              (918) 583-5902 fax
                              msmith@carusolawfirm.com

                              Daniel E. Smolen, OBA #19943
                              David A. Warta, OBA #20361
                              Robert M. Blakemore, OBA #18656
                              **SMOLEN, SMOLEN & ROYTMAN, PLLC**
                              701 S. Cincinnati Ave.
                              Tulsa, OK 74119
                              Phone (918) 585-2667
                              Fax (918) 585-2669
                              danielsmolen@ssrok.com
                              davidwarta@ssrok.com
                              bobblakemore@ssrok.com

                              *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 16th day of April 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.

                              /s      Mark A. Smith