**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1)   ARTHUR COPELAND, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-00564-JFH-JFJ |
| | ) | |
| (1)   C.A.A.I.R., Inc., a domestic not | ) | **JURY TRIAL DEMANDED** |
| For profit corporation, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants, CAAIR, Inc., Janet Wilkerson, Don Wilkerson, and Jim Lovell ("Defendants") deny each and every allegation contained in Third Amended Complaint ("Complaint") except as to any such allegation that is specifically admitted below.  For further Answer, Defendants state as follows:

1.      Defendants deny the allegations in paragraph 1.

2.      With regards to paragraph 2, Defendants deny that Plaintiffs performed any labor for the individual defendants. Defendants admit that some of Plaintiffs performed labor in poultry and pet food plants, but deny that each Plaintiff did so. Defendants are without sufficient information to admit or deny the allegation about the conditions or nature of the labor, therefore it is denied.

3.      Defendants admit they did not pay wages to Plaintiffs or other CAAIR clients because they were not employed by Defendants nor did Defendants have any type of remunerative relationship with them. CAAIR provided housing, food, clothing, education, counseling, medical care, dental care, and other benefits while Plaintiffs and other CAAIR

clients were in the CAAIR recovery program. Defendants deny the remaining allegations in paragraph 3.

4.      Defendants deny the allegations in paragraph 4.

5.      Defendants deny the allegations in paragraph 5.

6.      Defendants deny that Plaintiffs are entitled to unpaid wages, or any other legal or equitable relief, and deny that Defendants engaged in illegal activity. The remainder of paragraph 6 does not contain any factual allegations to which a response is warranted.

7.      Defendants deny that Plaintiffs are entitled to any relief. The remainder of paragraph 7 does not contain any factual allegations to which a response is warranted.

8.      Defendants admit that Plaintiffs and other CAAIR clients stayed at CAAIR's dormitories near Jay, Oklahoma. Defendants deny the remaining allegations in paragraph 8.

9.      Defendants admit Copeland was at CAAIR from January 13, 2016 to July 13, 2016.

10.     Defendants admit Spurgin was at CAAIR from March 21, 2014 to September 21, 2014.

11.     Defendants admit McGahey was at CAAIR from April 16, 2010 to June 29, 2010.

12.     Defendants admit Mills was at CAAIR from February 2, 2017 to November 11, 2017, and that he worked for a Simmons entity in Decatur, AR.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 12.

13. Defendants admit Taylor was at CAAIR from January 10, 2017 to October 25, 2017. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 13.

14. Defendants admit Baker was at CAAIR from March 1, 2016 until November 21, 2016. Defendants admit that Baker worked some at the CAAIR facility, and may have worked for a Simmons entity in Jay between September and November 2016. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 14.

15. Defendants deny that the Plaintiffs listed in paragraph 15 have any valid cause of action or that they are entitled to any legal or equitable relief.

16. Defendants deny that CAAIR does any "business," but admit the remaining allegations in paragraph 1.

17. Defendants admit CAAIR has contracted with Simmons Foods. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 17.

18. Defendants admit CAAIR has contracted with Simmons Pet Food. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 18.

19. Defendants admit the allegations in paragraph 19.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21.

22. Defendants admit the allegations in paragraph 22.

23.     Paragraph 23 does not contain any allegations to which a response is required.

24.     Paragraph 24 does not contain any allegations to which a response is required.

25.     Paragraph 25 does not contain any allegations to which a response is required.

26.     Paragraph 26 does not contain any allegations to which a response is required.

27.     Defendants admit the court has personal jurisdiction over served Defendants, but they deny the remaining allegations in paragraph 27.

28.     Defendants admit the court has personal jurisdiction over served Defendants, but they deny the remaining allegations in paragraph 28.

29.     Defendants admit venue is proper in this district.

30.     Defendants admit venue is proper in this district.

31.     Defendants admit that CAAIR is a long-term drug and alcohol recovery program, and that it is not certified as a treatment provider by the ODMHSAS because it does not provide treatment as that term is defined under Title 43A.

32.     Defendants admit that CAAIR is not a treatment provider as defined by the ODMHSAS and Title 43A, and that CAAIR does not provide such treatment to its clients. CAAIR is a long-term recovery program. The allegations regarding interpretation and application do not warrant a response, but are nonetheless denied.

33.     Defendants admit that CAAIR never intended to become a treatment provider as defined by Title 43A, because CAAIR is a long-term drug and alcohol recovery

program. Defendants admit that CAAIR was founded by Janet Wilkerson, Donald Wilkerson, Rodney Dunnam, and Louise Dunnam. Defendants deny the remaining allegations in paragraph 33.

34. Defendants admit that many of CAAIR's clients are referred by Oklahoma drug courts, and that the clients are not paid wages while they are in the program. Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35. Defendants deny that CAAIR is a work camp, that CAAIR threatened Copeland with incarceration, or that Copeland was not offered counseling as alleged in paragraph 35. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Copeland encountered while at a Simmons entity facility. Defendants are without sufficient information to admit or deny Copeland's beliefs, therefore deny same. Defendants deny the remaining allegations in paragraph 35.

36. Defendants deny that CAAIR is a work camp that threatened Spurgin with incarceration, or that CAAIR fraudulently kept workers compensation payments. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Spurgin encountered while at a Simmons entity facility. Defendants are without sufficient information to admit or deny Spurgin's beliefs. Defendants deny the remaining allegations in paragraph 36.

37. Defendants deny that CAAIR is a work camp that threatened McGahey with incarceration. Defendants are without sufficient information to admit or deny McGahey's beliefs. Defendants deny the remaining allegations in paragraph 37.

38. Defendants deny that CAAIR is a work camp that threatened McGahey with incarceration. Defendants are without sufficient information to admit or deny the

allegations pertaining to the conditions that McGahey encountered while at a Simmons entity facility. Defendants admit that McGahey was injured while in the CAAIR program, that CAAIR provided for Plaintiff McGahey's medical care, and that McGahey hired a lawyer to obtain disability payments through workers compensation. Defendants deny the statements attributed to CAAIR. Defendants deny the remaining allegations in paragraph 38.

39.     Defendants deny that CAAIR is a work camp that threatened Mills with incarceration. Defendants admit that Mills and other clients would occasionally provide service to members of the community as part of the CAAIR program. Defendants are without sufficient information to admit or deny Mills' beliefs. Defendants deny the remaining allegations in paragraph 39.

40.     Defendants admit Mills complained about many things, including work at a Simmons entity facility, and that he left CAAIR after violation of rules. Defendants deny the remaining allegations in paragraph 40.

41.     Defendants admit Taylor was at CAAIR during the time alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 41.

42.     Defendants admit Alexander was at CAAIR during the time alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Alexander encountered while at a Simmons entity facility. Defendants admit Alexander became ill while in the CAAIR program. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 42.

43.     Defendants admit Baker was at CAAIR during the time alleged, that he refused to take a urinary analysis, and was subsequently discharged. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Baker encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 43.

44.     Defendants admit Blue graduated from the CAAIR program in October 2014. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Blue encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 44.

45.     Defendants admit Bumpas was at CAAIR during the time alleged and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 45.

46.     Defendants admit that Cole was at CAAIR during the time alleged, that he worked at a Simmons entity facility, and that he had minor irritation when a chemical he was spraying dripped on his head. Defendants admit Cole was discharged from CAAIR in June 2013 for testing positive for drugs and that he was arrested at CAAIR. Defendants deny the remaining allegations in paragraph 46.

47.     Defendants admit Byrd was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Byrd encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 47.

48.     Defendants admit Cook was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Cook encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 48.

49.     Defendants admit Cotrone was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Cotrone encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 49.

50.     Defendants admit Dorland was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Dorland encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 50.

51.     Defendants admit Doyle was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Doyle encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 51.

52.     Defendants admit Gentry was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Gentry

encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 52.

53.     Defendants admit Grajeda was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Grajeda encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 53.

54.     Defendants admit Greenhaw was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Greenhaw encountered while at a Simmons entity facility. Defendants admit Greenhaw had teeth problems and that CAAIR sent him to a dentist to have a tooth extracted. Defendants deny the remaining allegations in paragraph 54.

55.     Defendants admit harms was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Harms encountered while at a Simmons entity facility. Defendants admit Harms was discharged for medical reasons. Defendants deny the remaining allegations in paragraph 55.

56.     Defendants admit Harper was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Harper encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 56.

57.     Defendants admit Harrell was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Harrell encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 57.

58.     Defendants admit Jones was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Byrd encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 47.

59.     Defendants admit Kamai was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Kamai encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 59.

60.     Defendants admit Luckey was in the CAAIR program during the times alleged. Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 60.

61.     Defendants admit Meyer was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Meyer encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 61.

62.     Defendants admit Miqueli was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Miqueli encountered while at a Simmons entity facility. Defendants admit Moss was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Harper encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 62.

63.     Defendants admit O'Neal was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that O'Neal encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 63.

64.     Defendants admit Owens was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Owens encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 64.

65.     Defendants admit Pearson was in the CAAIR program during part of the times alleged. Defendants deny the remaining allegations in paragraph 65.

66.     Defendants admit Rico was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Rico

11

encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 66.

67.     Defendants admit Staton was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Staton encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 67.

68.     Defendants admit Welge was in the CAAIR program during the times alleged, and that he worked at a Simmons entity facility. Defendants are without sufficient information to admit or deny the allegations pertaining to the conditions that Welge encountered while at a Simmons entity facility. Defendants deny the remaining allegations in paragraph 68.

69.     Defendants admit that Janet Wilkerson responded to questions with the quoted language, which has been taken out of context. Defendants deny the remaining allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants admit that Janet Wilkerson is CEO of CAAIR and that she helps set and implement CAAIR policies. Defendants deny the remaining allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Paragraph 75 does not contain any allegations to which a response is warranted.

76.     Paragraph 76 does not contain any allegations to which a response is warranted.

77.     Paragraph 77 does not contain any allegations to which a response is warranted.

78.     Paragraph 78 does not contain any allegations to which a response is warranted.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants incorporate by reference their previous responses.

85.     Paragraph 85 does not contain any allegations to which a response is warranted.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny that Plaintiffs are entitled to any relief.

94.     Defendants incorporate by reference their previous responses.

95.     Paragraph 95 does not contain any allegations to which a response is warranted.

96.     Paragraph 96 does not contain any allegations to which a response is warranted.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants deny the allegations in paragraph 102.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny that Plaintiffs are entitled to any relief.

106.    Defendants incorporate by reference their previous responses.

107.    Paragraph 107 does not contain any allegations to which a response is warranted.

108.    Paragraph 108 does not contain any allegations to which a response is warranted.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    Defendants deny that Plaintiffs are entitled to any relief.

112.    Defendants deny that Plaintiffs are entitled to any relief.

113.    Defendants incorporate by reference their previous responses.

114.     Paragraph 114 does not contain any allegations to which a response is warranted.

115.     Paragraph 115 does not contain any allegations to which a response is warranted.

116.     Defendants deny the allegations in paragraph 116.

117.     Defendants deny the allegations in paragraph 117.

118.     Defendants deny the allegations in paragraph 118.

119.     Defendants deny that Plaintiffs are entitled to any relief.

120.     Defendants deny that Plaintiffs are entitled to any relief.

121.     Defendants incorporate by reference their previous responses.

122.     Paragraph 122 does not contain any allegations to which a response is warranted.

123.     Paragraph 123 does not contain any allegations to which a response is warranted.

124.     Defendants deny the allegations in paragraph 124.

125.     Defendants deny the allegations in paragraph 125.

126.     Defendants deny the allegations in paragraph 126.

127.     Defendants deny the allegations in paragraph 127.

128.     Defendants deny the allegations in paragraph 128.

129.     Defendants deny that Plaintiffs are entitled to any relief.

130.     Defendants deny that Plaintiffs are entitled to any relief.

131.     Defendants incorporate by reference their previous responses.

132.     Paragraph 132 does not contain any allegations to which a response is warranted.

133.     Paragraph 133 does not contain any allegations to which a response is warranted.

134.     Defendants deny the allegations in paragraph 134.

135.     Defendants deny the allegations in paragraph 135.

136.     Defendants deny that Plaintiffs are entitled to any relief.

137.     Defendants deny that Plaintiffs are entitled to any relief.

138.     Defendants incorporate by reference their previous responses.

139.     Paragraph 139 does not contain any allegations to which a response is warranted.

140.     Paragraph 140 does not contain any allegations to which a response is warranted.

141.     Defendants deny the allegations in paragraph 141.

142.     Defendants deny the allegations in paragraph 142.

143.     Defendants deny that Plaintiffs are entitled to any relief.

144.     Defendants deny that Plaintiffs are entitled to any relief.

145.     Defendants incorporate by reference their previous responses.

146.     Paragraph 146 does not contain any allegations to which a response is warranted.

147.     Paragraph 147 does not contain any allegations to which a response is warranted.

148.     Defendants deny the allegations in paragraph 148.

149.   Defendants deny the allegations in paragraph 149.

150.   Defendants deny that Plaintiffs are entitled to any relief.

151.   Defendants deny that Plaintiffs are entitled to any relief.

152.   Defendants incorporate by reference their previous responses.

153.   Paragraph 153 does not contain any allegations to which a response is warranted.

154.   Paragraph 154 does not contain any allegations to which a response is warranted.

155.   Defendants deny the allegations in paragraph 155.

156.   Defendants deny the allegations in paragraph 156.

157.   Defendants deny that Plaintiffs are entitled to any relief.

158.   Defendants deny that Plaintiffs are entitled to any relief.

159.   Defendants incorporate by reference their previous responses.

160.   Paragraph 160 does not contain any allegations to which a response is warranted.

161.   Paragraph 161 does not contain any allegations to which a response is warranted.

162.   Defendants deny the allegations in paragraph 162.

163.   Defendants deny the allegations in paragraph 163.

164.   Defendants deny the allegations in paragraph 164.

165.   Defendants deny the allegations in paragraph 165.

166.   Defendants deny the allegations in paragraph 166.

167.   Defendants incorporate by reference their previous responses.

168.    Paragraph 168 does not contain any allegations to which a response is warranted.

169.    Paragraph 169 does not contain any allegations to which a response is warranted.

170.    Defendants deny the allegations in paragraph 170.

171.    Defendants deny the allegations in paragraph 171.

172.    Defendants deny the allegations in paragraph 172.

173.    Defendants deny the allegations in paragraph 173.

174.    Defendants incorporate by reference their previous responses.

175.    Paragraph 175 does not contain any allegations to which a response is warranted.

176.    Paragraph 176 does not contain any allegations to which a response is warranted.

177.    Paragraph 177 does not contain any allegations to which a response is warranted.

178.    Paragraph 178 does not contain any allegations to which a response is warranted.

179.    Defendants deny the allegations in paragraph 179.

180.    Defendants deny the allegations in paragraph 180.

181.    Paragraph 181 does not contain any allegations to which a response is warranted.

182.    Defendants deny the allegations in paragraph 182.

183.    Defendants deny the allegations in paragraph 183.

184.    Defendants deny the allegations in paragraph 184.

185.    Defendants deny the allegations in paragraph 185.

186.    Defendants deny the allegations in paragraph 186.

187.    Defendants deny the allegations in paragraph 187.

188.    Defendants incorporate by reference their previous responses.

189.    Paragraph 189 does not contain any allegations to which a response is warranted.

190.    Paragraph 190 does not contain any allegations to which a response is warranted.

191.    Paragraph 191 does not contain any allegations to which a response is warranted.

192.    Paragraph 192 does not contain any allegations to which a response is warranted.

193.    Paragraph 193 does not contain any allegations to which a response is warranted.

194.    Defendants deny the allegations in paragraph 194.

195.    Defendants deny the allegations in paragraph 195.

196.    Defendants deny the allegations in paragraph 196.

197.    Defendants deny the allegations in paragraph 197.

198.    Defendants deny the allegations in paragraph 198.

199.    Defendants deny the allegations in paragraph 199.

200.    Defendants incorporate by reference their previous responses.

201.    Paragraph 201 does not contain any allegations to which a response is warranted.

202.    Paragraph 202 does not contain any allegations to which a response is warranted.

203.    Paragraph 204 does not contain any allegations to which a response is warranted.

205.    Defendants deny the allegations in paragraph 205.

206.    Defendants deny the allegations in paragraph 206.

207.    Defendants deny the allegations in paragraph 207.

208.    Defendants deny the allegations in paragraph 208.

209.    Defendants deny the allegations in paragraph 209.

210.    Defendants deny the allegations in paragraph 210.

211-223.    Defendants deny that Plaintiffs are entitled to any relief requested in paragraphs 211-223.

### DEFENSES

1.    Plaintiffs' Complaint fails to state a claim for relief or cause of action.

2.    Plaintiffs' and/or putative class members' claims may be barred by the applicable statute of limitations, statute of repose, or laches.

3.    Plaintiffs' and/or putative class members' claims may be barred by the doctrine of unclean hands, equitable estoppel, judicial estoppel, quasi-estoppel, consent, waiver, or release.

4.    Plaintiffs' Complaint fails to state facts sufficient to define an ascertainable class.

5.      The causes of action contained in Plaintiffs' Complaint are barred because any damages or injuries sustained by Plaintiffs were proximately caused by Plaintiffs' own acts or omissions.

6.      The class action allegations in Plaintiffs' Complaint are barred because representative Plaintiffs' claims are not typical of claims of the entire class and are subject to unique defenses by these Defendants.

7.      The class action allegations pled in Plaintiffs' Complaint are barred because facts unique to each class member predominate over facts common to the entire putative class.

8.      Plaintiffs' claims may be preempted in whole or in part by Federal and/or State Statutes and Regulations.

9.      Plaintiffs' claims against CAAIR are barred to the extent CAAIR is not an employer, neither Plaintiffs nor any putative class members were ever employees of CAAIR, and therefore wage laws governing employees are inapplicable.

10.     Plaintiffs' Complaint fails to state a claim for relief for punitive damages.

11.     Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates these Defendants' right to both procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitutions of Oklahoma, Arkansas, and/or Missouri in that:

A.      The standards under which such claims are submitted are so vague as to be effectively meaningless and threaten the deprivation of property for the benefit of society without the protection of fundamentally fair procedures;

B.      The highly penal nature of punitive damages threatens the possibility of excessive punishment and almost limitless liability without the benefit of fundamentally fair procedures and any statutory limitations;

C.      The introduction of evidence of financial worth is so prejudicial as to impose liability and punishment in a manner bearing no relation to the extent of injury;

D.      Applicable law does not place a reasonable constraint on the jury's discretion when considering punitive damages;

E.      Applicable law does not provide sufficient post-trial procedures and standards, at the District Court level, for scrutinizing a punitive damage award;

F.      Applicable law is not sufficiently established for adequate appellate review of punitive damage awards.

12.     Plaintiffs' Complaint, to the extent it seeks punitive damages, violates this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitutions of Oklahoma, Arkansas, and/or Missouri.

13.     Plaintiffs' Complaint, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitutions of Oklahoma, Arkansas, and/or Missouri.

14.     To the extent this Court determines punitive damages are permitted under the Constitution of the United States of America and the Constitutions of Oklahoma,

Arkansas, and/or Missouri, Defendant asserts that said damages are governed by the requirements and limitations placed upon punitive damages established by Oklahoma, Arkansas, and/or Missouri state law, including but not limited to any statutory limits on the amount of punitive damages.

15.     In the event this Defendant is found liable to the Plaintiffs herein, any such liability being expressly denied, then Defendant states that it is entitled to set-off or credit for the value of all services, accommodations, goods, and benefits provided to Plaintiffs.

16.     Plaintiffs and members of the putative class would be unjustly enriched and given a windfall if awarded any damages for unpaid wages.

17.     Defendants acted in good faith, and upon reasonable grounds, in all dealings with Plaintiffs.

18.     In the event these Defendants are found liable to the Plaintiffs herein, any such liability is based upon a bona fide dispute of fact and application of law.

19.     Plaintiffs' alleged damages may be the result of pre-existing conditions or other causes unrelated to these Defendants.

20.     Plaintiffs' alleged damages may be the result of actions of other persons not under these Defendants' control.

21.     Plaintiffs may have failed to mitigate their damages.

22.     Plaintiffs may lack standing to pursue their claims.

23.     Plaintiffs may be exempt from wage and hour laws.

24.     These Defendants adopt and assert all defenses and protections provided by the minimum wage laws of Oklahoma, Arkansas, and/or Missouri.

25.     Plaintiffs failed to join indispensable parties.

26. Plaintiffs and/or members of the putative class may have released these Defendants from liability.

27. Arkansas or Missouri law may be applicable to some claims or damages.

28. Plaintiffs' non-economic damages may be limited by any statutory damage cap in force in Arkansas and/or Missouri.

29. Some work performed by Plaintiffs may have been de minimis.

30. These Defendants may be entitled to qualified immunity or workers compensation immunity.

31. Plaintiffs' damages may be the result of their own voluntary conduct.

32. Plaintiffs' claims against these Defendants are barred to the extent Plaintiffs have no employment relationship with these Defendants.

33. Plaintiffs' claims are barred in whole or in part to the extent the work they performed falls within exemptions or exceptions provided under the Fair Labor Standards Act or the Oklahoma. Arkansas, and/or Missouri minimum wage statutes.

34. These Defendants did not willfully violate the Fair Labor Standards Act, the Oklahoma. Arkansas, and/or Missouri minimum wage statutes, or any other applicable law.

35. Plaintiffs' claims for liquidated damages under the Oklahoma. Arkansas, and/or Missouri minimum wage statutes fail because CAAIR acted in good faith and had reasonable grounds for believing that its alleged acts or omissions were not a violation of these laws.

36. Some or all of Plaintiffs' claims are barred by the doctrine of payment.

37.     These Defendants deny that Plaintiffs' Complaint properly sets forth a class action complaint under Fed. R. Civ. Proc. 23 and deny that Plaintiffs are entitled to class certification.

38.     The court may lack jurisdiction over the subject matter of some Plaintiffs' claims.

39.     To the extent any Plaintiffs seek compensation for medical expenses, such damages are limited by 12 O.S. § 3009.1.

40.     These Defendants adopt, incorporate, and assert any defenses raised or asserted by other Defendants to this action that are also applicable to these Defendants.

WHEREFORE, premises considered, Defendants, CAAIR, Inc., Janet Wilkerson, Don Wilkerson, and Jim Lovell., pray that they be dismissed from this cause of action, or else have judgment rendered in their favor, with their costs and attorneys' fees expended herein and for any and all other relief as the Court may deem just and proper.

Respectfully submitted,

By:    /s/RANDALL E. LONG
DENELDA L. RICHARDSON, OBA #20103
RANDALL E. LONG, OBA #22216
NICHOLAS J. FOSTER, OBA #33081
**RHODES HIERONYMUS JONES**
 **TUCKER & GABLE, PLLC**
P. O. Box 21100
Tulsa, OK 74121-1100
918.582.1173 (Phone)
918.592.3390 (Facsimile)
drichardson@rhodesokla.com
rlong@rhodesokla.com
nfoster@rhodesokla.com
*Attorneys for Defendant CAAIR, Inc.*

25

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of July, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel Smolen
David Warta
Robert Blakemore
SMOLEN LAW, PLLC

and

Megan Lambert
ACLU OF OKLAHOMA FOUNDATION

and

Mark A. Smith
Dennis A. Caruso
CARUSO LAW FIRM, P.C.
*Attorneys for Plaintiffs*

Christopher Thrutchley
Amy Stipe
Justin Lollman
Philip Hixon
John David Russell
GABLE GOTWALS
*Attorneys for Defendants, Simmons Foods, Inc. and Simmons Pet Food, Inc.*

Lisa N. Molsbee
*Christensen Law Group, P.L.L.C.*
*Attorney for Defendant,*
*CompSource Mutual Insurance Company*

*/s/* RANDALL E. LONG
RANDALL E. LONG

26