# Justin Lollman

| | |
|---|---|
| **From:** | Chris S. Thrutchley |
| **Sent:** | Thursday, March 12, 2020 12:26 AM |
| **To:** | Mark Smith; Daniel Smolen |
| **Cc:** | Bob Blakemore; Kendra Rash; Denelda Richardson; Loren Delluomo; Nicholas Foster; Randy Long; Sheryl Menees; Simmons All |
| **Subject:** | RE: Copeland v. CAAIR \| Meet and Confer re TAC/Dismissal |
| **Attachments:** | P's Motion to Amend Complaint and Dismiss P' without prejudice - Def's Revised Draft 3-11-20 (2102351x9DA4C).docx; Joint Motion for Class Cert Deadlines - Defendants' Revised Draft 3-11-20. (2102350x9DA4C).docx |

Mark, Dan, and Nick:

Attached are our suggested edits to the *Joint Motion for Class Cert Deadlines* and the *Plaintiffs' Motion for Leave to Amend/Dismiss* in track changes mode. If you have any further edits, please circulate for our review and we'll do our best to expedite the turnaround or a call to discuss.

I believe the attached tracks the understandings reached today.



**Chris S. Thrutchley, SHRM-SCP | Shareholder | GableGotwals**
1100 ONEOK Plaza | 100 West 5th Street | Tulsa, OK 74103-4217 USA
(D) 918.595.4810 | (f) 918.595.4990 | www.gablelaw.com | Bio



GableGotwals | Recognized as a Mosaic Top Inclusive Workplace

This message and any attachments are for the addressee(s) only and may contain privileged or confidential information. If you have received this in error, please notify me immediately and permanently delete the message and any prints or other copies. Thank you.

---

**From:** Mark Smith <msmith@carusolawfirm.com>
**Sent:** Wednesday, March 11, 2020 1:23 PM
**To:** Chris S. Thrutchley <cthrutchley@gablelaw.com>; Daniel Smolen <danielsmolen@ssrok.com>
**Cc:** Bob Blakemore <bobblakemore@ssrok.com>; Kendra Rash <kendrarash@ssrok.com>; Denelda Richardson <drichardson@rhodesokla.com>; Loren Delluomo <LDelluomo@rhodesokla.com>; Nicholas Foster <NFoster@rhodesokla.com>; Randy Long <rlong@rhodesokla.com>; Sheryl Menees <SMenees@rhodesokla.com>
**Subject:** RE: Copeland v. CAAIR | Meet and Confer re TAC/Dismissal

Chris,

Attached is a letter in response to your letter of March 10, 2020.

Mark A. Smith
CARUSO LAW FIRM, P.C.
The Colonial Building
1325 East 15th Street, Suite 201
Tulsa, Oklahoma 74120

1

Exhibit 6 at 1

(918) 583-5900 (Office)
(918) 583-5902 (Facsimile)
(918) 231-6317 (Mobile)
www.carusolawfirm.com

---

**From:** Mark Smith
**Sent:** Tuesday, March 10, 2020 12:41 PM
**To:** Chris S. Thrutchley; Daniel Smolen
**Cc:** Simmons All; Bob Blakemore; Kendra Rash; Denelda Richardson; Loren Delluomo; Nicholas Foster; Randy Long; Sheryl Menees
**Subject:** RE: Copeland v. CAAIR | Meet and Confer re TAC/Dismissal

Chris,

In response to your letter emailed today, I inadvertently failed to attach Plaintiffs' Motion to Amend the Complaint. Attached is the correct motion to amend as well as the correct joint motion to enter a class certification scheduling order.

We would like to set up a final meet confer call for tomorrow at 4pm CST. I will respond to your letter prior to the call to narrow the last remaining issues.

Mark A. Smith
CARUSO LAW FIRM, P.C.
The Colonial Building
1325 East 15th Street, Suite 201
Tulsa, Oklahoma 74120
(918) 583-5900 (Office)
(918) 583-5902 (Facsimile)
(918) 231-6317 (Mobile)
www.carusolawfirm.com

---

**From:** Mark Smith
**Sent:** Friday, March 6, 2020 4:30 PM
**To:** Chris S. Thrutchley; Daniel Smolen
**Cc:** Simmons All; Bob Blakemore; Kendra Rash; Denelda Richardson; Loren Delluomo; Nicholas Foster; Randy Long; Sheryl Menees
**Subject:** RE: Copeland v. CAAIR | Meet and Confer re TAC/Dismissal

Chris,

Attached are the Motion to Amend, TAC, and Scheduling Order. I have our date to file a motion with the Court as March 12 (30 days from Feb. 11).
1. We will have a final list of those Plaintiffs being dismissed to you shortly. The TAC is the final list of Plaintiffs remaining in the lawsuit.
2. The final class reps are identified in the attached TAC. Barring unforeseen circumstances (death, withdrawal), we will not be changing proposed reps.
3. We are seeking to expand the Unjust Enrichment claim to include claims under OK and AR law. As we discussed on the phone, Judge Kern approved this cause in denying your Motion to Dismiss and we see no prejudice to Defendants in clarifying OK and AR law may apply to some plaintiffs and Class member's claims instead of MO law. Indeed, you were unable to articulate any prejudice in our phone call and fail to do so again in your email beyond the timing. I understand this may ultimately be the only point of disagreement requiring resolution from

   the Court and I have placed language to that affect in our motion to amend, noting Defendants need their opportunity to be heard on this issue. Let me know what additional language you would appreciate in our motion to amend on this issue.
4. The damages we seek to recover for the class are only economic damages but we are seeking those damages under every claim save for the FLSA, not just the TVPRA.
5. The proposed schedule does not provide for further amendments, after the TAC, without leave of the Court.
6. We propose a hard deadline in the Scheduling Order but there needs to be an understanding that many of the plaintiffs face difficulties in obtaining the documents, including access to a computer or smart phones to obtain any facebook archive. Also, some are facing frequent DOC lockdowns. We propose to confer after you have received the Proposed Class Rep.'s documents to determine if your requests are ultimately not capturing any relevant evidence.

The list of proposed plaintiffs to be dismissed will come from Sterling.

In general, the schedule reflects the need for further discovery, especially depositions and expert discovery. I also did not want to put expert discovery and final depositions occurring over the Christmas holidays as scheduling is both difficult and unfair to the witnesses and attorneys alike during those weeks.

Let's set up a call for late Monday or anytime Tuesday to have a final conferral.

Have a nice weekend,

Mark A. Smith
CARUSO LAW FIRM, P.C.
The Colonial Building
1325 East 15th Street, Suite 201
Tulsa, Oklahoma 74120
(918) 583-5900 (Office)
(918) 583-5902 (Facsimile)
(918) 231-6317 (Mobile)
www.carusolawfirm.com

---

**From:** Chris S. Thrutchley
**Sent:** Thursday, March 5, 2020 1:08 PM
**To:** Daniel Smolen; Mark Smith
**Cc:** Simmons All; Bob Blakemore; Kendra Rash; Denelda Richardson; Loren Delluomo; Nicholas Foster; Randy Long; Sheryl Menees
**Subject:** Copeland v. CAAIR | Meet and Confer re TAC/Dismissal

Dan & Mark:

Thanks again for taking time during our meet-and-confer yesterday to explain and clarify your intentions regarding the latest draft of the proposed third amended complaint (TAC). I write to confirm the substance of your clarifications, our discussion, and the agreed next steps.

1. **Plaintiffs' TAC is in Near Final Form.** The proposed TAC is in near final form and any additional changes will be limited to correcting typos and finalizing the list of named Plaintiffs who will remain as parties to the case.

2. **Class Representatives are Final:** The Plaintiffs identified in the TAC as Class Representatives will be final and not subject to change except in the event of death—in which case you would move to substitute the Class Rep's estate. You emphasized that Plaintiffs would not move to add to or substitute any of the six identified Class

3

Exhibit 6 at 3

Reps under any other circumstances, including, for example, if one of the Class Reps chose to withdraw or was for some reason later determined to be inadequate.

3. **Plaintiffs' Proposed Amendment to Expand Count 10:** The TAC seeks to expand Count 10 beyond just the existing Missouri unjust enrichment claim by adding unjust enrichment claims under Arkansas and Oklahoma law. In response, we noted that:
   a. Adding new claims was not part of what the Court agreed to when it granted Plaintiffs' request for 30 days to decide what plaintiffs intend to do about the FLSA claim and dismissal of plaintiffs,
   b. There was no excuse for Plaintiffs waiting over two years to seek to add new claims, and
   c. Defendants would oppose adding new claims.

   In reply, you agreed to reevaluate whether you will seek to add new unjust enrichment claims and will confirm when you provide the final draft of the TAC for our review.

4. **The Putative Class is Only Seeking Economic Loss on their TVPRA Claims:** You confirmed that the proposed amendments to Plaintiffs' TVPRA claims are meant to make clear that the putative class is only seeking economic losses (e.g., lost wages, interest, attorneys fees, statutory penalties, etc.) for their TVPRA claims and is expressly *not* seeking damages for noneconomic losses—including pain and suffer, emotional distress, and personal injury.

5. **No Further Amendments to the Pleadings:** During yesterday's call and during a previous call about the TAC, you confirmed that Plaintiffs agree there will be no further amendments to the pleadings to add claims or parties absent some truly exceptional and unforeseen event, like the death of a Plaintiff. You invited us to propose some draft language that would memorialize an agreement along these lines. We will do so and provide it with our response to Plaintiffs' final draft of the proposed TAC.

6. **Deadline for Completing Outstanding Discovery:** We asked if the remaining Plaintiffs (Class Reps and other named Plaintiffs in the TAC) will agree to a final deadline to complete all outstanding discovery or face dismissal with prejudice. While you agreed to complete outstanding discovery for the six Class Reps before filing Plaintiffs' motion to amend next week, you declined to agree to *any* deadlines for the other Plaintiffs named in the TAC because some were incarcerated and a DOC lockdown prevented you from visiting them and completing their discovery. In response, we proposed setting a deadline with an exception for Plaintiffs who have been inaccessible due to lockdowns. You declined, adding that the outstanding discovery of the remaining named Plaintiffs is irrelevant to class certification. In response, we reiterated that the outstanding discovery is relevant for class purposes, that Plaintiffs had agreed to the discovery with a May 2019 completion deadline, and that the Court has twice compelled Plaintiffs to complete the discovery. We were unable to reach an understanding, but you offered to make a proposal when you send the final version of the TAC and a proposed class cert schedule.

7. **Next Steps:** By COB Friday (if not sooner) Plaintiffs will provide Defendants with the following:
   a. The final draft of Plaintiffs' proposed TAC,
   b. A list of the Plaintiffs you propose to dismiss without prejudice,
   c. Plaintiffs' motion to amend with the proposed final TAC, and
   d. A proposed class certification schedule addressing discovery matters, including the remaining named Plaintiffs' outstanding discovery obligations.

Once we get your proposed motion, the final proposed TAC, and your proposal concerning discovery and the schedule, we'll provide a formal response, including any conditions we would require in order not to oppose your motion.

If we've misunderstood anything or left anything out that you believe is important, please let us know.


**Chris S. Thrutchley, SHRM-SCP | Shareholder | GableGotwals**
1100 ONEOK Plaza | 100 West 5th Street | Tulsa, OK  74103-4217 USA
(D) 918.595.4810 | (f) 918.595.4990 | www.gablelaw.com | Bio

---

 GableGotwals | Recognized as a Mosaic Top Inclusive Workplace

This message and any attachments are for the addressee(s) only and may contain privileged or confidential information. If you have received this in error, please notify me immediately and permanently delete the message and any prints or other copies. Thank you.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) ARTHUR COPELAND,<br>(2) DAVID BRANDON SPURGIN,<br>(3) BRAD MCGAHEY,<br>(4) BRANDON MILLS, and<br>(5) NATHAN TAYLOR<br><br>   Individually and on behalf<br>   of all others Similarly situated. *et. al.,*<br><br>      Plaintiffs,<br><br>v.<br><br>(1) C.A.A.I.R., Inc., a domestic not for profit corporation,<br>(2) SIMMONS FOODS, INC., a foreign for profit business corporation,<br>(3) SIMMONS PET FOOD, INC.,<br>(4) JANET WILKERSON,<br>(5) DON WILKERSON,<br>(6) LOUISE DUNHAM,<br>(7) JIM LOVELL,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO. 17-CV-00564-TCK-JFJ<br>)  [PROPOSED] CLASS ACTION<br>)  ATTORNEY LIEN CLAIMED<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO AMEND THE COMPLAINT AND**
**DISMISS CERTAIN PLAINTIFFS WITHOUT PREJUDICE**

On February 10, 2020, Judge Jayne held a Scheduling Conference and entered an Order directing Plaintiffs to file a motion either 1) for FLSA conditional certification or 2) requesting relief as to dismissal of certain Plaintiffs. (Dkt. 154). Judge Jayne also recoginized that Plaintiffs' are not entitled to a dismissal without prejudice nor to amend the Complaint as of right. (Dkt. 154). Plaintiffs' counsel held multiple meet and confer discussions with counsel for Defendants concerning Plaintiffs' proposal herein, which proposal is intended to narrow the issues in this case for

**Exhibit 6 at 6**

the parties and the Court, establish a Rule 23 certification schedule, and provide for resolving the outstanding discovery issues between the parties.

Plaitniffs' move the Court for permission to file a Third Amended Complaint. See Exhibit 1, attached hereto; Ex. 2- Redlines. The proposed Third Amended Complaint incorporates Judge Kern's ruling on Defendnats' Motion to Dismiss (Dkt. 115) and clarifies for the Court and the parties Plaintiffs' FLSA and class claims. Plaintiffs Third Amended Complaint clarifies which Plaintiffs are proceeding as named Plaintiffs herein and removing those Plaintiffs whom were only intended as FLSA opt-ins and those which counsel for Plaintiffs have been unable to secure adequate discovery responses. In conjunction therewith, Plaintiffs request the Court dismiss without prejudice the following Plaintiffs from which counsel for Plaintiffs have been unable to secure adequate discovery responses: NAMES.

Plaintiffs do not intend to move for conditional or collective certification of an FLSA class in this case. However, the remaining named Plaintiffs do intend to pursue their FLSA claims on their individual behalves and the remaining claims on an individual basis.

At the Scheduling Conference held February 10, 2020, Judge Jayne stated Plaintiffs' Second Amended Complaint appeared to propose seven separate Rule 23 classes and failed to identify the class representatives. Ex. 3- Tr. at 32:23- 35:7. The proposed Third Amended Complaint clarifies for the Court and the parties Plaintiffs' proposed Rule 23 class, the class and subclass definintions, the class claims, and the proposed class representatives for the class and subclasses. Ex. 1 at .

This clarification allows the parties to agree to a scheduling order, to be filed separately, bifurcating class certification and merits discovery and incorporating expert witness discovery for

Exhibit 6 at 7

purposes of Plaintiffs' Motion for Rule 23 Certification. This bifurcation of discovery is in the best interests of the parties because of the nature of the damages Plaintiffs seek to recover on a class basis versus on an individual basis. The proposed class representatives seek only to recover economic damages (unpaid minimum and overtime wages in addition to attendant statutory penalties, interest, attorney's fees, and costs) on behalf of the proposed Rule 23 class. Ex. 1 at . These economic damages are recoverable under all of Plaintiffs' claims, and therefore, liability as to all claims can be decided in a class trial. However, all named Plaintiffs, in a bifurcated trial, will seek to recover additional non-economic damages on their individual behalves, such as personal injury, pain and suffering, emotional distress, etc. Because of the nature of these non-economic damages, further individualized discovery and expert witness discovery will be necessary in the merits discovery phase after the Court rules on Rule 23 certification. The parties contemplate filing for a merits phase scheduling order after the Court rules on Rule 23 certification, which schedule will provide for further merits and expert discovery, dispositive motions and other pre-trial matters.

      Plaintiffs' proposed Third Amended Complaint also clarifies that the claim for Unjust Enrichment is not limited to Missouri law or only claims accruing in Missouri, but also seek Unjust Enrichment under Oklahoma and Arkansas law to the extent any claims of Plaintiffs and the class accrued within those states. Ex. 1 at. The choice of law and identification of the individual's whose claims accrued under each state's version of unjust enrichment will be addressed in Plaintiffs' Motion for Rule 23 Certification and on the merits in later motions for summary judgment.

Exhibit 6 at 8

The parties have met and conferred regarding the relief requested in this motion. During that process, Defendants agreed not oppose this motion on four conditions. After extensive negotiations, the parties were able to reach compromise agreements on three of those conditions, set forth below, on which all sides jointly stipuate:

1. That the deadline to amend the pleadings has lapsed, and that there shall be no further amendments, absent good cause and upon written order of this Court.

2. That Plaintiffs will not seek to add to or substitute their proposed class representatives, prior to an order granting class certification, except in event of a class representative's death, withdrawal (if allowed by the Court), or dismissal from the case; and

3. That Plaintiffs be required to provide verified responses and document production to all of the Defendants' outstanding discovery requests, with the exception of their Facebook archives, within 45 days of the Court's entry of the parties' Proposed Class Certification Scheduling Order, subject to the terms and conditions set forth in that proposed Order.

The parties, however, were unable to reach an agreement on Defendants' fourth condition—regarding Plaintiffs' proposed amendments to their tenth cause of action. Defendants oppose Plaintiffs' filing of the Third Amended Complaint to the extent it seeks to expand that cause of action to include claims for unjust enrichment occurring in Arkansas and Oklahoma. Defendants will file a response to this motion on that issue.  ~~Defendants oppose the Third Amended Complaint to the extent [LAGUAGE FROM D's]. Defendants will file a response to this motion.~~

> **Commented [A1]:** Mark/Dan:
> In the interest of narrowing the issues and moving things along, we've decided to go with your proposals on these two issues.
>
> **Formatted:** List Paragraph, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.75" + Indent at:  1"
>
> **Commented [A2]:** Mark:
> After looking more closely at the two motions, Chris and I see what you were talking about on the triggering event for the 45 day deadline. It makes more sense to set the triggering event as the entry of the Scheduling Order, given that the deadline appears in the schedule. Sorry for the confusion.

**Exhibit 6 at 9**

**WHEREFORE** Plaintiffs move the Court for permission to file the attached Proposed Third Amended Complaint (Ex. 1).

Dated: March 12, 2020

                               Respectfully submitted,

                               /s/ Mark A. Smith
                               Mark A. Smith, OBA #31231
                               Caruso Law Firm, P.C.
                               1325 East 15th Street, Suite 201
                               Tulsa, Oklahoma 74120
                               (918) 583-5900 phone
                               (918) 583-5902 fax
                               msmith@carusolawfirm.com

                               Daniel E. Smolen, OBA #19943
                               David A. Warta, OBA #20361
                               Robert M. Blakemore, OBA #18656
                               **SMOLEN, SMOLEN & ROYTMAN, PLLC**
                               701 S. Cincinnati Ave.
                               Tulsa, OK 74119
                               Phone (918) 585-2667
                               Fax (918) 585-2669
                               danielsmolen@ssrok.com
                               davidwarta@ssrok.com
                               bobblakemore@ssrok.com

                               *Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.

    Chris S. Thrutchley, OBA No. 15859
    John D. Russell, OBA No. 13343
    Philip D. Hixon, OBA No. 19121

Exhibit 6 at 10

Justin A. Lollman, OBA No. 32051
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street Tulsa, Oklahoma 74103-4217 Telephone: 918.595.4800
Facsimile: 918.595.4990

Amy M. Stipe, OBA No. 18361
**GABLEGOTWALS**
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: 405.235.5500
Facsimile: 405.235.2875

*Counsel for Defendants*
*Simmons Foods, Inc. and*
*Simmons Pet Food Inc.*

Denelda L. Richardson, OBA No. 20103
Randall E. Long, OBA No. 22216
Michael P. Robertson, OBA No. 32551
**RHODES HIERONYMUS JONES**
**TUCKER & GABLE, PLLC**
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
Telephone: 918.582.1173
Facsimile: 918.592.3390

*Counsel for Defendants*
*C.A.A.I.R. Inc., Jim Lovell,*
*Janet Wilkerson, and*
*Don Wilkerson*

/s   Mark A. Smith

Exhibit 6 at 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ARTHUR COPELAND,<br>(2) DAVID BRANDON SPURGIN,<br>(3) BRAD MCGAHEY,<br>(4) BRANDON MILLS, and<br>(5) NATHAN TAYLOR<br><br>   Individually and on behalf<br>   of all others Similarly situated. *et. al.,*<br><br>                Plaintiffs,<br><br>v.<br><br>(1) C.A.A.I.R., Inc., a domestic not for profit corporation,<br>(2) SIMMONS FOODS, INC., a foreign for profit business corporation,<br>(3) SIMMONS PET FOOD, INC.,<br>(4) JANET WILKERSON,<br>(5) DON WILKERSON,<br>(6) LOUISE DUNHAM,<br>(7) JIM LOVELL,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 17-CV-00564-TCK-JFJ<br>) [PROPOSED] CLASS ACTION<br>) ATTORNEY LIEN CLAIMED<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT MOTION FOR
## CLASS CERTIFICATION SCHEDULING ORDER

Pursuant to LCvR 7.2, Plaintiffs and Defendants request that the Court enter a Class Certification Scheduling Order in this case. In support of this Motion and in accordance with the requirements of the Northern District of Oklahoma, the parties state as follows:

1.     There is currently no pending Scheduling Order in this case.

2.     The parties jointly ask the Court to set deadlines for class discovery, expert witnesses, and class certification briefing, as set forth in the Proposed Order attached as Exhibit 1. The parties ask the Court to set appropriate dates for the class certification hearing in April 2021.

Exhibit 6 at 12

3.	The parties have been in engaged in written discovery but a significant number of depositions and expert discovery remain as regards class certification. The Proposed Order sets a deadline for Plaintiffs to produce documents and respond to Defendants' currently outstanding discovery requests.

4.	The parties have previously requested the following extensions, which were granted:

   a. Defendants requested a extension of their time to reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dimsiss (Dkt. 56).

   b. Plaintiffs requested a extension of their time to responde to Defendants' Motion to Strike Fraud Allegations (Dkt. 72).

   c. Plaintiffs requested a extension of their time to responde to Defendants' Motion to Compel (Dkt. 102).

   d. Defendants requested a extension of their time to respond to Plaintiffs' Motion for Protective Order (Dkt. 134).

5.	There are no current trial deadlines.

The parties therefore request that the Court approve and enter the Proposed Class Certification Scheduling Order.

Dated:  March 12, 2020

                                                 Respectfully submitted,

                                                 /s/ Mark A. Smith
                                                 Mark A. Smith, OBA #31231
                                                 Caruso Law Firm, P.C.
                                                 1325 East 15th Street, Suite 201
                                                 Tulsa, Oklahoma 74120

Exhibit 6 at 13

(918) 583-5900 phone
(918) 583-5902 fax
msmith@carusolawfirm.com

Daniel E. Smolen, OBA #19943
David A. Warta, OBA #20361
Robert M. Blakemore, OBA #18656
**SMOLEN, SMOLEN & ROYTMAN, PLLC**
701 S. Cincinnati Ave.
Tulsa, OK 74119
Phone (918) 585-2667
Fax (918) 585-2669
danielsmolen@ssrok.com
davidwarta@ssrok.com
bobblakemore@ssrok.com

*Attorneys for Plaintiffs*


Chris S. Thrutchley, OBA No. 15859
John D. Russell, OBA No. 13343
Philip D. Hixon, OBA No. 19121
Justin A. Lollman, OBA No. 32051
**GABLEGOTWALS**
1100 ONEOK Plaza
100 West Fifth Street Tulsa, Oklahoma 74103-4217
Telephone: 918.595.4800
Facsimile: 918.595.4990

Amy M. Stipe, OBA No. 18361
**GABLEGOTWALS**
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: 405.235.5500
Facsimile: 405.235.2875

*Counsel for Defendants*
*Simmons Foods, Inc. and*
*Simmons Pet Food Inc.*

Denelda L. Richardson, OBA No. 20103
Randall E. Long, OBA No. 22216
Michael P. Robertson, OBA No. 32551

Exhibit 6 at 14

**R**HODES **H**IERONYMUS **J**ONES
**T**UCKER **& G**ABLE**, PLLC**
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
Telephone: 918.582.1173
Facsimile: 918.592.3390

*Counsel for Defendants*
*C.A.A.I.R. Inc., Jim Lovell,*
*Janet Wilkerson, and*
*Don Wilkerson*

### CERTIFICATE OF SERVICE

    I hereby certify that on the 12th day of March 2020, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.

                         /s_____

Exhibit 6 at 15

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) ARTHUR COPELAND,<br>(2) DAVID BRANDON SPURGIN,<br>(3) BRAD MCGAHEY,<br>(4) BRANDON MILLS, and<br>(5) NATHAN TAYLOR<br><br>    Individually and on behalf<br>    of all others Similarly situated. *et. al.,*<br><br>              Plaintiffs,<br>v.<br><br>(1) C.A.A.I.R., Inc., a domestic not for profit corporation,<br>(2) SIMMONS FOODS, INC., a foreign for profit business corporation,<br>(3) SIMMONS PET FOOD, INC.,<br>(4) JANET WILKERSON,<br>(5) DON WILKERSON,<br>(6) LOUISE DUNHAM,<br>(7) JIM LOVELL,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 17-CV-00564-TCK-JFJ<br>) [PROPOSED] CLASS ACTION<br>) ATTORNEY LIEN CLAIMED<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PROPOSED ORDER ON JOINT MOTION FOR
CLASS CERTIFICATION SCHEDULING ORDER**

Class Certification Scheduling Order:

1. N/A    The deadline to amend the pleadings has lapsed. No parties may be added and no pleadings may be amended except for good cause and upon written Order of this Court.

2. 7-8-2020[45 Days from the Entry of this Order]    Plaintiffs shall complete and provide verified discovery responses, executed authorizations (drug court authorizations, healthcare and employment authorizations), and production of all documents responsive to all of the Defendants' outstanding discovery requests, with the exception of their Facebook archives,[1] within 45 days of this Order. Plaintiffs are warned that failure to fulfill all

---

[1] The parties have an ongoing dispute over search terms that has delayed Plaintiffs' production of their Facebook archives. The parties report that they are still working to negotiate an agreed solution. If the parties are unable to reach

Exhibit 6 at 16

such outstanding discovery obligations by this deadline will result in dismissal with prejudice, and Counsel for Plaintiffs are ordered to ensure Plaintiffs receive prompt notice of this warning.

The Court, however, will consider exceptions to this deadline and sanction for Plaintiffs who are unable to fulfill all outstanding discovery obligations due to DOC lockdowns or other unavoidable casualty. For such Plaintiffs, counsel must file a motion to extend, before the response deadline, containing the following information:

(a) the Plaintiff's name and the name and location of the facility where the Plaintiff is incarcerated or identification of the unavoidable casualty;

(b) list of all attempts to meet with and/or correspond with the Plaintiff, including the time and date of each attempt, and the reason contact was denied;

(c) an update on the status of the Plaintiff's responses—that is, how much if any has been completed, and how much remains;

(d) a proposal for a new deadline;

(e) an explanation as to why counsel believes the Plaintiff will be able to complete his discovery by the new deadline.

Defendants shall have a full opportunity to respond to and be heard on any such motion.

2. ~~Plaintiffs' Responses and Production of Documents to Defendants' currently outstanding discovery requests.~~

3. 3-19-2021    Class Certification discovery cutoff.

4. 1-29-2021    Plaintiffs' Disclosure of Expert Witnesses and Summary of Opinions.

5. 3-1-2021     Defendants' Disclosure of Expert Witnesses and Summary of Opinions.

6. 4-16-2021    Plaintiffs' Motion for Rule 23 Class Certification.

7. 5-17-2021    Defendants' Response to Motion for Rule 23 Class Certification.

8. 6-16-2021    Plaintiffs' Reply to Motion for Rule 23 Class Certification.

9. [To be set by court]    Hearing on motion for class certification.

---

an agreed solution by March 27, 2020, Plaintiffs shall file a motion for protective order on the issue. Following briefing on that motion, the Court will rule on the appropriateness of all disputed search terms and enter a final deadline for Plaintiffs' to produce their Facebook archives, subject to the same warning and conditions set forth above in paragraph 2, *supra*.

Exhibit 6 at 17

IT SO ORDERED that no date set by this Order can be changed except for good cause and upon written Order of this Court.

                                                This Order is entered this ___ day of _____, 2020.

                                                _____
                                                TERENCE C. KERN
                                                United States District Judge

Exhibit 6 at 18