## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ARTHUR COPELAND, individually and on behalf of all others similarly situated; et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No. 17-CV-564-JFH-JFJ** |
| **C.A.A.I.R., INC., a domestic not for profit corporation; et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Extend Deadline to Fully Comply with Their Discovery Obligations ("Motion to Extend") (ECF No. 181).

### I.     Procedural History

This case has an extensive procedural history, and the Court sets forth only relevant portions of that history.  In the Second Amended Complaint, forty-seven individual Plaintiffs asserted claims against several Defendants for violations of the Fair Labor Standards Act ("FLSA"); the wage laws of Oklahoma, Missouri, and Arkansas; the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"); the federal Trafficking Victims Protection Reauthorization Act ("TVPRA"); and other laws.[1]  Plaintiffs asserted all claims on behalf of themselves and others similarly situated.  Plaintiffs sought to certify an FLSA collective action, and further sought to certify seven class actions under Federal Rule of Civil Procedure 23.

In October of 2018, the Court permitted the parties to conduct discovery pending resolution of a motion to dismiss, over Plaintiffs' objection.  *See* ECF Nos. 88 (hearing minutes), 97 (order).

---

[1] For a detailed explanation of Plaintiffs' factual allegations, see *Copeland v. C.A.A.I.R., Incorporated*, No. 17-CV-564-TCK-JFJ, 2019 WL 4307125, at *1-2 (N.D. Okla. Sept. 11, 2019).

The parties exchanged written discovery.  In July of 2019, the Court granted motions to compel filed by Defendants, but the Court declined to recommend any dismissal sanctions or issue warnings regarding Plaintiffs' noncompliance with discovery obligations.  ECF Nos. 113 (hearing minutes), 114 (order).  However, the Court ordered Plaintiffs to submit a chart showing their discovery compliance within twenty days of the district judge's ruling on the motion to dismiss.  ECF No. 114.  The Court indicated that it would determine how best to proceed in setting deadlines after considering these filings.  *Id.*  In September of 2019, the district judge denied the pending motion to dismiss, permitting nearly all claims to proceed.  *See Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-TCK-JFJ, 2019 WL 4307125, at \*2 (N.D. Okla. Sept. 11, 2019).  The district judge referred scheduling issues to the undersigned.

Before reaching scheduling issues, the Court denied Plaintiffs' motion to modify a discovery agreement related to Facebook archives.  ECF No. 147.  After discussing the challenges Plaintiffs identified in obtaining this discovery from their clients, the Court stated: "While the Court will take all circumstances into account in assessing any consequences of non-compliance, the Court finds no cause to modify the discovery agreement [to produce the Facebook archives]."  *Id.* at 6.  Essentially, the Court refused to wholly excuse the obligation for every Plaintiff, as requested in that motion, but indicated it would consider each Plaintiffs' circumstances in ruling on Defendants' requests for discovery sanctions.  The Court set a scheduling conference and also set for hearing "Defendants' renewed requests for warnings and/or dismissals for non-compliance with discovery" and a motion to quash filed by CAAIR.  *Id.*

The Court conducted this hearing on February 10, 2020.  The Court and the parties extensively discussed Defendants' requested sanctions for discovery noncompliance.  During this discussion, the Court continued to express reluctance to recommend the sanction of dismissal

absent a showing of substantial noncompliance and/or a showing of prejudice by Defendants.  The

Court indicated a likelihood of dismissing those Plaintiffs' claims who had made little to no effort

to correspond with counsel or comply with written discovery.[2]

In the context of discussing discovery noncompliance and sanctions, Plaintiffs' counsel

stated:

> I'd like to have an opportunity, which is why Dennis and Mark [new counsel] have
> been brought into the case for class purposes, to make a decision of is it better just
> to drop some of these folks out without prejudice as named plaintiffs and let them
> just proceed as they would as a putative class member.
>
> . . . .
>
> [M]y thought is if you're just left with the Rule 23 classes, then I would like to
> dismiss without prejudice those named individuals that are named plaintiffs that
> were named for strategic reasons in the beginning . . . and just have it limited to
> here's this class rep and here's what, you know, they're going to represent the
> subclass and identify that to defendant.
>
> . . . .
>
> . . . I would like an opportunity in the next 30 days to make a decision do we get
> the FLSA [conditional certification motion] on file, do we dismiss some of these
> named plaintiffs and just let them proceed as what would be putative class reps.
> . . . .
>
> What I would ask is just that if we could have parties to be added or dismissed
> without prejudice by, and then do 30 days, and then also set the motion for
> conditional certification that would be due by us right around the same time.
>
> . . . If we don't file for FLSA conditional certification, and we seek to, you know,
> essentially drop the FLSA claims, I would like the opportunity to do that without
> harming these individuals . . . . So instead of forcing defendants to file motions and
> get the court involved, I would like an opportunity to just voluntarily dismiss them
> without prejudice just to speed things up.

---

[2] As discussed during the hearing, the Court previously recommended imposition of a dismissal
sanction against wholly nonresponsive plaintiffs in another FLSA case involving identical counsel.
*See Goode v. Nuance Commc'ns, Inc.*, No. 17-CV-472-GKF-JFJ, 2019 WL 6771752, at *2 (N.D.
Okla. Nov. 27, 2019), *report and recommendation adopted*, No. 17-CV-00472-GKF-JFJ, 2019
WL 9101976 (N.D. Okla. Dec. 12, 2019).

ECF No. 155 (Transcript of Feb. 10, 2020, hearing), at 52-77. In response to this surprise request, Simmons' counsel stated:

> They should not be allowed to just dismiss out these named plaintiffs at this stage of the game with impunity. . . . I want to add that we want our fees and costs for all of the work . . . regarding discovery. They were never transparent with us at that stage of the case that was some possibility they were going to completely remake the scope and nature of this case. We would have loved to have entertained that way back in early 2018.

Id. at 78. Defendants stated their unwillingness to agree to dismissal without prejudice of any claims. *Id.* at 81.

Despite the lateness of this request and despite frustration with Plaintiffs' counsel's indecision about how best to prosecute the case, the Court granted Plaintiffs thirty days to make the election discussed at the hearing between proceeding with an FLSA collective action, or seeking dismissal of any Plaintiffs or claims. The Court did so, in part, with hopes of streamlining discovery, streamlining any future trial proceedings, and avoiding needless deposition discovery of Plaintiffs who preferred to forego individual claims (FLSA or otherwise) and participate solely as absent class members. The Court agreed with Defendants, however, that Plaintiffs were out of time to voluntarily dismiss any claims without prejudice under Rule 41(a)(1), and that a Court order was required for any dismissal. The Court therefore required Plaintiffs to seek any dismissal by motion, and stated that Defendants would have the opportunity to be heard as to the proper terms, conditions, and legal effect of any dismissal. The Court required a meet and confer before Plaintiffs filed either motion, to determine whether any agreements could be reached or issues narrowed. *See* ECF No. 154.

On March 12, 2020, Plaintiffs filed a partially unopposed motion for leave to file a Third Amended Complaint ("TAC") and to Dismiss Certain Plaintiffs Without Prejudice. ECF No. 159. This motion reflected a new amendment that was neither discussed at the hearing nor contemplated

by the Court's Order.  Under this agreement, nine Plaintiffs would be dismissed without prejudice.

Fifty-five Plaintiffs would seek all previously asserted claims as individuals, including FLSA

claims.  However, Plaintiffs would not seek collective certification of the FLSA action.  Six of

these Plaintiffs would also assert their claims on behalf of others similarly situated and seek to

serve as class representatives for the Rule 23 class.  The joint motion explained:

> This clarification allows the parties to agree to a scheduling order, to be filed
> separately, bifurcating class certification and merits discovery and incorporating
> expert witness discovery for purposes of Plaintiffs' Motion for Rule 23
> Certification.  This bifurcation of discovery is in the best interests of the parties
> because of the nature of the damages Plaintiffs seek to recover on a class basis
> versus on an individual basis.  The proposed class representatives seek only to
> recover economic damages (unpaid minimum and overtime wages in addition to
> attendant statutory penalties, interest, attorney's fees, and costs) on behalf of the
> proposed Rule 23 class.  Ex. 1 at ¶ 219.  These economic damages are recoverable
> under all of Plaintiffs' claims, and therefore, liability as to all claims can be decided
> in a class trial.  However, all named Plaintiffs, in a bifurcated trial, will seek to
> recover additional non-economic damages on their individual behalves, such as
> personal injury, pain and suffering, emotional distress, etc.  Ex. 1 at ¶ 218. Because
> of the nature of these non-economic damages, further individualized discovery and
> expert witness discovery will be necessary in the merits discovery phase after the
> Court rules on Rule 23 certification.  The parties contemplate filing for a merits
> phase scheduling order after the Court rules on Rule 23 certification, which
> schedule will provide for further merits and expert discovery, dispositive motions
> and other pre-trial matters.

ECF No. 159 at 3-4.

Prior to filing this joint motion, the parties negotiated as ordered by the Court.  When

Plaintiffs proposed this new plan, Defendants agreed to permit Plaintiffs to file the TAC on four

conditions.  One condition related to Defendants' pending request for dismissal of certain Plaintiffs

as a discovery sanction pursuant to Rule 37(b), which had been an issue in the litigation for a

considerable time.  After extensive negotiations, Plaintiffs agreed to the following language to be

included as the second numbered paragraph in the agreed Class Certification Scheduling Order

("CCSO"):

2.  5/8/2020 Plaintiffs shall complete and provide verified discovery responses, executed authorizations (drug court authorizations, healthcare and employment authorizations), and production of all documents responsive to all of the Defendants' outstanding discovery requests, with the exception of their Facebook archives, [footnote 1] within 45 days of this Order.

Plaintiffs are warned that failure to fulfill all such outstanding discovery obligations by this deadline will result in dismissal with prejudice, and Counsel for Plaintiffs are ordered to ensure Plaintiffs receive prompt notice of this warning.

**The Court, however, will consider exceptions to this deadline and sanction for Plaintiffs who are unable to fulfill all outstanding discovery obligations due to DOC lockdowns or other unavoidable casualty.** For such Plaintiffs, Plaintiffs' counsel must file a motion to extend, before the response deadline, containing the following information:

> (a) the Plaintiff's name and the name and location of the facility where the Plaintiff is incarcerated or identification of the unavoidable casualty;
> (b) list of all attempts to meet with and/or correspond with the Plaintiff, including the time and date of each attempt, and the reason contact was denied;
> (c) an update on the status of the Plaintiff's responses—that is, how much if any has been completed, and how much remains;
> (d) a proposal for a new deadline;
> (e) an explanation as to why counsel believes the Plaintiff will be able to complete his discovery by the new deadline.

Defendants shall have a full opportunity to respond to and be heard on any such motion.

ECF No. 163 at 1-2.  Footnote 1 provided:

The parties have an ongoing dispute over search terms that has delayed Plaintiffs' production of their Facebook archives. The parties report that they are still working to negotiate an agreed solution. If the parties are unable to reach an agreed solution by March 27, 2020, Plaintiffs shall file a motion for protective order on the issue. Following briefing on that motion, the Court will rule on the appropriateness of all disputed search terms and enter a final deadline for Plaintiffs' to produce their Facebook archives, subject to the same warning and conditions set forth above in paragraph 2, supra.

*Id.*

On April 9, 2020, the parties filed a Joint Notice Advising the Court of Discovery Agreement (ECF No. 172) related to the production method of Plaintiffs' Facebook archives discussed in footnote 1 of the CCSO.  Like other discovery, the Facebook archives would be due on May 8, 2020, and subject to "the same warning, conditions, sanctions, and exceptions set forth in paragraph 2 of the CCSO."  ECF No. 172.  On May 11, 2020, the Court granted an extension for all Plaintiffs to complete discovery until June 8, 2020, based on the closing of Plaintiffs' counsel's office and the COVID pandemic, which Defendants did not oppose.  In their response, Defendants stated that Plaintiffs had requested thirty days "with the COVID pandemic in mind and, thus, going forward, should not need a further extension for the same reason."  ECF No. 178.

On June 7, 2020, Plaintiffs filed the currently pending motion seeking an extension of the June 8, 2020, deadline for twenty Plaintiffs under the "exceptions" paragraph in the CCSO. Defendants not only objected to any extension but also sought dismissal with prejudice of those 20 Plaintiffs, plus 34 additional Plaintiffs.  In their reply, Plaintiffs argued that extensions for those 20 were proper, and that the other 34 were fully in compliance or that any noncompliance was trivial.  Surprisingly, Plaintiffs also argued the CCSO *did not contain any agreed sanction*, that the Court retained discretion as to whether dismissal of any Plaintiffs would be with or without prejudice, and that the Court should fully consider the factors in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), prior to dismissing any Plaintiffs.  In a surreply permitted by the Court, Defendants argued: (1) the parties clearly agreed to dismissal with prejudice as a discovery sanction; (2) the parties agreed to a full-compliance standard, rather than a substantial compliance standard; and (3) the Court lacked discretion to ease or lessen the agreed sanction or the level of compliance required.  The briefing reflected a disconnect between the parties' understanding of the CCSO.

The Court conducted oral argument on the Motion to Extend, primarily for the purpose of exploring the disconnect in the parties' competing views of their agreement.  Plaintiffs' counsel explained they viewed the "will be dismissed with prejudice" language as merely a warning of the most severe sanction possible and not a "self-executing" sanction that stripped the Court of discretion in the event of noncompliance with its terms.   Plaintiffs' counsel also explained they did not seek extensions for the other 34 Plaintiffs, because they did not believe Defendants deemed those Plaintiffs "noncompliant."  This belief was based on a chart provided by Defendant to the Court at the February 10, 2020, hearing, and provided to Plaintiffs during negotiations leading to the CCSO.  Defendants argued the agreed sanction was clear and unambiguous and that the language of the agreed CCSO extending to "all discovery obligations" rendered the former chart obsolete.  The Court ordered and/or permitted submission of all correspondence between the Court's February 11, 2020, order (ECF No. 154) and the parties' March 12, 2020, motions reflecting their agreements on amendment and scheduling (ECF No. 159, 160).

In this Opinion and Order, the Court decides only those discrete issues presented by the Motion to Extend.  For procedural clarity, the Court will require Defendants to separately file a motion to dismiss any Plaintiffs deemed noncompliant, in light of the Court's ruling on the Motion to Extend.  The Court will decide disputed issues regarding the CCSO's sanction provision, which were the primary focus of the July 27, 2020, hearing, in a subsequent order or recommendation.

## II.    Analysis

Although the CCSO imposes a specific deadline, it permits exceptions.  Plaintiffs may file a motion to extend the agreed deadline for plaintiffs "who are unable to fulfill all outstanding

discovery obligations due to DOC lockdowns or other unavoidable casualty."[3]   The Court interprets "DOC lockdowns" as specific circumstances at the place of incarceration making it unusually difficult or impossible to communicate with incarcerated Plaintiffs.  The Court interprets "unavoidable casualty" as "an event or accident which human prudence, foresight, and sagacity cannot prevent." *Black's Law Dictionary* 1366 (5th ed. 1981).  *See also Tedford v. Divine*, 734 P.2d 283, 285 (Okla. 1987) (defining "unavoidable casualty" as "acts or events which human prudence, foresight and sagacity could not prevent such as sickness and death, miscarriage in the mails and mistake in the wording of a telegram").

### A.    Plaintiff's Motion is Moot for Certain Plaintiffs

During the hearing held July 24, 2020, Plaintiffs conceded dismissal was proper under the CCSO for the following Plaintiffs: (1) Keith Alspaugh; (2) Johnny Gilmore; (3) Duane Moss; (4) Gilbert Sanders; (5) Jerry Wall; and (6) Jason Vallandingham. Of these, Gilmore and Vallandingham sought extensions.  Therefore, the Court finds moot the motions for extensions filed by Gilmore and Vallandingham.

### B.    "Unavoidable Casualty" Does Not Apply – General Difficulty Contacting Plaintiffs

The following Plaintiffs, who are not in DOC custody, failed to demonstrate that their noncompliance is due to "unavoidable casualty," *i.e.*, unforeseeable circumstances: (1) Stanley Alexander; (2) Jesse Brown; (3) Caleb Byrd; (4) Michael Greenhaw; (5) Jarret Jones; and (6) Brian Pearson.  Instead, these Plaintiffs' noncompliance was due to counsel's inability to reach them

---

[3] In their briefs, Plaintiffs argue that the Order "also provided that if certain Plaintiffs were unable to fully comply *for any reason*, Plaintiffs' counsel must file a motion to extend . . . ."  ECF No. 181 at 1.  This is a blatant mischaracterization of critical language in the CCSO and is insulting to the undersigned's ability to read.

and/or Plaintiffs' inability to stay in contact with their attorneys for various personal reasons. Specifically:

- Stanley Alexander's phone was disconnected and he suffers from mental illness.

- Jesse Brown, Caleb Byrd, and Michael Greenhaw changed phone numbers without notifying counsel, and counsel has been unable to reach them at any new phone number.

- Jarret Jones's voicemail system was not working.

- Brian Pearson did not respond to voicemails, and counsel has since located him at a rehabilitation facility.

These communications difficulties were known or foreseeable to counsel when they agreed to the deadlines in the CCSO.  No further extensions are available for these Plaintiffs.

> **C.**      **"Unavoidable Casualty" Does Not Apply - Facebook Login/Password Issue or Other Technical Difficulties**

The following Plaintiffs have been able to communicate with their lawyers, but they have not provided their Facebook archive due to technical difficulties: (1) Cody Bumpas; (2) Kenny Gentry; (3) Raphael Grajeda; (4) Ikaika Kamai; (5)Thomas Rico; and (6) Nathan Turner.  Counsel explains these Plaintiffs do not know their login information and/or password, or they have other technical difficulties with providing their Facebook archive.  These Plaintiffs may be completely locked out of their accounts, and counsel would likely need to resort to a subpoena on Facebook to obtain the archives.  However, Plaintiffs had ample time to explore their ability to access and download their Facebook archives, and Plaintiffs' counsel has long been on notice of the potential need to subpoena Facebook to obtain the necessary files to fulfill their discovery obligations.

Despite having agreed to produce their Facebook archives on November 6, 2018 (ECF No. 90), and despite being aware of the Court's denial of the motion to modify since January 31, 2020

(ECF No. 147), certain Plaintiffs did not attempt to download their Facebook archive until late May or early June 2020, which allowed for almost no opportunity to address any technical or password issues.  Specifically, Thomas Rico communicated with Plaintiffs' counsel between May 27 and June 4, 2020, but experienced unspecified "technological issues" in downloading the archive; and Nathan Turner attempted to download his archive on June 4, 2020, but did not know his password.  These unexplained delays in attempting to download the archives do not constitute an "unavoidable casualty."

Moreover, on April 9, 2020, when the parties filed a joint notice advising the Court of their discovery agreement  (ECF No. 172), Plaintiffs' counsel specifically agreed to produce Plaintiffs' Facebook archives by the agreed deadline, even though Plaintiffs' counsel had already become aware of the possibility that certain Plaintiffs were locked out of their accounts.  Specifically:

- Cody Bumpas informed Plaintiffs' counsel on April 8, 2020, that he was locked out of his Facebook account.

- Raphael Grajeda was having "technological issues" with retrieving his Facebook archive as of April 8, 2020.

- Kenny Gentry did not return counsel's call on April 8, 2020, regarding his Facebook archive, and later gave counsel incorrect login information.

- Ikaika Kamai experienced "numerous technological issues" with accessing his Facebook archive but has had "numerous conversations" with Plaintiffs' counsel in the past months prior to June 2020.

Plaintiffs' counsel cannot reasonably argue that these circumstances, of which they well aware at the time they agreed to produce the Facebook archives by a date certain, were unforeseen.  As a result, the undersigned does not consider the inability to access Facebook or other "technological

issues" to be an "unavoidable casualty," and no extension is available for the following Plaintiffs: (1) Cody Bumpas; (2) Kenny Gentry; (3) Raphael Grajeda; (4) Ikaika Kamai; (5)Thomas Rico; (6) Nathan Turner.

**D.    "DOC Lockdown" and "Unavoidable Casualty" Exceptions Do Not Apply – Incarcerated Plaintiffs**

According to Plaintiffs' counsel, the following Plaintiffs are currently incarcerated: (1) Arthur Copeland; (2) Jackie Johnson; (3) Caleb Kleier; (4) Jason Miqueli; (5) Daniel West; and (6) De'Undre Woodard.  Counsel explains that these Plaintiffs have not produced various discovery responses due to delays in counsel's discovering their incarceration and difficulties in responding to the discovery requests while incarcerated.  Plaintiff's counsel does not represent that any of these Plaintiffs have been subject to a "lockdown" of any kind, only that there have been delays in obtaining responses from these Plaintiffs via mail or telephone.

The Court does not find that the "DOC lockdown" or "unavoidable casualty" exception applies to any of these six Plaintiffs.  In each case, Plaintiffs' counsel had ample opportunity and time to contact the Plaintiffs and learn their incarcerated status, yet counsel delayed until May or June of this year to send out discovery requests to these Plaintiffs.  Specifically:

- Plaintiffs' counsel state they learned on May 7, 2020, that Arthur Copeland was incarcerated, yet they delayed until June 1, 2020, to mail the discovery requests to Copeland.

- Plaintiffs' counsel had apparently contacted Plaintiffs Jackie Johnson and Caleb Kleier, but counsel had not yet mailed them the missing discovery requests as of June 7, 2020.  Counsel state they plan to mail the discovery requests to Johnson and Kleier on June 8, 2020 – the day the responses are due.

12

- Plaintiffs' counsel do not indicate whether they have contacted Plaintiffs Daniel West and De'Undre Woodard. Counsel state they plan to mail the missing discovery requests to them on June 8, 2020 – the day the responses are due.

- Plaintiff Jason Miqueli could not remember his Facebook password and was unable to access his Facebook archive at David L. Moss jail. Plaintiffs' counsel do not state when they contacted Miqueli, and they give no specific proposal for obtaining Miqueli's Facebook archive.

Other than general difficulties in communicating with incarcerated Plaintiffs and expected typical delays in obtaining items via mail from these Plaintiffs, counsel express no specific "lockdown" circumstances at these Plaintiffs' places of incarceration that would fall into this exception. Rather, Plaintiffs' counsel plainly delayed in contacting these Plaintiffs, who were known in some cases to have a history of incarceration. Plaintiffs' counsel also state no circumstances that would qualify as an "unavoidable casualty." Accordingly, no extension of time to comply with the discovery schedule is available for these Plaintiffs.

## III.   Conclusion

In this case, Plaintiffs' generally challenging circumstances, such as being difficult to locate, not having working phones, and not having ready access to their Facebook archives, do not constitute unavoidable casualty. Those same challenging circumstances, along with the delay in entering a scheduling order, already resulted in the Court giving these Plaintiffs and their lawyers nearly two years to comply with their written discovery obligations before this agreed deadline was reached. The Court has been more than generous with Plaintiffs in granting discovery extensions and even granted their request to put the litigation on hold for thirty days to decide how to proceed, in light of challenges in obtaining discovery from the Plaintiffs. Upon entry of the

CCSO, Plaintiffs agreed to hard deadlines absent specifically defined exceptions. Plaintiffs failed to show these exceptions apply, and the final deadline for compliance by all Plaintiffs was June 8, 2020. Any discovery received after that deadline will not be considered for purposes of the Court's analysis of Plaintiff's compliance efforts.

Accordingly, the Court finds that no extension of the discovery deadline is available to any of the Plaintiffs for whom an extension is requested. The Motion to Extend Deadline (ECF No. 181) is **DENIED in part and MOOT in part.** The Motion to Extend Deadline is **DENIED** as to the following Plaintiffs: (1) Stanley Alexander; (2) Jesse Brown; (3) Cody Bumpas; (4) Caleb Byrd; (5) Arthur Copeland; (6) Kenny Gentry; (7) Raphael Grajeda; (8) Michael Greenhaw; (9) Jackie Johnson; (10) Jarret Jones; (11) Ikaika Kamai; (12) Caleb Kleier; (13) Jason Miqueli; (14) Brian Pearson; (15) Thomas Rico; (16) Nathan Turner; (17) Daniel West; and (18) De'Undre Woodard. Further, based on Plaintiffs' counsel's statements at the July 27, 2020, hearing, the Motion to Extend Deadline is **MOOT** as to Plaintiffs Johnny Gilmore and Jason Vallandingham.

Defendants' requests for dismissal based on noncompliance with the CCSO are extensively briefed in the Motion to Extend, and the Court conducted a hearing on these issues. But the current record is convoluted. For procedural clarity, Defendants are ordered to file a motion seeking their requested relief as to specific Plaintiffs deemed noncompliant with the terms of the CCSO, based on the Court's ruling herein, no later than September 18, 2020. Plaintiffs shall respond by September 25, 2020. No reply shall be permitted unless permitted by the Court. All parties may incorporate prior briefs.

**SO ORDERED** this 11th day of September, 2020.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT