IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR COPELAND, individually and on behalf of all others similarly situated; et al., **Plaintiffs,** v. C.A.A.I.R., INC., a domestic not for profit corporation; et al., **Defendants.** | Case No. 17-CV-564-SEH-JFJ |

## OPINION AND ORDER

Defendants Simmons Foods, Inc. and Simmons Pet Food, Inc. (together, "Defendants") move for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (the "12(c) Motion"). [ECF No. 165]. Defendants seek judgment in their favor as to Plaintiffs' Missouri unjust enrichment claim only. Defendants assert that judgment should be entered in their favor because the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, preempts the unjust enrichment claim.[1] The 12(c) Motion is fully briefed and ripe for decision. For the reasons stated below, the 12(c) Motion is DENIED.

---

[1] Defendants also raise several other arguments as to why Plaintiffs' unjust enrichment claim is deficient. [ECF No. 175]. These arguments were raised for the first time in the reply brief. The only basis for judgment on the pleadings that Defendants develop in the 12(c) Motion itself is the argument that the FLSA preempts Plaintiffs' unjust enrichment claim. Because all arguments other than those related to FLSA preemption were raised for the first time in the reply brief, Defendants have waived those issues. *Pamela D.T. v. O'Malley*, No. 4:23-cv-62-CDL,

I.  Background

   A. Procedural Background

On March 12, 2020, Plaintiffs filed a motion for leave to file a third amended complaint. [ECF No. 159]. Two weeks later, Defendants filed the 12(c) Motion and a response to the motion to file a third amended complaint. [ECF Nos. 164, 165]. While the 12(c) motion was pending, United States Magistrate Judge Jodi Jayne filed a report and recommendation, in which she recommended that Plaintiffs be allowed to file a third amended complaint, but with the limitation that the unjust enrichment claim should only be brought under Missouri law, not Arkansas or Oklahoma law. [ECF No. 180 at 3–5]. Before the Court adopted Judge Jayne's Report and Recommendation, Plaintiffs filed the Third Amended Complaint on July 7, 2020. [ECF No. 193]. The Court adopted Judge Jayne's report and recommendation on July 22, 2020. [ECF No. 208].

Ordinarily, the 12(c) Motion would be denied as moot because an amended complaint was filed after the motion was filed. *See Manning v. City of Tulsa*, No. 17-cv-336-EFM-SH, 2023 WL 11643939, at *1 (N.D. Okla. Feb. 9, 2023) (noting that motions to dismiss were "rendered moot by successive Amended Complaints filed by Plaintiff."); *see also Durant HMA Physician Management,*

---

2024 WL 1381779, at *6 (N.D. Okla. Mar. 31, 2024) (citations and quotations omitted). The Court will only address the preemption issue.

*LLC v. Kureshi*, No. 21-CV-00083-JWD, 2021 WL 6072902, at *3 (E.D. Okla. Nov. 2, 2021) (denying a motion for judgment on the pleadings as moot after granting leave for the plaintiff to file an amended complaint). However, "as with most general rules, context matters." *Bird v. Easton*, 859 F. App'x 299, 302 (10th Cir. 2021) (mem). The claim in the Second Amended Complaint[2] that the 12(c) Motion is directed at (the tenth cause of action for unjust enrichment under Missouri law), is functionally equivalent to the tenth cause of action in the Third Amended Complaint because both are for unjust enrichment under Missouri law. *Compare* [ECF No. 42 at 26–27] *with* [ECF No. 193 at 37–38].

In the Court's view, dismissing the 12(c) Motion as moot would "exalt form over substance" to the detriment of all involved in this case. *Bird*, 859 F. App'x at 302 (quoting 6 Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1476 (3d ed.) (Apr. 2021 Update)). The crux of Defendants' argument in the 12(c) Motion is that the FLSA preempts Plaintiffs' Missouri unjust enrichment claim. [ECF No. 165 at 3–4]. Because Plaintiffs stay the course in the Third Amended Complaint with their tenth cause of action, nothing changes the fundamental challenge presented by Defendants in the

---

[2] There are two filings titled "Second Amended Complaint." [ECF Nos. 16, 42]. The document filed at [ECF No. 42] is the proper Second Amended Complaint. *See generally* [ECF No. 43].

3

12(c) Motion. Because the same legal issue remains, the Court will not require Defendants to refile their motion, and the Court will address the merits of the motion as applied to the tenth cause of action in the Third Amended Complaint. *See McDaniel v. Legend Energy Services, LLC*, No. CIV-20-1278-R, 2021 WL 535862, at *1 (W.D. Okla. Feb. 12, 2021).

### B. Factual Allegations

The factual allegations in this case have been summarized and repeated many times over, so the Court will limit its recitation to only those that are relevant to the 12(c) Motion. Of course, the Court does not make any factual findings at this stage. Rather, the Court will recite the facts as they are alleged in the Third Amended Complaint solely for purposes of evaluating the 12(c) Motion. Plaintiffs were residents of the Christian Alcoholics and Addicts in Recovery's ("CAAIR") dormitories in Jay, Oklahoma. [ECF No. 193 at 4]. CAAIR "holds itself out as a long-term residential drug and alcohol recovery program." [*Id.* at 8]. Plaintiffs were told that CAAIR was a drug treatment program, but they were instead put to work for Defendants. [*Id.* at 9–23]. Plaintiffs further allege that that Defendants did not pay them wages for the hours they worked, and that Defendants were unjustly enriched by the monetary benefits of Plaintiffs' unpaid work. [*Id.* at 37–38].

## II. Discussion

### A. Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are evaluated the same way as Rule 12(b)(6) motions. *Dyno Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023); *Sheridan v. Unifi Aviation, LLC*, No. 23-cv-00444-SH, 2024 WL 2864032, at *3 (N.D. Okla. June 6, 2024).

To avoid dismissal or judgment on the pleadings, Plaintiffs "must plead sufficient factual allegations to state a claim to relief that is plausible on its face." *Sheridan*, 2024 WL 2864032, at *3 (internal quotation marks omitted) (quoting *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104 (10th Cir. 2017)). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Dyno Nobel*, 85 F.4th at 1025 (citation and internal quotation marks omitted). The Court will "resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief." *Id.* (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013)). Judgment on the pleadings will be entered when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to

judgment as a matter of law." *Sheridan*, 2024 WL 2864032, at *3 (citations omitted).

## B. Preemption Framework

The United States "Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, *shall be the supreme Law of the Land*; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI, cl. 2 (emphasis added). If a "federal law 'imposes restrictions or confers rights on private actors' and 'a state law confers rights or imposes restrictions that conflict with the federal law,' 'the federal law takes precedence and the state law is preempted.'" *Kansas v. Garcia*, 589 U.S. 191, 202 (2020) (quoting *Murphy v. National Collegiate Athletic Assn.*, 584 U.S. 453, 477 (2018)).

State law is preempted under the Supremacy Clause in three circumstances. *In re: MDL 2700 Genentech Herceptin (Trastuzumab) Marketing and Sales Practice Litigation*, 960 F.3d 1210, 1224 (10th Cir. 2020) (quoting *English v. Gen. Elec. Co.*, 496 U.S. 72, 78 (1990)). "**First**, Congress can define explicitly the extent to which its enactments pre-empt state law." *Id*. (emphasis added). In other words, the text of a federal statue can define the scope of preemption for specific issues or topics.

"***Second***, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *Id*. (emphasis added). "Complete" or "field" preemption is rare because it is extreme. Some examples of field preemption recognized by the Supreme Court include: § 301 of the Labor Management Relations Act of 1947 ("LMRA"), § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), and actions for usury against national banks under the National Bank Act. *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1204–05 (10th Cir. 2012) (citations omitted). Because field preemption is extreme, "the Supreme Court has warned that complete preemption should not be 'lightly implied.'" *Id*. at 1205 (quoting *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 752 (1983) (Brennan, J., concurring)). Complete preemption claims require a two-step analysis. *Id*. The Court first asks "whether Congress intended to allow removal in such a case, as manifested by the provision of a federal cause of action to enforce the federal regulation." *Id*. Then, the Court asks "whether the federal regulation at issue preempts the state law relied on by the plaintiff." *Id*.

***Third***, "state law is pre-empted to the extent that it actually conflicts with federal law." *In re: MDL 2700 Genentech Herceptin (Trastuzumab) Marketing and Sales Practice Litigation,* 960 F.3d at 1224 (10th Cir. 2020). This

7

happens "where it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id*. This type of preemption is usually referred to as "obstacle" or "conflict" preemption. "In deciding whether obstacle pre-emption applies in a given case, a court must 'consider the relationship between state and federal laws as they are interpreted and applied, not merely as they are written.'" *Id*. at 1230 (quoting *Jones v. Rath Packing Co*, 430 U.S. 519, 526 (1977)).

In addition to the analytical frameworks for each type of preemption, there are two cornerstones to a court's pre-emption analysis. "First, the purpose of Congress is the ultimate touchstone in every pre-emption case." *In re: MDL 2700 Genentech Herceptin (Trastuzumab) Marketing and Sales Practice Litigation,* 960 F.3d at 1224 (10th Cir. 2020) (quoting *Wyeth v. Levine*, 555 U.S. 555, 565 (2009)). Second, "in all pre-emption cases, and particularly in those in which Congress has legislated … in a field which the States have traditionally occupied, … a court starts with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Id*. at 1224–25 (cleaned up).

**C. Plaintiffs' Missouri Unjust Enrichment Claim**

Defendants do not argue that the FLSA explicitly preempts state law claims. Nor do they argue that the FLSA completely preempts state law claims. Indeed, the FLSA contains "a savings clause that permits states to enact laws providing more generous benefits than the FLSA." *Mickle v. Wellman Products LLC*, No. 08–CV–0297–CVE–PJC, 2008 WL 3925266, at *3–4 (N.D. Okla. Aug. 20, 2008). (citing 29 U.S.C. § 218(a)). Therefore, the only way for Defendants to prevail under Rule 12(c) is under a theory of conflict preemption. The Court is unpersuaded that the unjust enrichment claim conflicts with the FLSA.

Defendants fail to cite any binding Tenth Circuit precedent that shows unjust enrichment claims are preempted by the FLSA, and the Court is not aware of any such authority. Instead, Defendants cite several cases to support their proposition that "courts routinely dismiss unjust enrichment claims seeking back-pay for wages withheld in violation of the FLSA," [ECF No. 165 at 4], primarily relying on *Mickle* and *Tommey v. Computer Sciences Corp.*, No. 11–cv–02214–EFM–GLR, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013). [ECF No. 165 at 3-4]. In *Mickle*, the court reasoned that "[i]f a plaintiff's common law claims are merely duplicative of the remedies provided by the FLSA, the common law claims are preempted." 2008 WL 3925266, at *3 (citing *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir.

9

2007)). The court in *Mickle* did not explain what theory of preemption supported this conclusion, but it relied on the *Anderson* case. In *Anderson*, the Fourth Circuit determined that certain "contract, negligence, and fraud claims are precluded under a theory of [conflict] preemption." 508 F.3d at 194. In the Fourth Circuit's view, those claims were preempted because "the FLSA's enforcement scheme is an exclusive one." *Id.* In *Tommey*, the court similarly concluded that an unjust enrichment claim was "duplicative of Plaintiff's FLSA claim and therefore preempted by" the FLSA. 2013 WL 1000659, at *3.

However, several Missouri federal district courts have come out the other way on this issue. *Lewis v. MHM Health Professionals, LLC*, No. 4:22-cv-00228-SEP, 2023 WL 6389088, at *9 (E.D. Mo. Sep. 30, 2023) (finding that Arizona state wage laws do not conflict with the FLSA because they merely "augment" the FLSA's protections, and that the "FLSA does not preempt Plaintiff's unjust enrichment claim" "for the same reasons."); *Robertson v. LTS Mgmt. Servs. LLC*, 642 F. Supp. 2d 922, 928 (W.D. Mo. 2008) (reasoning that even if state law claims were duplicative, the FLSA does not preempt them "particularly when the FLSA contains a savings clause.").

The Court is not persuaded that following *Mickle*, *Anderson*, and *Tommey* is the correct path. For Defendants to win the preemption argument, it must be under a theory of conflict preemption for the reasons explained above.

10

Fundamentally, then, Defendants need to show that the unjust enrichment claim "actually conflicts with" the FLSA. *See In re: MDL 2700 Genentech Herceptin (Trastuzumab) Marketing and Sales Practice Litigation*, 960 F.3d at 1224 (citation omitted). To determine whether a conflict exists for preemption purposes, the Court must determine whether "it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id*. The Court must also "consider the relationship between state and federal laws as they are interpreted and applied, not merely as they are written." *Id*. at 1230.

The Court does not see any conflict between the FLSA and Plaintiffs unjust enrichment claim. The FLSA (in simplified terms) sets a floor for the amount an employee must be paid and a ceiling for the number of hours an employee can work before an employee is entitled to overtime wages. To establish the unjust enrichment claim under Missouri law, Plaintiffs must show: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." *Guerrero v. Henkel Corp.*, No. 24-cv-00057-SRC, 2024 WL 2769745, at *9 (E.D. Mo. May 30, 2024) (quoting *Binkley v. Am. Equity Mortg., Inc.*, 447 S.W.3d 194, 199 (Mo. 2014)). In their unjust enrichment claim, Plaintiffs are seeking payment for

11

"wages for their hours worked," and they allege "Defendants thus knowingly and willingly obtained monetary benefits to which they were not entitled." [*Id*. at 38]. At a basic level, Plaintiffs seek to accomplish very similar, if not overlapping, goals with their FLSA and unjust enrichment claims.

In the Court's view, that does not mean a conflict exists. The Missouri unjust enrichment scheme does not lower the floor for employee wages or increase the number of hours an employee needs to work to earn overtime wages. Nor does this scheme interfere with FLSA enforcement efforts. Rather, the FLSA and unjust enrichment claims are different tools that can be used to accomplish similar goals. Of course, however, Plaintiffs are not entitled to double recovery for the same injury. *See Davenport v. Charter Communications, LLC*, No. 4:12CV00007 AGF, 2012 WL 5050580, at *3 (E.D. Mo. Oct. 18, 2012).

### III. Conclusion

For the reasons stated above, the 12(c) Motion, [ECF No. 165], is hereby DENIED.

**IT IS SO ORDERED** this 26th day of July, 2024.

*Sara E. Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE